Hannah C. Irsfeld, Esq. (#5376)
Barbara I. Johnston, Esq. (#3748)
IRSFELD & ASSOCIATES, LLC.
1700 West Horizon Ridge Parkway, Suite 206
Henderson, NV 89012
(702) 734-0400
 (702) 734-0441 Fax
Attorneys for Defendants
EDWARD GUTZMAN, III and
GEIII, LLC, a/k/a GE III, LLC, a
Nevada Limited Liability Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, a Nevada limited partnership; LORI C. KABINS, as trustee for the LORI C. KABINS SEPARATE PROPERTY TRUST, a Nevada trust, | ) Case No.: 2:09-CV-1125 ) ) ) |
| Plaintiffs, | ) DEFENDANTS EDWARD ) GUTZMAN, III and ) GEIII, LLC, a/k/a GE III, LLC'S ) MOTION TO DISMISS |
| v. | ) PLAINTIFFS' COMPLAINT ) PURSUANT TO FRCP 12(b)(6), ) FRCP 8(a)(2); and FRCP 9(b) |
| CHAIN CONSORTIUM, a Nevada general partnership; 3900, LLC, a Nevada limited-liability company; 99TH & INDIAN SCHOOL, LLC, a Nevada limited-liability company; 99TH & INDIAN SCHOOL MANAGEMENT, LLC, a Nevada limited-liability company; BENESSERE, LLC, a Nevada limited-liability company; BENESSERE MANAGEMENT, LLC, a Nevada limited-liability company; TODD W. BERGMAN, an individual; BUCKEYE CANAMEX 77 ONE, LLC, a Nevada limited-liability company; BUCKEYE 80 WEST THREE, LLC, a Nevada limited-liability company; CAPRI I, LLC, a Nevada limited-liability company; CAPRI II, LLC, a Nevada limited-liability company; JEFF CHAIN, an individual; LINDA CHAIN, an individual; JEFF AND LINDA CHAIN, as trustees for the JEFF & LINDA CHAIN FAMILY TRUST, a Nevada trust; CIPRIANI, LLC, a Nevada limited-liability company; CIPRIANI MANAGEMENT, LLC, a Nevada limited-liability company; COTTONWOOD RETAIL, LLC, a Nevada | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

1

limited-liability company; GEIII, LLC, also known )
as GE III, LLC, a Nevada limited-liability company; )
GILA BEND 384, LLC, a Nevada limited-liability )
company; EDWARD GUTZMAN III, an )
individual; INNOVATIVE ASSETS, LLC, a )
Nevada limited-liability company; J. MATTHEW )
KAMMEYER, an individual; KAN )
INVESTMENTS, LLC, a Nevada limited-liability )
company; GABRIEL MARTINEZ, ESQ, an )
individual; MICHAEL'S PLAZA, LLC, a Nevada )
limited-liability company; MILLENNIUM )
CONSTRUCTION, INC. doing business as MCI, a )
Nevada corporation; MILLENNIUM )
COMMERCIAL PROPERTIES, LLC, a Nevada )
limited-liability company; MILLENNIUM )
PROPERTIES & DEVELOPMENT, INC. a )
Nevada corporation; MODERN MANAGEMENT, )
INC. a Nevada corporation; PHOENIX 83RD, )
LLC, a Nevada limited-liability company; ALLYN F. )
POVILAITIS, also known as ALLYN F. )
POVILATIS, an individual; RCRE, LLC, a Nevada )
limited-liability company; and T.W.B. )
ENTERPRISES, INC., a Nevada corporation, )
)
                                    Defendants. )
                                                 )
_____ )

Defendant EDWARD GUTZMAN III, individually, and GEIII, LLC also known as GE III, LLC (hereinafter "Moving Defendants"), through counsel and pursuant to F.R.C.P. 12(b)(6), FRCP 8(a)(2), and FRCP 9(b), moved this court for an order dismissing Plaintiffs' complaint on the basis that it fails to concisely state any claims against the Moving Defendants upon which relief may be granted.  Plaintiffs' complaint spans 156 pages, without exhibits, and contains 875 paragraphs of allegations which comprise 46 causes of action against 35 separate corporate and individual Defendants, all of which fail to place the Moving Defendants on actual notice of the bases for Plaintiffs' claims.

This Motion is based on the Memorandum of Points and Authorities contained herein; papers and pleadings on file herein; any public documents to which the court would entertain judicial notice; and any oral argument or other evidence the court may request or deem appropriate.

Respectfully submitted this 17th day of August 2009.

_____

Hannah C. Irsfeld, Esq. (#5376)
Barbara I. Johnston, Esq. (#3748)
IRSFELD & ASSOCIATES, LLC.
1700 West Horizon Ridge Parkway, Suite 206
Henderson, NV 89012
(702) 734-0400
 (702) 734-0441 Fax

## MEMORANDUM OF POINTS AND AUTHORITIES

.

### The Parties

**Moving Defendants.**  Defendant Edward Gutzman is a resident of Clark County, Nevada, and has lived in Nevada for 53 years. For about the last 20 years, Mr. Gutzman has worked in the business of commercial and real estate development in Nevada and the Southwest, largely through his Nevada limited liability company which is Defendant GEIII, LLC.  Mr. Gutzman personally invested in five of the commercial real estate development projects described in Plaintiff's complaint; and, he served as a corporate managing member for Defendants 99th & Indian School Management, LLC; Cipriani Management, LLC; Beneserre Management, LLC, and Capri I and II, LLC.  Defendant GEIII, LLC acted as a corporate managing member for Defendant Gila Bend 384, LLC.[1]

---

[1]  *See*, Declaration of Edward Gutzman, attached as Exhibit 1.

**Plaintiffs.**  Mr. Gutzman has never met Plaintiff Lori C. Kabins, nor have he ever had anything to do with the Kabins Family Limited Partnership, or Lori C. Kabins Separate Property Trust.[2]

**The Remaining 33 Defendants.**   Edward Gutzman has never heard of a general partnership called the "Chain Consortium," allegedly organized under Nevada law.  That is because no such partnership exhibits.  Mr. Gutzman has never been a member of any partnership known as the "Chain Consortium."  And, contrary to Plaintiffs' allegations, Mr. Gutzman has never been a member of any Nevada general partnership with the other individual named Defendants in this case.  Specifically, Mr. Gutzman has never been a member of any partnership – in Nevada or any other jurisdiction – with Todd Bergman; Jeff Chain; Linda Chain; Allen Povilaitis; Gabriel Martinez; <u>and</u> Matthew Kammemeyer.  The "Chain Consortium" simply doesn't exist.

As described above, Mr. Gutzman has acted as a corporate manager for several of the other corporate Defendants charged with managing five of the seven real estate developments described in Plaintiffs' complaint.   Neither Mr. Gutzman nor GEIII, LLC is or ever has been member, manager, or member of the board of directors of Defendants 3900 LLC; Cottonwood Retail, LLC; KAN Investments, LLC; Michael's Plaza, LLC; Millennium Construction, Inc., dba MCI; Millennium Commercial Properties, LLC; Millennium Properties & Development, Inc, Modern Management, Inc.; the Jeff and Linda Chain Family Trust; Innovative Assets, LLC; T.W.B. Enterprises, Inc., and RCRE, LLC.

## Nature of the Case

This case arises from a series of commercial real estate development investments entered by Dr. Mark Kabins, who is – oddly enough – not a Plaintiff named in this action.  The commercial real estate investments at issue generally involve seven separate commercial real estate development projects in Arizona, and not all 35 Defendants are involved in all of the projects.  After distilling the repetitive allegations contained in the 875 paragraphs of Plaintiff's complaint, the commercial

---

[2]  *See*, Declaration of Edward Gutzman, attached as Exhibit 1.

developments at issue in Plaintiff's complaint are all located in Arizona, and may be "titled" as follows:

1.      99th & Indian School;
2.      Cipriani;
3.      Benessere;
4.      Gila Bend;
5.      Capri (I and II);
6.      Cottonwood;
7.      Michael's.[3]

Mr. Gutzman is an individual investor in 5 of the developments described.  Since 2004, he invested approximately $500,000 of my own money in the 99th & Indian School project; $465,000 in Cipriani; $80,000 in Benessere; $180,000 in Gila Bend; and approximately $1,500,000 in the Capri project.  At various times since inception of each of the projects, he acted as a managing member of the limited liability companies designated to manage these developments. Mr. Gutzman does not now, nor has he ever acted in any individual capacity in managing the projects in question, and his involvement was as a corporate officer.

Neither Edward Gutzman nor GEIII, LLC has any involvement with the real estate developments described in Plaintiffs' complaint as Cottonwood or Michael's.  Mr. Gutzman has not invested in these projects, nor has he been involved in the management of these projects in any way.  Despite the fact that the developments in question are not common to all of the Defendants, Plaintiffs have asserted 46 complex causes of action arising from at least 7 different real estate development projects against "All Defendants" generally, rendering a coherent response virtually impossible.

Plaintiffs' complex causes of action include fraud;  fraudulent and intentional violations of state and federal securities law; intentional violations of state and federal RICO statutes; breach of contract and the covenant of good faith and fair dealing; unjust enrichment; breach of fiduciary

---

[3]   *See*, Declaration of Edward Gutzman, attached as Exhibit 1.  The names provided are intended to describe the actual commercial real estate developments, and are not intended to specifically delineate amongst the 35 Defendants named by Plaintiffs.

duty; conversion; negligent misrepresentation; and promissory estoppel.    The Moving Defendants contend that Plaintiffs' failure to state multiple causes of action against multiple Defendants in a manner which permits the Moving Defendants to determine the grounds for any of the claims asserted them requires that Plaintiffs' claims against Defendants Edward Gutzman and GEIII, LLC be dismissed.

## **Argument**

### 1.    **Legal Standards.**

#### a.    **Dismissal is appropriate pursuant to FRCP 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. In ruling on such a motion, the court must accept the well-pleaded allegations of the complaint as true and draw all reasonable inferences in the plaintiffs favor. *Scheuer v. Rhodes*, 416 U.S. 232, 2367, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Further, dismissal under Rule 12(b)(6) is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.[4]    In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.[5] However, the court is <u>not</u> required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.[6]

In the case at bar, Plaintiffs' entire 156 page complaint is replete with so many conclusory statements; unwarranted deductions of fact;   and redundant and irrelevant allegations that the complaint is largely incoherent.  In light of this standard, dismissal of Plaintiffs' complaint pursuant to Rule 12(b)(6) is appropriate.

---

[4]   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).
[5]   *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).
[6]   *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

### b.      Dismissal is appropriate pursuant to FRCP 8(a)(2).

FRCP 8(a)(2) requires Plaintiffs' complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7]   The requirement is intended to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[8]   Courts have confirmed that compliance with Rule 8(a)(2) requires the allegations are to be "simple, concise, and direct" in order to assist the defendant in understanding the claims alleged against it and the court in conducting the litigation in an orderly fashion.[9]   And, requiring compliance with Rule 8 is intended to conserve judicial and party resources that otherwise would be expended in deciphering prolix, confusing, and redundant allegations.[10]

The 875 paragraphs of allegations outlining Plaintiffs' 46 causes of action against 35 separate corporate and individual Defendants arising from 7 unrelated real estate development projects hardly constitute a "short and plain statement" of Plaintiffs' claims against Edward Gutzman and EGIII, LLC.  Simply put, Plaintiffs' "buckshot theory" of litigating fails to give Defendants fair notice of the grounds on which the claims rest, and renders an orderly response impossible.  Plaintiffs' claims  against the moving Defendants should be dismissed for failing to comply with FRCP 8(a)(2), thus failing to state claims upon which relief may be granted pursuant to Rule 12(b)(6).

### c. Dismissal is appropriate pursuant to FRCP 9(b).

FRCP 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"  A complaint complies with Rule 9(b) if it identifies the circumstances constituting fraud sufficiently to allow a defendant named in the

---

[7]  The U.S. Supreme Court recently clarified the method by which motions under Rule 8(a)(2) should be analyzed in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), holding the analysis should  "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

[8]  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)

[9]  (*See, Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (amended complaint with 98 pages and 144 numbered paragraphs justified dismissal with prejudice, where plaintiff repeatedly violated Rule 8 and "style and prolixity of pleadings would have made an orderly trial impossible").

[10]  (*See, Nevigel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir. 1981) (affirming dismissal with prejudice, noting that appellees "had to spend a large amount of time and money" defending against poorly drafted proceedings and that proper consideration was the right of appellees to be free from "costly and harassing litigation and the rights of litigants awaiting their turns to have other matters resolved"); *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979) (compliance with Rule 8 conserves judicial resources).

complaint to prepare an adequate answer to the allegations.[11] Further, "allegations of fraud must be accompanied by 'the who, what, when, where, and how of the misconduct charged.' *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003). (*See also*, *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir.1991))(Rule 9(b) 'requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.')" *Gowen v. Tiltware LLC*  2009 WL 1441653, 9 (D.Nev.) (D.Nev., 2009)

In the case at bar, Plaintiffs have failed to identify the "who, what and when" supporting their claims for fraud against Edward Gutzman and EGIII, LLC.  This is not surprising in light of the fact that Defendant Edward Gutzman does not recall ever having met Plaintiff Lori Kabins. Notwithstanding, Plaintiffs are not permitted to merely "lump" together 35 separate corporate and individual Defendants, allege fraud, and see how it goes.  Plaintiffs' complaint against the moving Defendants fails to state claims with the particularity required by NRCP 9(b), and should be dismissed.

## 2.     Plaintiffs' Claims for Fraud and Negligent Misrepresentation.

Plaintiffs allege several causes of action for fraud.  Specifically, Plaintiffs' sixth, seventh, eighth, and ninth causes of action all allege fraud, including fraudulent and intentional misrepresentation; fraud in the inducement; fraud in the execution or inception; and fraudulent concealment.  These allegations of fraud are made against "all Defendants".  Simply put, plaintiffs failed to specify the "who, what, and how close", and describe with any specificity which defendant made what representations Plaintiffs claim were fraudulent.[12] Plaintiffs' claims for fraud fail to

---

[11]   *See Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993).

[12]   Nevada law is well-settled that A plaintiff has the burden of proving each element of fraud claim by clear and convincing evidence, which include (1) A false representation made by the defendant; (2) Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); 3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) Plaintiff's justifiable reliance upon the misrepresentation; and, (5) Damage to the plaintiff resulting from such reliance.  See, *Bulbman, Inc. v. Nevada Bell*  108 Nev. 105, 111, 825 P.2d 588, 592 (Nev.,1992).  Because Plaintiffs have lumped all 35 Defendants together on all fraud claims, the Moving Defendants cannot even ascertain which the elements have been plead against which Defendants for which claim, much less determine the specific grounds underlying the allegations which are omitted from the complaint.

comply with the requirements of FRCP 8(a)(2), much less the heightened standard required by FRCP 9(b).

Further, Plaintiff's 12th cause of action for negligent misrepresentation is, once again, simply alleged against "All Defendants".  And, as with Plaintiffs' fraud claims, Plaintiffs' claim for negligent misrepresentation fails to provide the moving Defendants with notice of the grounds of the claims asserted.  In granting a motion to dismiss similar multiple claims for fraud <u>and</u> intentional misrepresentation alleged against multiple defendants lumped together, the court in *Gowen v. Tiltware* noted that "Intentional misrepresentation or fraud is established by three factors: "(1) a false representation that is made with either knowledge or belief that it is false or without a sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance."  . .. Both causes of action are grounded in fraud.  *Gowen v. Tiltware* LLC  2009 WL 1441653, 9 (D.Nev.) (D.Nev., 2009)(citations omitted).

After reiterating the requirements that fraud claims be stated with particularity, the *Gowan* court went on to note that

> Rule 9(b)'s heightened pleading requirements indisputably apply to an intentional misrepresentation claim, but even as to a negligent misrepresentation claim, the majority of the district courts in this Circuit who have addressed this issue have held that negligent misrepresentation claims are in fact subject to Rule 9(b)'s heightened pleading requirements. See *Deitz v. Comcast Corp.*, No. 06-6352, 2006 WL 3782902, at *6 (N.D.Cal. Dec.21, 2006) (collecting cases); *Meridian Project Sys., Inc. v. Hardin Constr. Co.*, 404 F.Supp.2d 1214, 1219 (E.D.Cal.2005) (stating that "[i]t is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement").
>
> The First Amended Complaint is fatally deficient under Rule 9(b)'s standards for the negligent and intentional misrepresentation claims. [Plaintiff] alleges the same facts as to both claims. . .
>                     ***
> Rule 9(b) does not allow a fraud plaintiff to make general allegations of misrepresentation applicable to all. Rule 9(b) "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). Although the complaint need not identify false statements made by each and every individual, "Rule 9(b) **does not allow a complaint to**

**merely lump multiple defendants** together but requires plaintiffs to ... inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989)).

*Gowen v. Tiltware LLC* 2009 WL 1441653, 9 (D.Nev.) (D.Nev.,2009)

Plaintiffs have failed to state all of their claims for fraud and negligent misrepresentation with any particularity, and such claims should therefore be dismissed.

**3.    Plaintiffs' Claims for Breach of Fiduciary Duty/Duty of Loyalty**

In their causes of action numbered 14 through 20, Plaintiffs allege a series of claims for breaches of fiduciary duty/duty of loyalty against various Defendants, including a Defendant the Plaintiffs have named the "Chain Consortium".  The elements of a cause of action for breach of fiduciary duty are (1) the existence of a fiduciary relationship; (2) a breach of that duty; and (3) damages proximately caused by such a breach. See Cascade Investments, Inc. v. Bank of America, N.A., S.A., No. CV-N-99-559, 2000 WL 1842945, at *3 (D.Nev. Sept.29, 2000) (citing Fidelity & Deposit Co. v. Curtis Day, 1993 WL 128073 (N.D.Cal.1993).

The immediate, glaring problem with Plaintiffs' claims is that the "Chain Consortium" doesn't exist.   There is no Nevada general partnership known as the "Chain Consortium", and there never has been.[13]  It is impossible to conceive of a circumstance under which a non-existent entity could owe any duty to anything whatsoever, much less a fiduciary duty of loyalty to members of unrelated limited liability companies.  Because the Defendant the "Chain Consortium" does not exist, it is impossible for the alleged general partners of the non-existence partnership, including Mr. Gutzman, to be on notice  of the claims against Accordingly, Plaintiffs claims for breach of fiduciary duty as set forth in causes of action 14 through 20 should be dismissed.

---

[13]   NRS 87.060 provides that " Except as otherwise provided in subsection 2, a partnership is an association of two or more persons to carry on as co-owners a business for profit, and includes a registered limited-liability partnership.", and such an association is simply absent here.

1

## Conclusion

2       Based on the foregoing, Plaintiffs' complaint against Edward Gutzman and GEIII, LLC

3  should be dismissed in its entirety.   Alternatively, Plaintiffs' causes of action numbered six, seven,

4  eight, nine, twelve, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, and twenty should be

5  dismissed for the reasons stated herein.

6       Respectfully submitted this 17th day of August 2009.

7

8

9

10

11

12

13

            _____
14          Hannah C. Irsfeld, Esq. (#5376)
            Barbara I. Johnston, Esq. (#3748)
15          IRSFELD & ASSOCIATES, LLC.
            1700 West Horizon Ridge Parkway, Suite 206
16          Henderson, NV 89012
            (702) 734-0400
17           (702) 734-0441 Fax
            Attorneys for Defendant EDWARD GUTZMAN III
18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 17, 2009, I electronically transmitted the above MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6), FRCP 8(a)(2); and FRCP 9(b)to the Clerk's Office using the Cm/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive electronic filing:

STEVEN A. GIBSON
sgibson@gibsonlowry.com
JODI DONETTA LOWRY
jdlowry@gibsonlowry.com
J. SCOTT BURRIS
sburris@gibsonlowry.com
GIBSON LOWRY BURRIS LLP
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Attorneys for Plaintiffs

_____

# EXHIBIT 1

**DECL**
Hannah C. Irsfeld, Esq. (#5376)
Barbara I. Johnston, Esq. (#3748)
IRSFELD & ASSOCIATES, LLC.
1700 West Horizon Ridge Parkway, Suite 206
Henderson, NV 89012
(702) 734-0400
 (702) 734-0441 Fax
Attorneys for Defendants EDWARD GUTZMAN, III
and GEIII, LLC, a/k/a GE III, LLC, a Nevada
limited liability company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, a Nevada limited partnership; LORI C. KABINS, as trustee for the LORI C. KABINS SEPARATE PROPERTY TRUST, a Nevada trust, <br><br> Plaintiffs, <br><br> v. <br><br> CHAIN CONSORTIUM, a Nevada general partnership; 3900, LLC, a Nevada limited-liability company; 99TH & INDIAN SCHOOL, LLC, a Nevada limited-liability company; 99TH & INDIAN SCHOOL MANAGEMENT, LLC, a Nevada limited-liability company; BENESSERE, LLC, a Nevada limited-liability company; BENESSERE MANAGEMENT, LLC, a Nevada limited-liability company; TODD W. BERGMAN, an individual; BUCKEYE CANAMEX 77 ONE, LLC, a Nevada limited-liability company; BUCKEYE 80 WEST THREE, LLC, a Nevada limited-liability company; CAPRI I, LLC, a Nevada limited-liability company; CAPRI II, LLC, a Nevada limited-liability company; JEFF CHAIN, an individual; LINDA CHAIN, an individual; JEFF AND LINDA CHAIN, as trustees for the JEFF & LINDA CHAIN FAMILY TRUST, a Nevada trust; CIPRIANI, LLC, a Nevada limited-liability company; CIPRIANI MANAGEMENT, LLC, a Nevada limited-liability company; COTTONWOOD RETAIL, LLC, a Nevada | Case No.: 2:09-CV-1125 --PMP-RJJ <br><br> **DECLARATION OF EDWARD GUTZMAN, III** |

1

1  limited-liability company; GEIII, LLC, also known )
2  as GE III, LLC, a Nevada limited-liability company; )
   GILA BEND 384, LLC, a Nevada limited-liability )
3  company; EDWARD GUTZMAN III, an )
   individual; INNOVATIVE ASSETS, LLC, a )
4  Nevada limited-liability company; J. MATTHEW )
   KAMMEYER, an individual; KAN )
5  INVESTMENTS, LLC, a Nevada limited-liability )
6  company; GABRIEL MARTINEZ, ESQ, an )
   individual; MICHAEL'S PLAZA, LLC, a Nevada )
7  limited-liability company; MILLENNIUM )
   CONSTRUCTION, INC. doing business as MCI, a )
8  Nevada corporation; MILLENNIUM )
9  COMMERCIAL PROPERTIES, LLC, a Nevada )
   limited-liability company; MILLENNIUM )
10 PROPERTIES & DEVELOPMENT, INC. a )
   Nevada corporation; MODERN MANAGEMENT, )
11 INC. a Nevada corporation; PHOENIX 83RD, )
12 LLC, a Nevada limited-liability company; ALLYN F. )
   POVILAITIS, also known as ALLYN F. )
13 POVILATIS, an individual; RCRE, LLC, a Nevada )
   limited-liability company; and T.W.B. )
14 ENTERPRISES, INC., a Nevada corporation, )
                                           )
15                          Defendants.    )
16 _____ )

17

18 **STATE OF NEVADA**        )
                              ) ss:
19 **COUNTY OF CLARK**        )

20      **I, EDWARD GUTZMAN, III,** under penalty of perjury under the laws of the State

21 of Nevada, do hereby declare that the following statements are true and correct.

22      1.      I am over the age of eighteen and competent to testify of my own knowledge to the

23 following, and will so testify under oath in a court of law.

24      2.      I have made the statements in this Declaration on the basis of my own personal

25 knowledge and understanding, and I would testify to these statements in a Court of law if called to

26 do so.

27      3.      I currently reside Clark County, Nevada, and I have lived in the state for 53 years.

28 / / /

2

4.      For about the last 20 years, I have worked in the business of commercial and real estate development.

5.      I have conducted much of my business through a Nevada limited liability company known as GEIII, LLC, which is also a Defendant in this litigation.

6.      I have reviewed Plaintiffs' complaint.  As far as I can tell, all of the allegations in the complaint relate to a series of investments in commercial real estate development projects made by Dr. Mark Kabins.

7.      Commercial real estate development projects described in Plaintiffs' complaint include developments in Arizona known as 99th & Indian School; Cipriani; Benessere; Gila Bend; Capri (both I and II);  Cottonwood;  and the Michael's project.

8.      I have no involvement with the real estate developments known as Cottonwood or Michael's, which are described in Plaintiffs' complaint. I have not invested in these projects, nor have I been involved in the management of these projects in any way.

9.      I have never heard of a general partnership called the "Chain Consortium," allegedly organized under Nevada law, nor do I believe any such partnership exists.

10.      I have never been a member of any general partnership known as the "Chain Consortium," nor have I ever been a member of any Nevada general partnership comprised of Todd Bergman; Jeff Chain; Linda Chain; Allen Povilaitis; Gabriel Martinez; and Matthew Kammemeyer.

11.      I am not a member of, nor have I ever been a manager or board of directors' member of the following Defendants named in Plaintiffs' complaint:  3900 LLC; Cottonwood Retail, LLC; KAN Investments, LLC; Michael's Plaza, LLC; Millennium Construction, Inc., dba MCI; Millennium Commercial Properties, LLC; Millennium Properties & Development, Inc, Modern Management, Inc.; the Jeff and Linda Chain Family Trust; Innovative Assets, LLC; T.W.B. Enterprises, Inc., and RCRE, LLC.  I have had nothing to do with their management, promotion or investment in these entities.

12.      Along with Dr. Kabins, I am an individual investor in the developments known as 99th & Indian School; Cipriani; Benessere; Gila Bend; and Capri.    I invested approximately

3

$500,000 of my own money in the 99th & Indian School project; $465,000 in Cipriani; $80,000 in Benessere; $180,000 in Gila Bend; and approximately $1,500,000 in the Capri project.  At various times since their inception, I acted as a managing member of the limited liability companies designated to manage these developments. I do not now, nor have I ever acted as a manager of any of these developments in any capacity other than as a corporate manager under corporate authority.

13.    That I have never met Lori C. Kabins, nor have I ever had anything to do with the Kabins Family Limited Partnership, or Lori C. Kabins Separate Property Trust.

14.    It is my recollection that I have only met Mark Kabins one time, when I accompanied Jeff Chain and Todd Bergman to his office one morning to provide information on the status of several of the real estate development projects I was working on and which are described in this declaration.  I do not recall which projects we discussed or whether Mark Kabins had already invested money in the projects or not.  I not believe that our discussion lasted much over 5 minutes.   I never communicated any false representations of any kind to Mark Kabins, nor have I made any false representations to any Plaintiff in this action.

Dated this ___ day of August 2009.


EDWARD GUTZMAN, III