UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS, NEVADA


KABINS FAMILY LIMITED          )
PARTNERSHIP, et al.,           )   CASE No. 2:09-CV-1125-PMP-RJJ
                               )
          Plaintiffs,          )
                               )
          vs.                  )
                               )
CHAIN CONSORTIUM, et al.,      )
                               )
          Defendant.           )   Las Vegas, Nevada
                               )   October 30, 2009
_____)   9:41 a.m.
And related cases and parties)


**PORTION OF HEARING ON MOTIONS**
**ARGUMENTS OF ALBERT MASSI**


THE HONORABLE PHILIP M. PRO PRESIDING
DISTRICT JUDGE OF THE U.S. DISTRICT COURT


COURT RECORDER:

ARACELI BARENG
U.S. District Court


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____
2:09-CV-1125-PMP-RJJ       Kabins v. Chain       10/30/09    **Motions**
                                                        **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwtranscripts.com          1

```
APPEARANCES:



FOR THE PLAINTIFFS:      STEVEN A. GIBSON, Esq.
                         JOHN SCOTT BURRIS, Esq.
                         Gibson Lowry Burris, LLP
                         7201 W. Lake Mead Boulevard
                         Las Vegas, Nevada  89128
                         sgibson@gibsonlowry.com
                         sburris@gibsonlowry.com




FOR THE DEFENDANTS:      For Cipriani Management, LLC:
                         HANNAH C. IRSFELD, Esq.
                         Irsfeld & Associates, LLC.
                         1700 West Horizon Ridge Parkway
                         Suite 206
                         Henderson, Nevada  89012
                         hirsfeld@irsfeldlaw.com

                         For GEIII, LLC:
                         BARBARA I. JOHNSTON, Esq.
                         10655 Morning Harbor Avenue
                         Las Vegas, Nevada  89128
                         bjohnston@whiteandmeany.com

                         For Todd W. Bergman:
                         MARIO P. LOVATO, Esq.
                         Jimmerson Hansen, P.C.
                         415 South 6th Street, Suite 100
                         Las Vegas, Nevada  89101
                         mg@jimmersonhansen.com

                         RUSSELL G. GUBLER, Esq.
                         Matthew L. Johnson & Associates, P.C.
                         8831 W. Sahara Avenue
                         Las Vegas, Nevada 89117
                         rgubler@mjohnsonlaw.com

                         For 99th & Indian School, LLC:
                         WILLIAM KERRY SKAGGS, Esq.
                         Law Office of William Kerry Skaggs
                         401 N. Buffalo Drive, Suite 100
                         Las Vegas, Nevada  89145
                         kerryskaggs@msn.com
                          (Continued)
```

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09    **Motions**
                                                           **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                              2

APPEARANCES:


FOR THE DEFENDANTS:          For Benessere, LLC, Buckeye 80 West
                             Three, LLC, and Cipriani, LLC:
                             ALBERT D. MASSI, Esq.
                             3202 West Charleston Blvd.
                             Las Vegas, Nevada  89102
                             mamasoto@yahoo.com

                             CHAD A. BOWERS, Esq.
                             Law Office of Chad A. Bowers, Ltd.
                             3202 W. Charleston Blvd.
                             Las Vegas, Nevada  89102
                             chadbowers@lawyer.com

                             JOHN CLARK, Esq.
                             [Address Not Known]

2:09-CV-1125-PMP-RJJ        Kabins v. Chain          10/30/09     **Motions**
                                                              **Massi's Argument**
                    NW TRANSCRIPTS, LLC - Nevada Division
                               P.O. Box 890
                          Nampa, Idaho 83653-0890
                     (208) 466-4148 - gayle@nwranscripts.com          3

```
 1   LAS VEGAS, NEVADA                    FRIDAY, OCTOBER 30, 2009

 2           PROCEEDINGS IN PROGRESS AT 9:45:19 A.M.

 3           MR. MASSI:  If I may, Your Honor.

 4           My name is Al Massi and I represent three of the

 5   named defendants, Your Honor, Benessere, LLC --

 6           THE COURT:  Yes.

 7           MR. MASSI:  -- Gila Bend, LLC, and Cipriani, LLC.

 8           Addressing your first question, I think so far as

 9   my clients and our motion today, I don't believe it should

10   impact our motion.

11           THE COURT:  Mm-hmm.

12           MR. MASSI:  Certainly if the Court does not

13   disclose to grant our motion, it's going to interfere at

14   some point with discovery as it relates, because we're going

15   to have to get involved in cross claims and probably third

16   party complaints, and there's going to be a myriad of other

17   people probably filing actions behind it if these people have

18   standing, so --

19           THE COURT:  And I'm sure the Chains figure

20   prominently in any of that.

21           MR. MASSI:  As it relates to discovery, certainly,

22   Your Honor.

23           THE COURT:  Although the bankruptcy stay wouldn't

24   stay --

25           MR. MASSI:  No.
```

2:09-CV-1125-PMP-RJJ      Kabins v. Chain       10/30/09      **Motions**
                                                          **Massi's Argument**
            NW TRANSCRIPTS, LLC - Nevada Division
                        P.O. Box 890
                  Nampa, Idaho 83653-0890
            (208) 466-4148 - gayle@nwranscripts.com                    4

1           THE COURT:  -- them sitting for deposition for

2    discovery, would it?

3           MR. MASSI:  No, there's no crime charged yet.

4           THE COURT:  Yeah.

5           MR. MASSI:  So I don't --

6           THE COURT:  No, no.  I mean they've got no -- the

7    bankruptcy automatic stay wouldn't mean they couldn't give

8    evidence.

9           MR. MASSI:  I think they could.  They could engage

10   and I think can get -- I think it's called a 341 exam through

11   bankruptcy court we're entitled to.

12           So far as the state court, that was part of our

13   motion, Your Honor.  We were alerting the Court to the fact

14   that we have a pending state court action.  Part of our

15   request was to this dismissal and their ability to go

16   intervene in that if they wish.

17           So to the extent that the state court action

18   exists, it will continue.  And so far as discovery, I don't

19   think it would be stopped by this.  It would be an

20   inconvenience but not something that would --

21           THE COURT:  Right.

22           MR. MASSI:  -- prevent us from doing so --

23           THE COURT:  Okay.

24           MR. MASSI:  -- as against the Chains.

25           THE COURT:  Yeah.

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09    **Motions**
                                                       **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                      5

```
 1                          * * * * *

 2              (Proceedings continued and not transcribed

 3                from 9:46:38 a.m. until 9:57:20 a.m.)

 4                          * * * * *

 5              (Proceedings continued at 9:57:20 a.m.)

 6              THE COURT:  Let -- before I hear from you Mr.

 7   Gibson, it might be better to hear from Mr. Massi on his

 8   motion -- on the motions to dismiss.  That way you can --

 9   because I think there's a certain common thread running

10   through these and it would help to just get a comprehensive

11   response.  We've also got of course --

12              MR. MASSI:  Thank you, Your Honor.

13              THE COURT:  -- the motions to set aside the

14   defaults.  And let me just say it, and I want to hear you

15   individually on these, but the proximity and time is such that

16   I think you can probably anticipate my desires to try and get

17   this resolved on the merits.  And while I realize there may

18   have been some 21ˢᵗ to the 24ᵗʰ, I can't remember the exact

19   days as I sit here, but you all can argue that, that my -- my

20   strong inclination, unless there's some reason I really

21   shouldn't is to set those aside and get this thing at issue on

22   the merits is really my preference.

23              But go ahead, Mr. Massi.  Let me -- let me hear from

24   you on the --

25              MR. MASSI:  Thank you, Your Honor.  And --
```

2:09-CV-1125-PMP-RJJ       Kabins v. Chain         10/30/09    **Motions**
                                                           **Massi's Argument**
                    NW TRANSCRIPTS, LLC - Nevada Division
                              P.O. Box 890
                       Nampa, Idaho 83653-0890
                 (208) 466-4148 - gayle@nwtranscripts.com          6

```
 1            THE COURT:  -- Benessere, Cipriani, Gila Bend and

 2   Buckeye --

 3            MR. MASSI:  Buckeye 80.

 4            THE COURT:  Buckeye 80.  Yeah.

 5            MR. MASSI:  And also Canamex, Your Honor.  And I

 6   represent them --

 7            THE COURT:  Yeah, and Canamex.  Yeah.

 8            MR. MASSI:  -- I represent them along with Mr.

 9   Bowers and Mr. Clark, who are both here in the courtroom this

10   morning.

11            Your Honor, before I begin, and I'll try and be as

12   brief as possible once I begin.  Is there any particular

13   area you want me to address as it relates just to my motion,

14   because I want to be as distinct as I can in addressing the

15   Court and advising the Court that I have no interest in any

16   of the other parties.  The individuals don't represent them,

17   don't want to defend their position, only my clients.  And

18   as it relates to my clients, the LLCs, is there any

19   particular --

20            THE COURT:  Well, amplify for me first a little bit

21   about the state proceeding.  What -- does that involve all of

22   the same people or some of the same people?

23            MR. MASSI:  Many of the same people, Your Honor.

24   We initiated an action, and I mean we as in myself and other

25   individual investors, initiated an action in state court
```

2:09-CV-1125-PMP-RJJ      Kabins v. Chain        10/30/09    **Motions**
                                                        **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                              7

1  alleging many of the same, if not all of the same -- well,

2  no, it wasn't 156 pages, but it was many of the same actions,

3  RICO and conversion and embezzlement --

4          THE COURT:  And who are the defendants in that

5  case?

6          MR. MASSI:  Jeff Chain, Ed Gutzman, Jim Main, who's

7  the CPA or accountant who handled these --

8          THE COURT:  Okay.

9          MR. MASSI:  -- these matters and others.  That is

10 pending before Judge Gonzalez.  As a result of that action --

11         THE COURT:  Now what's the gravamen of your claims

12 against Chain, et al., in that case?

13         MR. MASSI:  Some of the specific allegations is

14 that he took money from the entities --

15         THE COURT:  The investors.  Yeah.

16         MR. MASSI:  -- used it for himself, and then when

17 found out, paid it back with interest that he decided was

18 appropriate, or Mr. Gutzman, or them together decided is

19 appropriate.

20         But in essence, Judge, we say he embezzled.  He took

21 the money without our permission.  He took it, used it for

22 other -- we don't even know yet what for.

23         THE COURT:  So it's not an allegation of some overt

24 Ponzi kind of scheme where they're taking --

25         MR. MASSI:  No, sir.

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09      **Motions**
                                                          **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                              8

```
 1              THE COURT:  Okay.

 2              MR. MASSI:  No.  This is -- you know, to get to

 3    that area, and to perhaps fill you in on a little background.

 4    Mr. Gutzman and Mr. Chain several years ago, I think it's

 5    about five now, came to many people around town, and

 6    understand that in Cipriani alone I believe there's over 200

 7    investors.  That's some of the commonality that does not

 8    exist in this, Judge, and something that's important, I

 9    believe.

10              Cipriani, hundreds, literally excess of 200.

11    Benessere, over 100 I believe.  Gila Bend, not as many.

12    These other entities, these other smaller entities were,

13    what I refer to as private deals between Mr. Chain, Mr.

14    Gutzman, and some preferred -- apparently preferred investors.

15    To  that end, they went down to Arizona.  They assembled

16    property in separate LLCs, dozens of them, in an area south

17    of the 10, west of Phoenix initially, which is referred to as

18    Buckeye.

19              THE COURT:  Okay.

20              MR. MASSI:  So at one point this Buckeye assemblage

21    was subsumed into one LLC called Cipriani, some 20 -- about

22    2,400 acres, I believe.

23              THE COURT:  All right.

24              MR. MASSI:  Second area was Benessere, which is

25    further east and closer to Phoenix along the -- I think it's
```

2:09-CV-1125-PMP-RJJ      Kabins v. Chain       10/30/09    **Motions**
                                                       **Massi's Argument**
                        NW TRANSCRIPTS, LLC - Nevada Division
                                    P.O. Box 890
                            Nampa, Idaho 83653-0890
                        (208) 466-4148 - gayle@nwranscripts.com          9

 1  called the Can-Mex Highway, or fronts -- part of it fronts on

 2  that.  And that I believe is in excess of 1,000 acres.

 3  Several -- dozens and dozens, if not over 100 investors.  And

 4  counsel can correct me as to the number, but certainly dozens

 5  of investors in Buckeye -- Benessere, I'm sorry.

 6          And that, as I said, was over 1,000 acres, that

 7  assemblage.  All of those separate LLCs were subsumed into

 8  the Benessere, LLC.  Then south and west into Gila Bend,

 9  literally a corner, about 300 and some acres.

10          THE COURT:  All right.

11          MR. MASSI:  Not as many investors, perhaps a dozen,

12  10, 12 investors, and there was only one LLC and that's Gila

13  Bend.

14          Those are our three primary clients.  The Buckeye

15  80 and Can-Mex were subsumed into Cipriani or Benessere,

16  depending on the case.  And we move forward under the

17  umbrella of those three LLCs, Judge.

18          This investment -- these investments, these three

19  that I represent, that we represent, are all very liquid.

20  Not only are they liquid, there's no reason for us to assume

21  at this point that they aren't worth at least what we paid for

22  them.  Clearly they're not worth what they were worth two or

23  three years ago.

24          THE COURT:  Right.

25          MR. MASSI:  Virtually no investment is.  And that

2:09-CV-1125-PMP-RJJ      Kabins v. Chain       10/30/09      **Motions**
                                                         **Massi's Argument**
                  NW TRANSCRIPTS, LLC - Nevada Division
                            P.O. Box 890
                       Nampa, Idaho 83653-0890
                 (208) 466-4148 - gayle@nwranscripts.com            10

1    happens.

2           That to be distinguished, Your Honor, from these --

3    all these other investments that Dr. Kabins made with Mr.

4    Gutzman, Mr. Chain, Mr. Martinez and others, that are upside

5    down, under water, in foreclosure, in serious trouble.  None

6    of those have assets.

7           And one of our primary -- aside from the technical

8    legal argument that we've made under *Sparling* [phonetic] and

9    other cases that we've cited to the Court, one of the first

10   subjects I want to broach with you is the fact that we have a

11   claimant, Dr. Kabins, who made himself, as you know

12   transferred these to the trust and wants to collect his

13   damages, his losses on these investments, for his losses in

14   these other corporations, LLCs, from my clients, who are

15   liquid.  And we were discussing in the office, and I -- and I

16   stopped and I said, wait a second, If I invested in Apple two

17   years ago and I invested in GM two years ago, with GM stock I

18   can now buy a Happy Meal, and with Apple I can buy a GM car.

19           THE COURT:  Mm-hmm.

20           MR. MASSI:  I can't sue Apple because I lost money

21   on GM, and that's what they're trying to do.

22           You have an investor, Dr. Kabins, who, as part of

23   his defense, and I go -- unless you have specific question to

24   the two primary areas of argument I wanted to make, Judge.

25           THE COURT:  Go ahead.

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09      **Motions**
                                                       **Massi's Argument**

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                         11

1          MR. MASSI:  And that is the RICO, first, the RICO

2   allegation.  And I've had the good fortune or misfortune of

3   reading many of them over the years for the U.S. Attorney's

4   Office, and more complex --

5          THE COURT:  Mm-hmm.

6          MR. MASSI:  -- and better pled, candidly.  The fact

7   of the matter is, there's no standing, we believe, for Dr.

8   Kabins in this RICO action.

9          The *Sparling* case we believe is pivotal because the

10  distinguishing factors in the 1962(c), there's no injury that

11  Dr. Kabins, and derivatively people he transferred to, but

12  for purposes of my argument today, if I may I'll just address

13  Dr. Kabins.

14         THE COURT:  All right.

15         MR. MASSI:  He has no injury distinct from any of

16  the other investors.  He has no special duty owed him by the

17  corporation.  He has -- he has no individual right as a

18  shareholder to bring this action derivatively.  It is the

19  corporation's action.

20         The corporation, the LLC, Judge, are as much a

21  victim or more of a victim than he.  The corporation itself

22  did nothing wrong.  And we addressed and in fact quoted from

23  the operating agreement for you where it distinctly says

24  under the indemnification section and another that if the

25  managers, manger or managers, do something inappropriate,

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09     **Motions**
                                                      **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                    12

1    fraud or misrepresentation, that's outside of their authority.

2    We gave them no authority in the operating agreement to act

3    as they did, if they did.  And I'm not saying one way or

4    another here that they have.  But I'm saying if they did they

5    had no authority and, therefore, they -- you cannot define

6    these LLCs for purposes of RICO as an aggressor corporation.

7    And that's the *Starfish* decision.

8            The *Starfish* decision indicates that each defendant,

9    each one of my LLCs that I represent, had to engage in a

10   pattern of RICO activity individually and separately with Dr.

11   Kabins.  Additionally, each of these corporations had to know

12   or should have known that this was occurring.  The members,

13   and the members did nothing.

14           If, Judge, under RICO Dr. Kabins has standing to

15   bring this action, and the Court finds that yes, Doctor, you

16   can do this, then I believe respectfully what the Court would

17   be saying to 200 plus investors is, ladies and gentlemen, you

18   all have an independent right to sue your LLC under RICO

19   because they are all, all of the investors, are in the exact

20   same position as Dr. Kabins.  So how is he unique?

21           The only difference that we can find between Dr.

22   Kabins and all the rest of the investors is, he had a special

23   deal.  And the special deal was that in October of '08 he

24   received from Mr. Chain, I don't know if Mr. Gutzman knew or

25   didn't know about it, but I know Mr. Chain signed it, and we

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09        **Motions**
                                                                **Massi's Argument**
                    NW TRANSCRIPTS, LLC - Nevada Division
                                P.O. Box 890
                        Nampa, Idaho 83653-0890
                (208) 466-4148 - gayle@nwranscripts.com                    13

1  referenced it in our motion.

2        He received a special promise, and that special

3  promise was that he would not lose his principal ever in any

4  of his investments, Judge.  He was treated totally separate

5  by Mr. Chain.  Not by the LLC, not with the knowledge of the

6  members.

7        So he comes before you and says I have standing to

8  bring an action for RICO, and yet he literally conspired with

9  the manager he is suing to gain an advantage against co-

10 members that he is now suing, and perhaps most unique, he's

11 suing himself because he's a member of the LLC.  He's bringing

12 an action against himself for misrepresenting to himself, I

13 guess is the address [sic].

14        The other thing is that he, along with Mr. Chain

15 and others, and I suggest the other manager, Mr. Gutzman,

16 went into other deals that could have been offered to other

17 members of the LLC -- LLCs, but they did them themself.  And

18 these separate deals are these other ones that are all under

19 water.  And these were -- they had their connections, they

20 had their contacts because of the development of Cipriani and

21 Benessere.  And now they were in action and things were

22 growing and everything was skyrocketing and the world would

23 always be perfect, and so let's grab this, flip it and we'll

24 make this much ourselves over here, and they used the

25 contacts they developed for all the regular investors over

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09      **Motions**
**Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwtranscripts.com                    14

1  here.

2         So not only is he not distinct or unique, he took

3  an advantage that none of the rest of the people had.  How

4  does that provide him standing individually under -- under

5  *Sparling*.  How do you define the LLCs as aggressor, you know,

6  under *Starfish* -- or I'm sorry, under *Degus* [phonetic], to

7  permit him to bring this action.  The fact of the matter is

8  that RICO does not exist here.

9         The other thing too, Judge, is that state RICO

10  exists.  You know, we're going to get into *Younger* I suspect

11  by way of argument.  State RICO exists.  We have it.  It's

12  great.  Like all of our rules in state court --

13         THE COURT:  Right.

14         MR. MASSI:  -- we copied the federal rules, we

15  copied the federal statutes, and it exists there.  So as to --

16  as to RICO, Judge, we believe there is no standing.

17         As to securities, the statute of limitations is

18  gone.  Now counsel's argued on behalf of his client that he

19  didn't know because he didn't read the documents.  He's an

20  orthopedic surgeon.  We know he can read, write, and speak

21  the English language.  He invested 11 million dollars.  I

22  mean this in the most charitable way possible, dumb is not a

23  defense.  Not reading documents on 11 million dollars worth

24  of investments is not a defense.

25         He comes before you and he says Mr. Chain, Mr.

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09    **Motions**
**Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                    15

```
 1   Gutzman --
 2           THE COURT:  Only the U.S. Government does something
 3   like that.
 4       [Laughter]
 5           MR. MASSI:  I heard something funny about the
 6   government yesterday I have to share with you, Judge.
 7           THE COURT:  A lot of things from the --
 8           MR. MASSI:  I watched a little bit about Neil Cavuto
 9   yesterday and he was talking about reading the bill, the
10   health care bill, and he had speed reader on, reads 30,000
11   words a minute.  He said the average person reads 200 words a
12   minute, the average congressman 20.  And let's --
13       [Laughter]
14           MR. MASSI:  -- read this.  And it struck me as funny
15   at the time.  You had to be there, I guess.
16           In any case, he -- he comes before you saying I
17   invested 11 million dollars, but I didn't read the document.
18   They told me X before I got the documents.  X I find out now
19   is not true.  If he had read the documents two things would
20   have occurred, Judge.  One, he would have had actual -- the
21   actual notice.  He had inquiry notice.  That's his
22   responsibility --
23           THE COURT:  Mm-hmm.
24           MR. MASSI:  -- under the Securities Act.  And two,
25   he would have had actual notice that what he says they told
```

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09      **Motions**
**Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                    16

1  him that was a misrepresentation was, in fact, represented in

2  these documents, i.e., they were going to take a 5 percent

3  broker's commission and other things.  Those things he

4  complains of.  If he had read it, he would have known it, and

5  I think that is imputed to the entities that now

6  [unintelligible].

7         Additionally as to securities, counsel did

8  initially, and I believe has withdrawn this position, pled

9  securities violation as a predicate act to RICO, which it is

10  not.  So we have the two first and primary -- primary

11  actions.  The RICO, which we believe he has no standing on,

12  and the second is the securities.  And interestingly on the

13  securities the only example that counsel cites on securities

14  fraud is addressed the 99 LLC, which has nothing to do with

15  my clients.  And the vast majority of it has nothing to do

16  with it.

17         One other thing that Dr. Kabins has done that

18  demonstrates his own lack of participation and therefore

19  vulnerability, not distinguishing him from anyone else, not

20  making him a special case or entitling him to special relief

21  under RICO, his securities is he -- I advised his counsel

22  months ago, and I was really trying to pin it down, and I

23  have to represent to you at least eight months ago, and had a

24  meeting with two of his counsel in my office in May, saying

25  let's remove Eddie Gutzman as the manager.  Vote with us to

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09    **Motions**
                                                        **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                        17

1   do that.  We had a meeting on Cipriani last year, last

2   September, asking and inviting Dr. Kabins to vote with us to

3   remove Mr. Gutzman.

4        You see, as a matter -- as a result of the state

5   court action, Your Honor, I was able to get Mr. Chain to

6   resign from all three of these entities that I represent, and

7   have him surrender his 10 percent interest that he got in

8   them as a fee for putting together what he put together, in

9   addition to the buyer's commission.

10        So Chain, for our purposes, is no longer a member

11   of these LLCs, not entitled to anything, and no longer a

12   manager.  Only Eddie Gutzman is and he still maintains his 10

13   percent.

14        I said let's remove him as a manager.  In Gila Bend

15   we only -- he owned like 26 percent.  I said he puts us over

16   the top.  60 percent's required.

17        In Cipriani we were 3 percent or 4 percent away.

18   He voted with Mr. Gutzman on Cipriani, and he has, to this

19   day, not voted with us to remove Mr. Gutzman on Gila Bend.

20   But he comes before you and says Mr. Gutzman misrepresented

21   to me.

22        Now I'm not really sure how consistent he can be in

23   other things, but that certainly is a terribly inconsistent

24   position.  If he has committed a fraud, if he has

25   misrepresented, if he has done these things he says he has

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09      **Motions**
                                                         **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                              18

1  done, remove him.  Vote with us to remove him.

2      He again is trying to put himself in a separate

3  category, separate and apart from the other investors, with

4  some entitlement that we don't have, or my clients don't have

5  as -- [coughing] -- to which he's not entitled, not giving

6  him special permission, special place in the RICO or in

7  securities.

8      The other actions, Your Honor, that form the

9  gravamen of Dr. Kabins' complaint are the state court actions,

10 and I'll summarize some, fraud, conversion, negligent

11 misrepresentation, negligent performance -- and I apologize

12 for looking down while I'm addressing you -- unjust

13 enrichment, promissary estoppel.  Going down the list, fraud

14 has a three year statute of limitations.  And I apologize --

15 let me backtrack just one moment.  I started to broach that

16 subject and thought about Neil Cavuto and got off track.

17     The statute of limitations and securities is three

18 years.  He signed these operating agreements, Judge, in

19 November 20th, '04 was the first.  That was Benessere.  I

20 believe Cipriani, May 25th, '05.  Gila Bend, May 25th, '05.

21 Long past the three year statute -- the two year statute of

22 limitations for securities fraud.

23     So the statute has run.  He was on -- inquiring

24 actual notice.  He represented over his signature that he

25 had gotten the advice of tax counsel, that he was a

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09      **Motions**
**Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                    19

1   sophisticated investor and spoke with his lawyer, all three

2   of these.

3          Back to the statute of limitations.  The statute of

4   limitations on fraud is three years in the State of Nevada.

5   On his conversion action, to demonstrate conversion he's got

6   to demonstrate wrongful dominion.  There's no -- been no

7   wrongful dominion.  Everyone owes -- owns what they own.  My

8   clients simply hold title on behalf of their shareholders.

9   There's been no control by the LLC over Dr. Kabins' shares

10  separate and apart from everyone elses.

11         The negligent misrepresentation, he acknowledges

12  that he received the information.  He didn't read it.  You

13  know, so how -- he was the one who was negligent, not the --

14  not the LLCs.

15         Negligent performance, it's an improper derivative

16  claim.  He cannot have improper -- improper performance as a

17  direct claim.  It's a derivative claim the corporation has to

18  bring.

19         Unjust enrichment, there's a contract.  You don't

20  have unjust enrichment when you have a contract as a basis

21  for an action.  And to get the promissary estoppel you have

22  to be ignorant of the true facts.  And if he had picked up

23  the paper and read the papers he was given he wouldn't have

24  been ignorant of the true facts.

25         He has chosen not to join us in the state action a

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09     **Motions**
                                                              **Massi's Argument**
                    NW TRANSCRIPTS, LLC - Nevada Division
                              P.O. Box 890
                         Nampa, Idaho 83653-0890
                    (208) 466-4148 - gayle@nwranscripts.com          20

 1   year ago when it was filed.  He had the opportunity to and

 2   was invited to.  He chose not to vote with us.  I respectfully

 3   submit, Your Honor, that he has no standing under RICO, that

 4   the statute's gone under securities, and the state action

 5   don't.

 6          So far as what I know I'm going to hear on _Younger_,

 7   you know, we know the four criteria that are going to be

 8   argued.  The state action is ongoing.  The proceeding

 9   implicates important state actions.  We do.  Corporations are

10   entities that need protection.  The federal claim is not

11   barred from litigating federal constitutional issues.  The

12   state court is not.  We haven't.  And the federal action

13   will interfere with the state.  And my primary concern there,

14   Judge, in all due respect is we could end up with

15   inconsistent results.  You're going to have two separate

16   actions that could result in separate -- separate results

17   against the same parties virtually arguing the same things.

18   Nothing prevents them from [unintelligible].

19          And finally and most important, Judge, these LLCs

20   have done nothing inappropriate as entities.  I'm not speaking

21   to what the managers may have done or others involved, but so

22   far as my clients, Your Honor, there is no cause of action.

23   And perhaps most importantly, this relates to my clients, Dr.

24   Kabins hasn't suffered any damages.  His investments are worth

25   what they were worth when he bought them.

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09    **Motions**
                                                          **Massi's Argument**
                    NW TRANSCRIPTS, LLC - Nevada Division
                              P.O. Box 890
                         Nampa, Idaho 83653-0890
                  (208) 466-4148 - gayle@nwranscripts.com                21

```
 1            Thank you for your time.

 2            THE COURT:  All right, thank you.  Thank you.

 3                        *  *  *  *  *

 4            (Proceedings continued and not transcribed

 5             from 10:16:12 a.m. until 11:09:54 a.m.)

 6                        *  *  *  *  *

 7            (Proceedings continued at 11:09:54 a.m.)

 8            THE COURT:  Mr. Massi.

 9            MR. MASSI:  Thank you, Judge.

10            And I'll try and address each of counsel' points as

11   briefly as possible.

12            Regarding the Chain Consortium, how can I be a

13   partner with someone that I don't know I'm a partner with?  I

14   don't want to get into the specific statutes, I'd just like

15   to address the practicality of it.  You know, does that mean

16   that you and I can be a partner but we don't know we're

17   partners in something?  Of course not.

18            The fact of the matter is, that there has to be

19   some agreement among partners to be a partner.  And again,

20   all my comments are addressed only to my three LLCs that I

21   represent.  None of my LLCs have agreed to be a partner with

22   Jeff Chain and anything else.  And in fact, Mr. Chain, Mr.

23   Gutzman and others, including Dr. Kabins, had secret

24   agreements and secret -- secret investments that none of my

25   clients had the benefit of or were advised of.
```

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09    **Motions**
                                                          **Massi's Argument**
              NW TRANSCRIPTS, LLC - Nevada Division
                          P.O. Box 890
                    Nampa, Idaho 83653-0890
              (208) 466-4148 - gayle@nwranscripts.com                22

1          The second is, the one thing I absolutely agree

2   with counsel on, and I quote him from a statement just made in

3   his response to you.  And the quote is:

4          "All they have to do is read it, Your Honor, and

5      they will be fine."

6          Referencing us, that is my clients reading the

7   complaint and we'll be fine because we'll understand

8   everything.  You know what, I agree with him.  If you read

9   it, you'll be fine, and that's exactly what Dr. Kabins

10  should have done.  He should have read the operating

11  agreements and he would have been fine, because he would have

12  found in Cipriani's operating agreement that it says in part

13  the limitation of manager's liability.  There's a limitation

14  unless some act or omission was performed or omitted

15  negligently, intentionally, or fraudulently.

16          Additionally, there's indemnity if the acts were not

17  performed or omitted fraudulently or in bad faith.  We're not

18  in violation of fiduciary obligation.

19          In Benessere there's limitation unless there's an

20  act or omission performed negligently, intentionally, or

21  fraudulently and the same occurred with the indemnity.

22          And in Gila Bend specifically, that so long as they

23  act in good faith and without willful misconduct, in each of

24  these operating agreements the members, as a group, having

25  structured these operating agreements, said we'll cover you,

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09     **Motions**
                                                            **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                    23

 1  you'll part of us, so long as you don't do this.  If you do

 2  it you're not acting for us, you may be acting independently.

 3  And I have no complaint, I have no problem, he can sue anybody

 4  individually he wants to sue on behalf of Dr. Kabins.

 5         I'm not saying or representing to you that they may

 6  or may not have said the things Dr. Kabins said they said.

 7  They may have, but my clients didn't.  And if they -- if

 8  these individuals, while a manager or managers of my client's

 9  LLCs, said -- they said them without the authority of the LLC,

10  and in violation of the operating agreement are entitled to

11  no defense.

12         Most importantly, Judge, what they did we did not.

13  My LLCs don't have leverage.  There's one -- Cipriani was

14  approximately 44 million cash everyone put in.  The only debt

15  is about a million plus on a bank loan that's being negotiated

16  now and handled, but it's a million dollars on a 44 million

17  investment.  The rest -- the land is free and clear.

18         Benessere there's one leveraged.  Out of 1,300 to

19  1,400 acres there's about 300 acres.  The total purchase I

20  think was about 8 million, and approximately 5 million of it

21  has been paid in cash.

22         Gila Bend, nothing is owed.

23         So you have tens of millions of dollars in these

24  three LLCs that counsel's going after that Dr. Kabins wants

25  for himself as an investor, asking for treble damages in

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09        **Motions**
                                                              **Massi's Argument**
                     NW TRANSCRIPTS, LLC - Nevada Division
                                 P.O. Box 890
                           Nampa, Idaho 83653-0890
                     (208) 466-4148 - gayle@nwranscripts.com        24

1  RICO, taking from all these other members their investment

2  because he feels he's specially suited, because he has --

3  entitled to some special care or treatment.

4          In fact, he obviously thought he was because it's

5  document 112, Your Honor, a letter, October 27th, 2008, to

6  Dr. Kabins from Jeff Chain saying in regards to these

7  investments, and he lists all the 11 million investments.

8  Jeff Chain, Millennium Properties guarantees that there will

9  be not a loss of principle upon completion of each project.

10  In the case that occurs, Jeff Chain and Millennium will make

11  up the difference between the initial capital and capital

12  invested.

13          And then he goes on to say, as this is a very

14  serious offer, it's agreed between the parties that this --

15  that this individual -- this is individual to Dr. Mark Kabins

16  and not to any other investors.  And all parties agree that

17  the terms of this agreement are to remain strictly

18  confidential as it would greatly impair the ability to honor

19  if other claims are also made of a similar manner.

20          This is what Dr. Kabins was doing while he accuses

21  my clients of committing a fraud or perpetrating fraud on

22  him.  You know, where is there -- what damage has my clients

23  -- have my clients caused him?  I don't know that he's

24  suffered any damage anyway, but in particular, what have they

25  done?

2:09-CV-1125-PMP-RJJ      Kabins v. Chain        10/30/09    **Motions**
                                                        **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                              25

1          The -- counsel talks about my misquoting _Betts_

2  [phonetic], and I'm going to quote from my brief and from

3  _Betts_ because I respectfully suggest, Your Honor, counsel's

4  got it backwards.  This is what we said in the -- in the

5  _Betts_ decision, and in _Starfish_.  But let me -- bear with me

6  one moment, Your Honor.  I must have left it on the desk.

7  I'll be right back.

8          THE COURT:  All right.

9          MR. MASSI:  Do you have it?  Do you have it?  Do you

10  have it?

11          UNKNOWN SPEAKER:  Here it is.

12          MR. MASSI:  Well, when I find it I'll address it.

13          THE COURT:  All right.

14          MR. MASSI:  Let me go to the other cases, Judge.

15  What I said, and each of the was cited exactly the way the

16  Court cited them.  _Starfish_, the _Starfish_ case says 1962,

17  subsection (b).

18          "_Starfish_ must allege that each defendant -- each

19      defendant, through a pattern of racketeering activity,

20      buy [sic] maintain any interest or control of any

21      enterprise which was engaged in" -- and thank you, John

22      -- "interstate or foreign commerce.

23          That's exactly what _Starfish_ says.  That's exactly

24  what we said.

25          And _Sparling_ says:

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09    **Motions**
                                                          **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                          26

1          "The Sparlings must show either an injury distinct

2      from that to other shareholders, or a special duty

3      between Hoffman and the Sparlings if they are to have

4      standing to assert RICO claims based on injuries."

5          And _Degus_ says -- _Dagus_ says:

6          "RICO draws significant distinction between the

7      aggressor enterprise, legitimate or illegitimate.  An

8      infiltrated or injured enterprises here affirms only be

9      characterized as conduits through which Chapman conducted

10     his [unintelligible] themselves victims of the ongoing

11     rule infraction by an employee."

12         That's exactly the situation, and I think all were

13 properly quoted.

14         The _Betts_ argument, Dr. Kabins argues that the LLC

15 defendants relied on a dissenting opinion.  We did not.  We

16 cited the opinion of the Court, not the dissenter.   Okay.

17 And no dissent was cited in any of our -- any of our

18 arguments.

19         The properties that I represent are not in

20 foreclosure.

21         The _Betts_ case dictates that the -- or the _Betts_

22 case as cited, was cited for the purpose of indicating to the

23 Court that any of these representations that Dr. Kabins

24 suggest were made, were made before the operating agreements

25 were signed, before he was given actual notice, before he had

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09        **Motions**
                                                                **Massi's Argument**
                 NW TRANSCRIPTS, LLC - Nevada Division
                            P.O. Box 890
                      Nampa, Idaho 83653-0890
                 (208) 466-4148 - gayle@nwranscripts.com                 27

1    at least inquiry of those [sic].

2           And he also has held, Judge, under *Betts*, to the

3    reasonable investor standard, he has a duty to investigate.

4    That's *Matthews versus Kidder*.  We also cited that case.

5           The K-1s that were given were given accurately.  In

6    fact, Judge, when you look at them, we attached them as an

7    exhibit.  The K-1s showed the diminution in percentage

8    ownership.  And I do this by way of example because I don't

9    have the numbers in front of me.

10          But pose a hypothetical, Dr., Kabins owned 26

11   percent of Gila Bend.  Part of the deal was on the sale, Mr.

12   Gutzman and Mr. Chain would receive 10 percent of the net

13   after expenses.  So there's classic Class B shares.  Class A

14   people put cash in, Class B, Gutzman, Chain.

15          Well, the K-1s showed, if Dr. Kabins invested 25 --

16   or owned 25 percent, because of the shares that Gutzman and

17   Chain had a right to, his 25 percent was probably 22 and a

18   half percent, taking a proportionate reduction with all the

19   other investors.  So the K-1s were absolutely accurate.

20          Additionally, he has never asked for an accounting

21   to this day.  He's never asked to look at a financial

22   statement.  He's done nothing that would have -- would've

23   suggested he wasn't on actual notice of what's happened.

24          And he doesn't answer you when I asked the question,

25   if Gutzman did these things to you, why didn't you move to

2:09-CV-1125-PMP-RJJ          Kabins v. Chain          10/30/09    **Motions**
                                                              **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                                    28

1    remove him?  Why didn't you vote with us to remove him?  Why

2    didn't you join us in the state court action?  Why didn't you

3    do something, you know, that indicated that you were damaged

4    or harmed before now?

5            You know, 8(d) requires a short plain statement,

6    fraud has to be particular.  The separate entities, these

7    separate entities have to continue to be treated separately.

8    Counsel says as a corporate lawyer his advise is, not the

9    partnership, construct and create separate entities.  And

10   that's --

11           THE COURT:  I forgot to ask, when was that state

12   court action filed?  How far down the road is it?

13           MR. MASSI:  It's a year down the road, Judge.  We're

14   before Judge Gonzalez in business court.

15           THE COURT:  So discovery is already --

16           MR. MASSI:  Oh yes.  In fact, we have a mandatory

17   settlement conference -- I want to say it's January 5th or 6th,

18   right after the first of the year, Judge.  We're to that

19   stage.  Oh, thanks, John.  September 25th, '08 is when it was

20   filed, Judge.

21           Ms. Frankewich is representing us in state court,

22   the defendants are Mr. Chain, Gutzman, Cipriani Management,

23   Jim Main.  And the -- and as I said, it's a mandatory

24   settlement conference in January.

25           The question -- the question again, Judge, begs to

2:09-CV-1125-PMP-RJJ        Kabins v. Chain        10/30/09        **Motions**
                                                                    **Massi's Argument**

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwranscripts.com                                      29

1  be answered, and that is, you know, what did they do wrong?

2  And why is he entitled to take from other innocent people

3  their investment because that's what he's asking you for.  I

4  understand that the gentleman lost millions and millions of

5  dollars in these other entities.  I understand that he may

6  have a legitimate claim against some people.  But he has no

7  right, and his -- and his attorney says create separate

8  entities, be distinct, be separate.  We are.  We've done

9  nothing, hurt him in no way, he's suffered no damage, and we

10  respectfully suggest for those reasons and the reasons we've

11  set forth in our brief that you do dismiss these claims,

12  Judge --

13          THE COURT:  All right.

14          MR. MASSI:  -- as against my client.

15          THE COURT:  Thank you, Mr. Massi.

16          MR. MASSI:  Thank you, Judge.

17          THE COURT:  Now let me --

18          MR. MASSI:  Thank you for your time.

19          THE COURT:  -- -- let me turn to other counsel on

20  these other matters, the motions to set aside that they may

21  have filed.

22          MR. MASSI:  I apologize.  Should I address that

23  briefly, Judge --

24          THE COURT:  Go ahead.

25          MR. MASSI:  -- because I have -- I have --

2:09-CV-1125-PMP-RJJ      Kabins v. Chain      10/30/09    **Motions**
                                                        **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwtranscripts.com                      30

```
 1              THE COURT:  I saw Mr. Bowers was standing too and
 2   others.
 3              MR. MASSI:  Yeah.  I have Canamex and Buckeye 80 --
 4              THE COURT:  That's right.
 5              MR. MASSI:  -- as defendants, Judge.  And as we
 6   argued in our motion, it was -- first of all, it was two
 7   dates.  Secondly, they are subsumed.  Thirdly, if -- we ask
 8   that the Court consider them as part of this motion.
 9   Regardless of how you rule, we will conduct ourselves
10   accordingly.  If you see -- don't see your way clear to
11   dismiss us against -- against the primary three LLCs, then
12   we'll be filing a responsive pleading on behalf of these two
13   people -- or these two entities.
14              THE COURT:  All right.  Thank you, Mr. Massi.
15              Mr. Bowers, any --
16              MR. MASSI:  That was it, Your Honor.  Thank you.
17              THE COURT:  All right.
18                 (Proceedings continued at 11:21:40 a.m.
19                          and not transcribed)
20                  *  *  *  *  *  *  *  *  *  *
21
22
23
24
25
```

2:09-CV-1125-PMP-RJJ       Kabins v. Chain        10/30/09    **Motions**
                                                        **Massi's Argument**
                   NW TRANSCRIPTS, LLC - Nevada Division
                              P.O. Box 890
                         Nampa, Idaho 83653-0890
                   (208) 466-4148 - gayle@nwranscripts.com          31

**CERTIFICATION**

I (WE) CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

**NW TRANSCRIPTS, LLC
NEVADA DIVISION
P.O. BOX 890
NAMPA, IDAHO 83653-0890
(208) 466-4148
gayle@nwtranscripts.com**

/s/ Gayle Lutz
FEDERALLY CERTIFIED MANAGER/OWNER

Kari Riley                                          12/14/09
TRANSCRIBER                                         DATE

2:09-CV-1125-PMP-RJJ      Kabins v. Chain        10/30/09      **Motions**
                                                            **Massi's Argument**
NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 466-4148 - gayle@nwtranscripts.com                    32