1 ALBERT D. MASSI, LTD
ALBERT D. MASSI, ESQ.
2 Nevada State Bar No. 329
3202 West Charleston Boulevard
3 Las Vegas, Nevada 89102
(702) 878-8778
4

5 Attorneys for Defendants/Counter-Claimants/Cross-Claimants/Third-Party Plaintiffs,
6 BENESSERE, LLC, CIPRIANI, LLC,
GILA BEND 384, LLC, BUCKEYE 80 WEST
7 THREE, LLC and BUCKEYE CANAMEX 77 ONE, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, A Nevada Limited Partnership; LORI C. KABINS, As Trustee for LORI C. KABINS SEPARATE PROPERTY TRUST, A Nevada Trust, | CASE NO.:  2:09-CV-1125-PMP-RJJ |
| Plaintiff, | REPLY BRIEF TO MOTION TO COMPEL |
| vs. | |
| CHAIN CONSORTIUM, A Nevada General Partnership; 3900, LLC, A Nevada Limited-Liability Company; 99TH & INDIAN SCHOOL, LLC, A Nevada Limited-Liability Company; 99TH & INDIAN SCHOOL MANAGEMENT, LLC, A Nevada Limited-Liability Company; BENESSERE, LLC, A Nevada Limited-Liability Company; BENESSERE MANAGEMENT, LLC, A Nevada Limited-Liability Company; TODD W. BERGMAN, an individual; BUCKEYE CANAMEX 77 ONE, LLC, A Nevada Limited-Liability Company; BUCKEYE 80 WEST THREE, LLC, a Nevada Limited-Liability Company; CAPRI I, LLC, a Nevada Limited Liability Company; CAPRI II, LLC, a Nevada Limited-Liability Company; JEFF CHAIN, An individual; LINDA CHAIN, an individual; JEFF AND LINDA CHAIN, as Trustees for the JEFF & LINDA CHAIN FAMILY TRUST, a Nevada trust; CIPRIANI, LLC, a Nevada Limited-Liability Company; CIPRIANI MANAGEMENT, LLC, a Nevada Limited-Liability Company; COTTONWOOD RETAIL, LLC, a Nevada Limited-Liability Company; GEIII, LLC, also known as GE, III, LLC, A Nevada Limited-Liability Company; | |

- 1 -

| | |
|---|---|
| 1 | GILA BEND 384, LLC, A Nevada Limited-Liability Company; EDWARD GUTZMAN III, An Individual; INNOVATIVE ASSETS, LLC, A Nevada Limited-Liability Company; J. MATTHEW KAMMEYER, An Individual; KAN INVESTMENTS, LLC, A Nevada Limited-Liability Company; GABRIEL MARTINEZ, ESQ., An Individual; MICHAEL'S PLAZA, LLC, A Nevada Limited-Liability Company; MILLENNIUM CONSTRUCTION, INC. doing business as MCI, A Nevada Corporation; MILLENNIUM COMMERCIAL PROPERTIES, LLC, a Nevada Limited-Liability Company; MILLENNIUM PROPERTIES & DEVELOPMENT, INC., A Nevada Corporation; MODERN MANAGEMENT, INC., A Nevada Corporation; PHOENIX 83RD, LLC, A Nevada Limited-Liability Company; ALLYN F. POVILAITIS, also known as ALLYN F. POVILATIS, An Individual; RCRE, LLC, A Nevada Limited-Liability Company; and T.W.B. ENTERPRISES, INC., A Nevada Corporation, |
| | Defendants. |

COMES NOW, Defendants/Counter-Claimants/Cross-Claimants/Third-Party Plaintiffs, BENESSERE, LLC, A Nevada Limited Liability Company ("Benessere"), CIPRIANI, LLC, A Nevada Limited Liability Company ("Cipriani"), GILA BEND 384, LLC, A Nevada Limited Liability Company ("Gila Bend"), BUCKEYE 80 WEST THREE, LLC, a Nevada Limited-Liability Company ("Buckeye 80") and BUCKEYE CANAMEX 77 ONE, LLC, A Nevada Limited Liability Company (collectively "**LLC Defendants**"), and hereby file this Reply Brief to the Motion to Compel (hereinafter "Motion") directed to Third-Party Defendant, MARK B. KABINS (hereinafter "Dr. Kabins"), relating to Dr. Kabins' deposition which occurred on January 30, 2010

\\\
\\\
\\\
\\\

- 2 -

This Reply Brief is based upon the attached Memorandum of Points and Authorities which is attached hereto and filed concurrently herewith, all pleadings, papers, records or other documents on file herein, and upon such oral and/or documentary evidence as may be presented at the time of the hearing on this Motion.

Respectfully submitted,

DATED this 12th day of April 2010.

          ALBERT D. MASSI, LTD.

By    /s/
ALBERT D. MASSI, ESQ.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
(702) 878-8778
Attorneys for BENESSERE, LLC, CIPRIANI, LLC, GILA BEND 384, LLC, BUCKEYE 80 WEST THREE, LLC and BUCKEYE CANAMEX 77 ONE, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dr. Kabins' Response to the instant Motion to Compel reflects that Dr. Kabins and his counsel believe that they may <u>completely and improperly</u> obstruct the discovery process relying upon Dr. Kabins' purported "un-sophistication" with regard to answering <u>basic factual questions</u> relating directly to the factual allegations alleged in this Action.

The LLC Defendants are not alone in this belief, as Defendants, GABRIEL MARTINEZ, 99TH & INDIAN SCHOOL, LLC, 99TH & INDIAN SCHOOL MANAGEMENT, LLC, CAPRI I, LLC, CAPRI II, LLC and PHOENIX 83RD, LLC (hereinafter collectively "Martinez Defendants") and Defendants, EDWARD GUTZMAN, III, GEIII, LLC, BENESSERE MANAGEMENT, LLC and CIPRIANI MANAGEMENT, LLC (hereinafter collectively "Gutzman Defendants"), each filed a Joinder to the instant Motion to Compel.

Taken in their totality, the tenor of Dr. Kabins' deposition responses (or lack thereof), coupled with the redundancy of Dr. Kabins' counsel's repeated objections, reflects a contempt for the deposition process and an improper belief that Dr. Kabins is immune from being subjected to a deposition in an Action in which he is seeking millions of dollars in purported damages.

The LLC Defendants respectfully request that Dr. Kabins be required to submit to a new deposition, without reference to the time expended on January 30, 2010, and be required to fully respond to questioning in conformity with this Court's ruling on the instant Motion to Compel. The LLC Defendants further respectfully request that this Court require that Dr. Kabins and his counsel pay for all attorney's fees and costs associated with the taking and re-taking of his deposition, including all attorney's fees and costs associated with the filing of this Motion to Compel.

\\\
\\\
\\\
\\\

II. **DR. KABINS' CONDUCT, AS WELL AS THE CONDUCT OF HIS COUNSEL, AT HIS DEPOSITION EVIDENCED AN INTENT TO IMPROPERLY FRUSTRATE AND PREVENT THE LLC DEFENDANTS FROM CONDUCTING LEGITIMATE DISCOVERY EFFORTS**

A. **Questions Relating to Conduct of the Corporate Entities/Conduct**

Dr. Kabins, as well as his counsel, refused to answer questions relating to even basic procedural aspects of the operation of Plaintiff, KABINS FAMILY LIMITED PARTNERSHIP, A Nevada Limited Partnership (hereinafter "Kabins Entities"). Whether Dr. Kabins conducts regular meetings of the partnership or if there are regular meetings of the partnership is **not** an inquiry that requires a legal conclusion or one that involves the attorney-client privilege. [*See* Pages 19-21 to Deposition Transcript].

Similarly, what facts precipitated Dr. Kabins decision to change the partnership to a limited liability company would not implicate the attorney-client privilege. [*See* Pages 24-27 to Deposition Transcript].[1]

\\\
\\\
\\\

---

[1] *See also*:

6. Why did you transfer assets from the partnership to the LLC? [Pages 40-42 to Deposition Transcript]

7. Was there any consideration given by the Kabins Family Limited, LLC to the Kabins Family Limited Partnership for the transfer of these assets? [Pages 45-47 to Deposition Transcript]

8. Is it your position that every activity in the limited partnership or the limited partner LLC involves the communication by you with an attorney, who represents you, in regards to these entities? [Page 47 to Deposition Transcript]

12. Why were the Millennium Properties transferred from the Kabins Family Limited Partnership to the Lori C. Kabins Separate Property Trust? [Page 63 to Deposition Transcript]

13. Who on behalf of the Lori C. Kabins Separate Property Trust and Kabins Family Limited Partnership made the decision to sue Benessere, Cipriani and Gila Bend? [Pages 64-65 to Deposition Transcript]

Neither Dr. Kabins, nor his counsel, made any good faith attempt to distinguish any purported privileged information from non-privileged information. *See United States v. William J. Ruehle*, 583 F.3d 600, 609 (9th Cir. 2009).

Dr. Kabins' Response to the Motion to Compel regarding these matters highlights the abusive nature of the alleged attorney-client objections. In his Response to the Motion to Compel, Dr. Kabins argues that "[t]hese questions <u>may</u> call for the disclosure of attorney-client communication . . . ." [*See* Response to Motion to Compel, Page 7, Lines 11-12] (emphasis added). Either they do or they do not. The LLC Defendants respectfully submit that they do not.

Further, Dr. Kabins has not offered any affidavit establishing the broad and over-reaching applicability of the attorney-client privilege to these inquires, or any inquires that are subject to the Motion to Compel. The party asserting the attorney-client privilege must establish the relationship and the privileged nature of the communication. *See United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997). Dr. Kabins has offered nothing to support his incessant invocation of the attorney-client privilege.

### B. Questions Relating to Factual Allegations of the Complaint

The factual basis underlying this Action. What relief a party seeks in this Action. The factual basis upon which a party seeks recovery in this Action. The personal understanding of agreements entered into relating to this Action. According to Dr. Kabins, the LLC Defendants cannot inquire into these highly relevant and discoverable factual matters, as they "may" invade the attorney-client privilege. The LLC Defendants are properly entitled to fully examine Dr. Kabins relating to these matters, including:

14. Do you understand what relief you are asking for against Benessere, LLC? [Page 189 to Deposition Transcript][2]

///

---

[2] This inquiry, which would be posed relating to each LLC Defendant, involves basic factual examination of Dr. Kabins relating to the underlying factual allegations presented in this Action.

- 6 -

15. Does Dr. Kabins have any knowledge about the investment in Capri, LLC [Page 203 to Deposition Transcript]

19. Is it your intention to recover from Benessere monies you've lost in 99th Indian School through this lawsuit? [Pages 205-206 to Deposition Transcript; See also Pages 207-208 to Deposition Transcript]

20. Are you saying you do not understand what relief you've asked for in the complaint? [Page 206 to Deposition Transcript]

21. As it relates to your personal intention as an agent for the partnership or any of the entities we've discussed in the last few hours, is it your intention to recover any loss that you sustained on 99th Indian School from Benessere? [Pages 206-207 to Deposition Transcript]

22. Is it your intention through this action to take these individual's interests to make yourself whole on a loss for 99th Indian School? [Page 208-209 to Deposition Transcript]

The LLC Defendants are properly entitled to examine Dr. Kabins regarding his intentions relative to each entity sued in this Action. The above inquiries do not seek information covered by the attorney-client privilege, as they all seek information relative to Dr. Kabins intentions relative to this Action. The do not seek a legal opinion from Dr. Kabins.

23. Do you understand that as, as part of your agreement when you invested in these properties, that you agreed to sell when the membership agreed to sell and that you could not sell this property on your own? [Page 211 to Deposition Transcript]

24. Do you know that, in fact, you are not permitted to sell any share in Benessere unless or until the membership agrees to sell it? [Page 212-213 to Deposition Transcript]

These inquiries seek Dr. Kabins understanding of the operative documents upon which this Action presumably is premised. These inquiries do not seek legal opinions from Dr. Kabins. These inquiries seek information relative to Dr. Kabins understanding of the documents he signed.

25. What if any information do you have personally or as an agent of the entities and you yourself that Benessere does not have value? [Page 213-214 to Deposition Transcript]

26. Do you have any personal opinions as to whether the land that encompasses Benessere has any value? [Page 213 to Deposition Transcript]

Again, Dr. Kabins invokes the attorney-client privilege with regard to personal information as an agent of the Kabins Entities. This information would not be covered by any attorney client privilege, nor has Dr. Kabins identified how this information is privileged.

### C. General Questions Relating to the Allegations of the Complaint

The following inquiries highlight the bad faith nature of Dr. Kabins utilization of the attorney-client privilege. Initially, neither Dr. Kabins, nor his counsel, attempted to lay any proper foundation for the utilization of the attorney-client privilege, instead opting to merely invoke the privilege without proper reference to the eight-part enumerated factors presented in *Ruehle*.[3]

5. Is this case being handled on a contingency or hourly basis? [Pages 34-35]

The LLC Defendants merely sought to determine whether this Action was being handled on a contingency or hourly basis. There is nothing in the disclosure of this information that would implicate any confidential attorney-client information. *See In re Osterhoudt*, 722 F.2d 591, 593 (9th Cir. 1983).

16. Is Capri is bankruptcy? [Pages 203-204 to Deposition Transcript]

17. Is 99th Indian School in bankruptcy? [Page 204 to Deposition Transcript]

18. What if any filings, notices have you received as agent for the entities, or you personally, from the Bankruptcy Court regarding any filings on any of the properties involved in this lawsuit? [Page 204-205 to Deposition Transcript]

---

[3] An eight-part test determines whether information is covered by the attorney-client privilege: (1) where the legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communication related to that purpose; (4) was made in confidence; (5) by the client; (6) or at his insistence permanently protected; (7) from disclosure by himself or by the legal advisor; and (8) unless the protection is waived. *Id.*, 583 F.3d 600, 607.

9. When, if at all, did you get a recommendation from any stockbroker that you've had that handled matters for the partnership to transfer stock assets to the LLC? [Page 49 to Deposition Transcript]

10. Was the overseas account formed at Dr. Kabins' direction? [Pages 54-55 to Deposition Transcript]

11. Why don't you know where the account is? [Page 57 to Deposition Transcript]

Incredibly, Dr. Kabins would not even answer any inquires regarding notices received from the Bankruptcy Court. Based upon the foregoing inquiries, it appears that Dr. Kabins and his counsel are systematically taking the position that if his attorney discussed any matter, regardless of the nature, extent and/or purpose of the communication, that any independent knowledge Dr. Kabins had regarding any such matter(s) would then be covered by the attorney-client privilege. In essence, the privilege would then shield all information, facts and knowledge Dr. Kabins had, regardless of the source and context of any such information. This is improper. Dr. Kabins did not segregate any of the information. *See Ruehle*, 583 F.3d at 609.

## III. CONCLUSION

The LLC Defendants respectfully request that this Court grant the instant Motion to Compel and order the relief requested herein.

Respectfully submitted.

DATED this 12th day of April 2010.

        ALBERT D. MASSI, LTD.


By   /s/
   ALBERT D. MASSI, ESQ.
   3202 West Charleston Boulevard
   Las Vegas, Nevada 89102
   (702) 878-8778
   Attorneys for BENESSERE, LLC, CIPRIANI, LLC, GILA BEND 384, LLC, BUCKEYE 80 WEST THREE, LLC and BUCKEYE CANAMEX 77 ONE, LLC

**CERTIFICATE OF MAILING**

I hereby certify that on the 12th day of April, 2010, **REPLY BRIEF TO MOTION TO COMPEL,** was served electronically on ALL INTERESTED PARTIES by service through the Clerk of the Court, pursuant to U.S.D.C. Local Rule 5-4 (unless otherwise noted) to:

By _____/s/_____
An agent and/or employee of ALBERT D. MASSI, LTD.

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778