UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, a Nevada Limited Partnership, *et al.,*  <br><br>   Plaintiffs,  <br><br>vs.  <br><br>CHAIN CONSORTIUM, a Nevada general partnership, *et. al.*  <br><br>   Defendants. | 2:09-cv-1125-GMN-RJJ  <br><br>**O R D E R** |

This matter was referred to the undersigned Magistrate Judge on Plaintiff Kabins Family Limited Partnership's Motion To Disqualify Counsel (#280). The Court has considered Plaintiff's Motion (#280); Plaintiffs' Opposition (#290); Defendant's Reply (#294) and the argument and representations of the parties at a hearing held on the motion

**BACKGROUND**

On June 23, 2009, Plaintiff Kabins Family Limited Partnership *et. al.,* (Kabins entities) filed a Complaint against Defendants, Chain Consortium *et. al.,* alleging misrepresentation and fraud. Kabins' entities claimed 46 causes of action arising under both federal and state law, against 35 separate corporate and individual defendants. The parties were allegedly involved in a series of seven separate commercial real estate developments. The Kabins entities assert that Defendants were part of a fraudulent scheme, violated fiduciary duties and as a result caused financial harm to the Kabins entities. Kabins entities requested $11 million in damages.

On December 2, 2009, several Defendants, represented by Albert D. Massi, filed their Answer. The Answer asserted numerous counterclaims including: civil conspiracy, breach of fiduciary duty, and unjust enrichment. Both parties have commenced and participated in extensive

1  pre-trial proceedings, including discovery.

2  Currently before the Court is Kabins entities' Motion to Disqualify Albert D. Massi, Ltd.,
3  Attorneys for Defendants Benessere, Cipriani, Gila Bend, Buckeye 77, and Buckeye 80 (#280).
4  Kabins entities seek to disqualify Massi based on alleged conflict of interest arising under NRCP 1.7,
5  1.8, and 1.9. Kabins entities assert that Albert D. Massi is an investor with the Defendants, has a self
6  interest in the case, and has other conflicts due to his prior representations. Defendants admit Massi
7  is an investor, but argue there is no conflict of interest. Additionally, Defendants assert that Kabins
8  entities are seeking disqualification for a tactical advantage and request sanctions for costs and fees
9  to defend.

## DISCUSSION

11 Generally, parties have the right to retain the counsel of their choice. *Cole v. U.S. Dist. Court*
12 *for the Dist. Of Idaho*, 366 F.3d 813 (9th Cir. 2004). Attorneys admitted to practice before this court
13 must "adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as
14 adopted and amended from time to time by the Supreme Court of Nevada, except as such may be
15 modified by this court." Local Rule (LR) IA 10-7(a). Disqualification motions therefore present
16 courts with a "delicate and sometimes difficult" task. *Brown v. Eighth Judicial Dist. Court ex rel.*
17 *County of Clark*, 116 Nev. 1200, 1205 (Nev. 2000). Courts should approach disqualification with
18 "considerable reluctance" and impose disqualification "only when no other alternative exists." *Millen*
19 *v. Eight Judicial District Ex. Rel. County of Clark*, 148 P.3d 694 (Nev. 2006)("Attorney
20 disqualification is an extreme remedy...").

21 When analyzing potential disqualification, courts balance three competing interests: (1) the
22 individual right to be represented by counsel of one's choice; (2) each party's right to be free from
23 the risk of even inadvertent disclosure of confidential information; and (3) the public's interest in the
24 scrupulous administration of justice. *Brown,* 116 Nev. At 1205. "Close cases are resolved in favor
25 of disqualification." *In-N-Out Burger v. In & Out Tire & Auto, Inc.,* 2008 WL2937294 (D. Nev)
26 (citing *Palmer v. Pioneer Inn Assocs.*, 19 F. Supp. 2d 1157, 1162 (D. Nev. 1998) *overruled on*
27 *other grounds*). Nevertheless, courts must use "[p]articularly strict judicial scrutiny" for a motion
28 to disqualify opposing counsel because there is a significant possibility of abuse for tactical

- 2 -

1  advantage. *In-N-Out Burger* (citing *Optyl Eyewear Fashion Int'l Corp. v. Sytle Cos., Ltd.*, 760 F.2d
2  1045, 1050 (9th Cir. 1985)). The moving party bears the burden of establishing an ethical violation
3  or other factual predicate upon which the motion depends. *See United States v. Walker River Irr.*
4  *Dist.*, 2006 WL 618823 (D. Nev.) (citing *Colyer v. Smith*, 50 F.Supp.2d 966, 967 (C.D. Cal. 1999).

5  **1. Standing**

6      Kabins entities argue that Massi, and his firm, should be disqualified because of a conflict
7  of interest arising under Nevada Rules of Professional Conduct 1.7, 1.8, and 1.9. Defendants assert
8  however that Kabins entities have no standing to bring a disqualification motion because Kabins
9  entities are neither clients, nor former clients of Massi.

10      The party seeking disqualification bears the burden of establishing that it has standing to do
11  so. *Walker River Irr. Dist.*, 2006 WL 618823 *4. "Neither the United States Supreme Court, nor the
12  Ninth Circuit has addressed the particular question of whether the standing doctrine bars a nonclient
13  party from moving to disqualify the opposing party's counsel on the grounds of a conflict of
14  interest." *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1156 (W. D. Wash. 2006).
15  Nevertheless, the majority view is that "only a current or former client of an attorney has standing
16  to complain of that attorney's representation of interests adverse to that current or former client."
17  *Colyer v. Smith*, 50 F. Supp. 2d 966, 969 (C.D. Cal. 1999).

18      However, a nonclient party may have standing to bring a motion to disqualify "where an
19  ethical breach so infects the litigation ... that it impacts the moving party's interest in a just and
20  lawful determination of [the moving party's] claims." *FMC Technologies, Inc*, 420 F. Supp. 2d at
21  1156 (citing *Colyer*, 50 F. Supp. 2d at 971-72). "In such a case, the prudential barrier to litigating
22  the rights and claims of third parties ... [is] ... overcome by the court's inherent obligation to manage
23  the conduct of attorneys who appear before it and to ensure the fair administration of justice." *Id*.

24      In the motion as well as at the hearing, Kabins entities claimed to be former clients of Massi.
25  Kabins entities assert that because Massi frequently provided Dr. Kabins legal advise and Massi
26  claimed to be counsel in the "Landers Case," Kabins entities are essentially Massi's former clients.
27  Kabins entities lack documentation or actual examples of the legal advise Massi provided to Dr.
28  Kabins. Additionally, Kabins entities have not produced a retainer agreement to show Massi was

- 3 -

1  counsel in the "Landers Case." Kabins entities only evidence that Massi was counsel in the "Landers
2  Case" is an alleged phone conversation between Massi and another attorney, who was not present
3  at the hearing. There is no reliable evidence that Massi was ever counsel for Kabins entities. The
4  Court concludes that Kabins entities are neither clients, nor former clients of Massi.

5  In anticipation that the Court would find Kabins entities to be nonclients, Kabins entities also
6  argue to be at least "privies" of Defendants. In order to have standing as nonclients, Kabins entities
7  must show an ethical breach which so infects the litigation, that it impacts Kabins entities interest
8  in a "just and lawful determination" of the claims. *See FMC Technologies, Inc*, 420 F. Supp. 2d at
9  1156. Kabins entities assert that Massi's alleged ethical breaches impact Kabins entities' interest
10 as members of the Massi Equity Defendants because Kabins entities will bear the economic burden
11 of Massi's attorney fees inflicted on the Massi Equity Defendants. Additionally, Kabins entities
12 assert that because Massi is an investor with the Massi Equity Defendants, Massi has an incentive
13 to unnecessarily increase the cost of litigation to compensate for any personal loses he might suffer
14 as a result of losing the case. Kabins entities arguments are entirely centered on the potential
15 expense of litigation. Kabins entities have not alleged any ethical breach which would undermine
16 a "just and lawful determination" of the claims. Kabins entities therefore have not met their burden
17 of proof as nonclients. Given the general rule that only former or current clients have the necessary
18 personal stake in a conflict of interest dispute, the Court finds that Kabins entities do not have
19 standing. Furthermore, even if the Court assumes standing, Kabins entities have failed to prove a
20 conflict of interest.

21 **2.      No Conflict of Interest Under NRPC 1.7**

22 Under NRPC 1.7, Kabins entities argue that Massi's representation of Dana Corbo,
23 individually, conflicts with Massi's representation of Cipriani and Gila Bend. NRPC 1.7 states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyers responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph

- 4 -

        (a), a lawyer may represent a client if:
            (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to the client;
            (2) The representation is not prohibited by law;
            (3) The representation does not involve the assertion of a claim by one client against another client represented in the same litigation or other proceedings before a tribunal; and
            (4) Each affected client gives informed consent, confirmed in writing.

To establish a concurrent conflict of interest, Kabins entities must show: (1) Massi's representation of Corbo, Cipriani, and Gila Bend are directly adverse to one another, or (2) that Massi's representation of all three clients will materially limit his responsibilities to each individually.

In regards to Corbo and Gila Bend, Kabins entities argue that because Corbo is the sole manager of Gila Bend, there is a clear concurrent conflict of interest in representing both Corbo and Gila bend. The Court disagrees. Kabins entities have failed to show how representing Corbo is directly adverse to Gila Bend (or visa vera), or how Massi's responsibilities to either client will be limited by representing the other. Kabins entities skip to the paragraph (b) analysis of NRPC 1.7 and assert that Corbo could not possibly consent to Massi representing Corbo individually and Gila Bend. The analysis falls short and the Court cannot speculate on how representing Corbo is adverse to or materially limits representing Gila Bend. Therefore, there is no apparent concurrent conflict of interest between representing Corbo and representing a company, Gila Bend, Corbo manages.

In regards to Corbo and Cipriani, Kabins entities argue that because Corbo is an investor in Cipriani and due to new proposed amendments to the Cipriani Operating Agreement, there is a concurrent conflict of interest in representing both Corbo and Cipriani. The proposed amendment, if approved, would allegedly benefit Corbo, as well as Massi, at the expense of Cipriani. Kabins entities argue that Massi's attorney/client duties to Corbo demand that Massi increase Corbo's compensation, backdate such compensation, and to cover indemnification, which "does not appear to be in Cipriani's best interest." However, as far as the Court understands, Massi represents neither Corbo nor Cipriani in the matter regarding the proposed amendment. Therefore it is unclear how such an unrelated matter will adversely affect or materially limit Massi's duties to either Corbo or Cipriani. The Court will not speculate and finds no concurrent conflict of interest between representing Corbo and representing Cipriani.

**2.     No Conflict of Interest Under NRPC 1.8**

Under NRPC 1.8, Kabins entities argue that Massi's self-interest in Benessere, Cipriani, Gila Bend, and Buckeye 80, conflicts with Massi's representation of Defendants. Massi's has investments of approximately $3 million with these defendants. Kabins entities argue that Massi may start, and possibly already is, creating unnecessary legal expenses to compensate for any loses he might incur in his investments. NRPC 1.8 states:

> (a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
> (1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
> (2) The client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
> (3) The client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

First, there is no indication that Massi represented the Defendants in the investment transaction and therefore NRPC does not apply. Both parties agree that Massi's role in the transaction was simply that he invested money with the Defendants. Second, Kabins entities cite *In re Singer*, 109 Nev. 1117, 1120-1121(1993), for the notion that when an attorney has a personal financial interest in any transaction with a client, there is a presumption of impropriety which can only be overcome with clear and convincing evidence. However, this is an overstatement of the holding in *In re Singer*. "Any" business transaction is not meant to include the transaction in which a party retains an attorney as counsel. Attorneys always have a personal financial interest in being retained as counsel. Furthermore, NRPC 1.8 refers to business transactions or "other pecuniary interest[s] adverse to a client." Here, Massi invested money with the Defendants prior to the claim by Kabins entities. The Court does not see nor will it speculate how investing money with a company is adverse to that company.

Additionally, Kabins entities use Massi's investor status to claim he will unnecessarily increase legal fees. However, Kabins entities use their own investor status to claim they will have to pay Defendants' attorney fees. Under this logic, Massi has an incentive to keep his attorney fees low, because he, at least in part, will be paying the fees. The Court finds Kabins entities' reasoning

circular and unsubstantiated.

## **ORDER**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs Motion to Disqualify Counsel (#280) is **DENIED**.

IT IS SO ORDERED.

DATED this 31st day of March, 2011.

*Robert J. Johnston*
ROBERT J. JOHNSTON
United States Magistrate Judge