UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS, NEVADA


KABINS FAMILY LIMITED          )
PARTNERSHIP, et al.,           ) Docket No. 2:09-CV-1125-GMN-RJJ
                               )
            Plaintiffs,        )
                               )
        vs.                    )
                               )
CHAIN CONSORTIUM, et al.,      )
                               ) Las Vegas, Nevada
            Defendants.        ) May 4, 2011
                               ) 11:38:13 a.m.
_____)
And related cases and parties)



**HEARING RE: OBJECTIONS DURING DEPOSITION**



THE HONORABLE ROBERT J. JOHNSTON PRESIDING
MAGISTRATE JUDGE OF THE U.S. DISTRICT COURT









Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____
2:09-CV-1125-GMN-RJJ     Kabins v. Chain Consortium     5/4/11     **Hearing**

APPEARANCES:

FOR THE PLAINTIFFS:          For Kabins Family, LLC, Dr. Kabins,
                               Lori C. Kabins:
                             JODI DONETTA LOWRY, Esq.,
                             Dickinson Wright PLLC
                             7201 W. Lake Mead Blvd., Suite 503
                             Las Vegas, Nevada 89128
                             jdlowry@dickinsonwright.com

                             For Dr. Kabins:
                             JOHN V. SPILOTRO, Esq.,
                             Spilotro & Kulla
                             626 South Third Street
                             Las Vegas, Nevada 89101
                             John@spilotroandkulla.com

FOR THE DEFENDANTS:          For Benessere, LLC; Cipriani, LLC;
                               and Gila Bend, LLC:
                             ALBERT D MASSI, Esq.,
                             CHAD A. BOWERS, Esq.,
                             3202 West Charleston Boulevard
                             Las Vegas, Nevada 89102
                             mamasoto@yahoo.com
                             chadbowers@lawyer.com

                             For Gabriel Martinez, 99th & Indian
                               School, LLC; 99th Indian School
                               Management, LLC; Capri I, LLC;
                               Capri II, LLC; and
                               Phoenix 83rd, LLC:
                             WILLIAM K. SKAGGS, Esq.,
                             Law Office of William K. Skaggs, LLC
                             401 North Buffalo Drive, Suite 100
                             Las Vegas, Nevada 89145
                             kerryskaggs@msn.com

                             (Continued)

APPEARANCES:


FOR THE DEFENDANTS:          For Main Amundson Associates:
                             LISA J. ZASTROW, Esq.,
                             Kaempfer Crowell Renshaw Gronauer &
                                Fiorentino
                             8345 West Sunset Road, Suite 250
                             Las Vegas, Nevada 89113
                             lzastrow@kcnvlaw.com

                             For Eddy Gutzman, III; GEIII. LLC.,
                                Gutzmann, III; Cipriani Benefit;
                                Cipriani Management; Benessere
                                Management; Gila Bend Management:
                             BARBARA I. JOHNSTON, Esq.,
                             Johnson & Associates
                             1700 W. Horizon Ridge Parkway,
                                Suite 206
                             Las Vegas, Nevada 89013
                             bjohnston@whiteandmeany.com

                             For Todd W. Bergman, TWB Enterprises:
                             MARIO P. LOVATO, Esq.,
                             Lovato Law Firm, P.C.
                             619 South Sixth Street
                             Las Vegas, Nevada 89101
                             mpl@lovatolaw.com

```
 1  LAS VEGAS, NEVADA                    WEDNESDAY, MAY 4, 2011

 2              PROCEEDINGS BEGAN AT 11:38:13 A.M.

 3                         *  *  *  *  *

 4         THE COURT:  Please be seated.

 5         THE CLERK:  Kabins Family Limited Partnership versus

 6  Chain Consortium, et al., 09-Civil-1125-GMN-RJJ.

 7         THE COURT:  Thank you.

 8         Counsel, please enter your appearances for the

 9  record.  Starting with plaintiffs' counsel.  If you indicate

10  the party or parties you represent and any law firm you're

11  associated with so the clerk can capture that information for

12  the record.

13         MS. LOWRY:  J. D. Lowry, Your Honor, from Dickinson

14  Wright on behalf of Kabins Family Limited Partnership now

15  doing business as Kabins Family, LLC, and Lori C. Kabins as

16  trustee for the Lori C. Kabins separate property trust.

17         I'm also here representing Dr. Kabins as an

18  individual for his deposition today.

19         THE COURT:  Thank you.

20         MR. SPILOTRO:  Thank you, Your Honor.

21         THE COURT:  Mr. Spilotro.

22         MR. SPILOTRO:  John Spilotro on behalf of Dr.

23  Kabins, Your Honor.  Usually my role here is pretty limited

24  and it has to usually do with the criminal prosecution that

25  was in this courthouse in front of the Honorable Judge
```

NW TRANSCRIPTS, LLC - Nevada Division
P.O. Box 890
Nampa, Idaho 83653-0890
(208) 908-7998 - gayle@nwtranscripts.com

1  Quackenbush, but that being said, some of the issues came up

2  so I had to pipe in a little bit, so.

3          THE COURT:  Very good.  That's fine.  Thank you.

4          MR. MASSI:  Good morning, Judge.

5          THE COURT:  On the defense side.  Mr. Massi.

6          MR. MASSI:  Al Massi for Benessere, LLC; Cipriani,

7  LLC; and Gila Bend, LLC along with Mr. Bowers, Chad Bowers.

8          THE COURT:  Thank you.

9          MR. SKAGGS:  Good morning, Your Honor.  William

10 Kerry Skaggs on behalf of Defendants Gabriel Martinez, 99th

11 Indian School, LLC; 99th & Indian School Management, LLC;

12 Capri I, LLC; Capri II, LLC; and Phoenix 83rd, LLC.

13          I know that the Court had requested attorneys only

14 but with the Court permission, my law clerk, Bridget Foley-

15 Peak [phonetic] is here.  If she could attend for educational

16 purposes?

17          THE COURT:  That's fine.

18          MR. SKAGGS:  Thank you.

19          MS. JOHNSTON:  Good morning, Your Honor.  Barbara

20 Johnston, Bar Number 3748.  I represent Eddy Gutzman, III;

21 G. E. Gutzmann, III; Cipriani Benefit; and Cipriani

22 Management; Benessere Management; and Gila Bend Management on

23 behalf of Eddy Guzman.

24          THE COURT:  Thank you.

25          MR. LOVATO:  Good morning, Your Honor.  Mario

 1   Lovato of Lovato Law Firm on behalf of two defendants.  One

 2   is Todd W. Bergman and the other one using his initials is

 3   TWB Enterprises.

 4              THE COURT:  Thank you.

 5              MS. ZASTROW:  Good morning, Your Honor.  Lisa

 6   Zastrow with Kaempfer Crowell representing the third party

 7   defendants, Jim Main and Main Amundson Associates.

 8              THE COURT:  Thank you.  Is that everyone?  Very

 9   good.

10              MR. MASSI:  Judge -- yes, Your Honor.

11              THE COURT:  What's -- who's -- I understand there's

12   a dispute in the course of the taking of the deposition?

13   Who's the deponent today?

14              MR. MASSI:  Dr. Kabins, Your Honor.

15              THE COURT:  Okay.  And what's the issue?

16              MR. MASSI:  Your Honor, you recall having been

17   subjected to this for the last year or so.  Some difficulty

18   -- the difficulties we had with the last deposition, and a

19   lot of it arose as a result of claims of attorney/client

20   privilege and the extent to which we could go.  And we've

21   gotten through a lot of it this morning relatively well, but,

22   Dr. Kabins has, as a matter of course either doesn't know or

23   now has started to rely, we believe, on the attorney/client

24   privilege and we just want to find out if we're right or

25   wrong.  And by "we" I mean me.

 1              THE COURT:  Okay.

 2              MR. MASSI:  And let me ask you, if I may to indulge

 3  me, and I'll tell you -- give you an impression of at least

 4  three of the questions I've asked and their areas.  I -- as I

 5  said, I represent the three LLCs:  Gila Bend, Benessere, and

 6  Cipriani.  I've asked Dr. Kabins, understanding the

 7  background of some things that managers did inappropriately,

 8  I asked, what did the LLCs -- what in your opinion, you

 9  personally, your personal knowledge, what did the LLCs or the

10  members -- or the individual members of the LLCs do wrong?

11              The second thing I asked was -- another thing I

12  asked I should say is, what, if any, monetary damages, the

13  amount of your damages, what, if any, monetary damages have

14  you sustained as a result of any actions or activity by the

15  three LLCs that I represent?

16              And then I also asked -- Dr. Kabins has been

17  convicted or pled guilty to felony -- [unintelligible] a

18  felony under this [unintelligible] and I -- subject of Mr.

19  Bergman who is a party defendant in this case, he sold to the

20  hospitals equipment Dr. Kabins used.  I asked in conjunction

21  -- or as an outgrowth of that, I understood that he lost

22  privileges at hospitals in Las Vegas as a result of his

23  conviction and in fact the right to do Medicare/Medicaid

24  patients.  That was objected to based on the lack of

25  relevance, the question was certified and he was told not to

1    answer.

2           THE COURT:  So was the question, did you lose

3    privileges anywhere?

4           MR. MASSI:  Lose privileges at the hospital.

5           THE COURT:  And then where?

6           MR. MASSI:  Yes.  And my thought process, Judge,

7    was he still does business with that supplier as I understand

8    it that Mr. Bergman is the purveyor for the supplier.  I

9    wanted to know if he lost privileges why is he still doing

10   business with him?  Is he doing business with him because of

11   any agreement he had with Mr. Bergman, side agreement, et

12   cetera?  I need -- I wanted to know some of the background on

13   why he is still doing business with the company that he is

14   suing now and obviously claims damages from it.

15          But I -- the more important issues to me, Judge,

16   are, -- I understand and I don't want to ever broach the

17   attorney/client privilege, but I can't allow voluntarily

18   Mr. Kabins to continue to use it as a shield to every

19   question.

20          THE COURT:  Okay.

21          MR. MASSI:  That every conversation with his

22   attorney means that he can raise it as an objection to

23   virtually every question I ask.  And that's where I need the

24   direction and I thank you for it.

25          THE COURT:  Okay.  Thank you.

 1          Ms. Lowry, did you want to speak to this?

 2          MS. LOWRY:  I do, please.

 3          With respect to the attorney/client privilege

 4  issues, the questions that have been at issue -- and we

 5  actually brought the court reporter in to read those back if

 6  the Court would like to hear those as they were specifically

 7  asked --

 8          THE COURT:  Is Mr. Massi's memory weak on the

 9  questions asked?

10          MS. LOWRY:  I believe it would be helpful for the

11  Court to know what the actual questions were that had been

12  asked.

13          THE COURT:  If the questions were as he framed them

14  here in court would they be all right and could they be

15  answered?

16          MS. LOWRY:  I am not sure what you mean by the

17  questions "as he framed them here."

18          THE COURT:  Well, the first question is, what did

19  the LLCs or members of them do wrong?

20          MS. LOWRY:  And I believe Dr. Kabins answered that

21  with respect to Dr. Kabins' personal knowledge obtained

22  independently of counsel.  But what -- what we're objecting

23  to is specifically to the extent that Dr. Kabins knows the

24  facts, only from having been told those facts by counsel and

25  the result of an invest -- an investigation by counsel that

 1  didn't include Dr. Kabins personally, then his -- his

 2  knowledge of that must necessarily be the outgrowth or the

 3  result of privileged attorney/client community.

 4          A comparable example --

 5          THE COURT:  Now wait a second.  What's the reason

 6  for the communication?

 7          MS. LOWRY:  That Dr. Kabins went to an attorney and

 8  asked, did anything wrong happen here or --

 9          THE COURT:  Okay.  Let me take the next step then.

10  When do you eventually release that information to the

11  defendants?

12          MS. LOWRY:  The defendants have the ability to

13  request, through written discovery prior to trial what --

14  what position Kabins Family Limited Partnership and Lori C.

15  Kabins as trustee of the Lori C. Kabins Separate Property

16  Trust will be taking at trial and what their evidence is in

17  support of that?

18          THE COURT:  Wait a second.  Wait a second.  You

19  got a lawsuit here, Dr. Kabins alleging that some things

20  were done wrong, right?

21          MS. LOWRY:  Correct.

22          THE COURT:  Okay.  And somebody says, what was done

23  wrong?  I don't care where he gets the information.  If he's

24  got information and he's got an opinion about that, he needs

25  to give it.

 1           MS. LOWRY:  Even -- but, Your Honor, what we're

 2    looking at though is a situation where --

 3           THE COURT:  You're trying to say that because you

 4    did the investigation or an investigator did it and gave it

 5    to you and then you talked to him about it and said, here's

 6    what we're going forward on the lawsuit.  He's the client.

 7    He made the decision he's going to sue on this basis, they

 8    have a right to know what it is.  And I'm not going to play

 9    any games with you and force them to file interrogatories or

10    other requests for information.  The guy's under oath, let

11    him answer.  If he knows the answer, he should answer.

12    That's not privileged.  That takes care of the first one.

13           The second question, what are the monetary damages?

14    Where's the attorney/client privilege in that?

15           MS. LOWRY:  If the monetary damages were something

16    that were calculated and assessed on an independent basis by

17    the attorneys and Dr. Kabins wasn't a part of that process --

18           THE COURT:  So you've already disclosed that, I

19    assume as part of your 26(a) disclosures?

20           MS. LOWRY:  The -- I can't speak to that for

21    certain, Your Honor.

22           THE COURT:  Well, did you or did you not?  Doesn't

23    Rule 26(a) say under your initial disclosures you've got to

24    give the damages and the damage information?

25           MS. LOWRY:  If --

```
 1              THE COURT:  Was it given or wasn't it?

 2              MS. LOWRY:  I don't know off the top of my head,

 3  Your Honor.

 4              THE COURT:  So you're in violation of 26(a) in the

 5  initial disclosures?

 6              MS. LOWRY:  It's very likely that what -- what was

 7  stated in the initial disclosures was what was known at the

 8  time pending further discovery.

 9              THE COURT:  And what's the -- what's the

10  responsibility to update that information?  And you don't do

11  it on the last day of discovery, right?

12              MS. LOWRY:  That's correct.  But --

13              THE COURT:  So does he have no knowledge about what

14  his damages are in this case?

15              MS. LOWRY:  Only to the extent that we've told him.

16              THE COURT:  Fine.  He can answer that question.

17  Let's go to the third one then.

18              What facilities or where has he lost medical

19  privileges?  What's -- where's the privilege in that?

20              MS. LOWRY:  There's -- we're not asserting a

21  privilege with respect to that.  I believe, Your Honor, that

22  Mr. Massi was pursuing that line of questioning to

23  effectively harass Dr. Kabins.  There's -- there's no --

24              THE COURT:  Well, no, it's not harassment.  It's

25  information that's background just like asking if he had a
```

1  medical degree at some point as part of his education,

2  right?

3          MS. LOWRY:  Your Honor, it's --

4          THE COURT:  Isn't it?

5          MS. LOWRY:  -- it's difficult for me to imagine how

6  the privileges at which doctor -- or the hospital --

7          THE COURT:  Okay.  Okay, so the objection is whether

8  or not it's relevant.  Under Rule 30, if the objection is

9  relevance what do you do at a deposition?

10         MS. LOWRY:  You make the objection and preserve it

11 for the record.

12         THE COURT:  And answer the question, right?

13         MS. LOWRY:  And --

14         THE COURT:  Good.  That answers that one.

15         Now the only other thing that's kind of tagging

16 along is whether or not there's some side arrangement or

17 continuing dealing with Bergman.

18         MS. LOWRY:  And -- and --

19         THE COURT:  Where's the privilege in that?

20         MS. LOWRY:  -- but, Your Honor, that -- that isn't

21 -- I disagree that wasn't a question that we --

22         THE COURT:  It may not have been.

23         MS. LOWRY:  -- had an issue about and it was

24 answered.

25         THE COURT:  It may have been an extension of where

 1  he's going with this.

 2        MS. LOWRY:  And Dr. Kabins answered the question.

 3        THE COURT:  Is that going to be a problem?

 4        MR. SPILOTRO:  No.

 5        THE COURT:  Is that going to be a problem?  Okay.

 6        MS. LOWRY:  I don't --

 7        MR. SPILOTRO:  Your Honor --

 8        THE COURT:  Mr. Spilotro, you want to jump in?

 9        MR. SPILOTRO:  -- if I may?  Maybe I -- maybe I can

10  clarify a little bit of that.

11        THE COURT:  Well, you're present to advise Mr.

12  Kabins because you represented him in the criminal -- or did

13  represent him in the criminal case.

14        MR. SPILOTRO:  Correct.  And what I'm going to say

15  is this.  You know they went into the privileges.  At first

16  -- I mean obviously it was -- the way -- you have to

17  understand the time line.  There were investments made in

18  '04, the lawsuit was filed in '09, any privileges Dr. Kabins

19  lost we're talking about in 2010.  It's long after the fact.

20  So when Mr. Massi asked that line of question, I said, oh,

21  if you're worried about bias that he's feeding him business,

22  just ask that question.  Which Mr. Massi did ask.  Dr. Kabins

23  answered it and said, no, I haven't been doing business.

24        THE COURT:  Okay.

25        MR. SPILOTRO:  In my view it should have ended

 1  there and the caveat is this, Your Honor, to the extent in

 2  that's the criminal case, Your Honor is well aware there was

 3  a plea, and however that plea, although it precluded maybe

 4  the federal government from any further prosecution, it

 5  doesn't preclude a state government or any other entity of

 6  doing it.  So he still has his Fifth Amendment attach [sic].

 7          THE COURT:  We -- we all -- we all understand.

 8          MR. SPILOTRO:  And that's been litigated in this

 9  courthouse in front of Judge Navarro, Judge Leen, and I don't

10  want to -- and the Supreme Court teachings on this are very

11  clear.  On Fifth Amendment privileges I have to be very

12  careful to object early enough so as not to -- to create a

13  waiver.

14          THE COURT:  But, Mr. Spilotro, let me interrupt

15  you --

16          MR. SPILOTRO:  Yes.

17          THE COURT:  -- cause I haven't heard that there was

18  an objection based on Fifth Amendment.

19          MR. SPILOTRO:  No, not -- not yet, but I was afraid

20  -- I understand.

21          THE COURT:  I'm not worried about it then.

22          MR. SPILOTRO:  No.

23          THE COURT:  You can raise -- Dr. Kabins can raise

24  it at --

25          MR. SPILOTRO:  Correct.

 1          THE COURT:  -- the appropriate time.  And there's

 2  law that tells you how you treat that in the civil case,

 3  right?

 4          MR. SPILOTRO:  I appreciate that, Your Honor.  Yes.

 5          THE COURT:  So that answers that question.

 6          MR. SPILOTRO:  But the other --

 7          THE COURT:  Is there anything else left?

 8          MR. SPILOTRO:  No, the only thing I wanted to note

 9  for Your Honor was this though.

10          THE COURT:  Okay.

11          MR. SPILOTRO:  To the extent that damages and that

12  sort of thing, because we're talking about large amounts of

13  money, to the extent any damages would have been calculated

14  say, you know, by a -- an accountant or other or forensic

15  people, know this, Your Honor, this is the first bit of

16  discovery in this whole case.

17          THE COURT:  Okay.

18          MR. SPILOTRO:  Just -- I, you know, there are other

19  -- there are also other discovery needs [sic], you know, to

20  the extent the -- you know, they complain if the witness

21  doesn't know.  That's all.

22          THE COURT:  One of which is Rule 26(a), initial

23  disclosures.

24          MR. SPILOTRO:  No.  And I -- I appreciate that,

25  Your Honor.

 1              THE COURT:  So, you know, that's pretty

 2      straightforward.  Anything further?

 3              UNIDENTIFIED SPEAKER:  Yes, Your Honor, one

 4      additional thing.  During his deposition we're seeing two

 5      sets of civil objections being made by the two attorneys for

 6      Kabins at the same time, essentially tag teaming on that.

 7              THE COURT:  Who's making objections?

 8              UNIDENTIFIED SPEAKER:  Both of the attorneys on

 9      plaintiffs side and they're generally civil objections.

10              THE COURT:  Mr. Spilotro -- wait a second -- Mr.

11      Spilotro, are you making objections?

12              MR. SPILOTRO:  I did log an objection only as to an

13      attorney/client privilege.

14              THE COURT:  You shouldn't be speaking.  You're not

15      counsel of record in this case.  You're going to work through

16      Ms. Lowry if you've got anything to say in that deposition

17      otherwise I'll just exclude you.

18              MR. SPILOTRO:  Okay.  That'll be fine, Your Honor.

19              THE COURT:  All right?

20              MR. SPILOTRO:  Not a problem.

21              THE COURT:  And then if your client has a problem

22      he can come out and consult with you, just like he does at

23      the grand jury or anywhere else, but --

24              MR. SPILOTRO:  No.  Then that's fine, Your Honor.

25              THE COURT:  -- I don't want you impeding the

```
 1  progress.

 2          Was there anything else?

 3          UNIDENTIFIED SPEAKER:  No, Your Honor.

 4          THE COURT:  Okay.  Ms. Lowry, anything further?

 5          MS. LOWRY:  No, Your Honor.

 6          THE COURT:  Okay.  Good.  Sounds like you're back

 7  on track then.

 8          MR. MASSI:  Yes, sir.

 9          MS. LOWRY:  Thank you, Your Honor.

10          MR. SPILOTRO:  Thank you, Judge.

11          UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

12          THE COURT:  Be sure and take a lunch break, I don't

13  want anybody to collapse in the midst of all this work.

14          MR. MASSI:  Thank you very much for your time,

15  Judge.

16          THE COURT:  We'll be in recess.

17          THE CLERK:  All rise.

18      (Court recessed at 11:52:49 a.m., until 1:51:28 p.m.)

19          THE CLERK:  Please rise.

20          THE COURT:  Please be seated.

21          THE CLERK:  Kabins Family Limited Partnership, et

22  al. versus 3900 LLC, et al., 2:09-CV-1125-GMN-RJJ.

23          THE COURT:  Thank you.

24          Counsel, please enter your appearances for the

25  record, starting with plaintiffs' counsel, please.
```

```
 1            MS. LOWRY:  J. D. Lowry, Your Honor of Dickinson,

 2  Wright for the named plaintiffs whom -- whose names I won't

 3  repeat in full here.

 4            THE COURT:  That's fine.

 5            MS. LOWRY:  And Dr. Kabins individually today for

 6  the deposition.

 7            THE COURT:  Thank you.

 8            And the defense?

 9            MR. MASSI:  Al Massi for Benessere, Gila Bend, and

10  Cipriani, LLC, Your Honor.

11            THE COURT:  Thank you.

12            MR. SKAGGS:  William Kerry Skaggs, Your Honor, for

13  Defendant Gabriel Martinez and several other entities, I hope

14  I can recall from memory but Capri I, LLC.

15            THE COURT:  That's okay.  We've got the earlier

16  record --

17            MR. SKAGGS:  Thank you, Your Honor.

18            THE COURT:  -- so we'll treat this as a

19  continuation.

20            MR. SKAGGS:  Thank you.

21            MS. JOHNSTON:  Barbara Johnston on behalf of Eddy

22  Guzman and his various business entities.

23            THE COURT:  Thank you.

24            MR. LOVATO:  Mario Lovato on behalf of Defendant

25  Todd W. Bergman and TWB Enterprises.
```

```
 1                THE COURT:  Thank you.

 2                MS. ZASTROW:  Lisa Zastrow, Your Honor, with the

 3    third-party defendants named as produced [unintelligible].

 4                THE COURT:  Thank you.

 5                MR. BOWERS:  Chad Bowers, Your Honor, here with Mr.

 6    Massi.

 7                THE COURT:  Thank you.

 8                I understand there's another dispute.

 9                MR. MASSI:  Yes, Your Honor.  I was --

10                THE COURT:  Who wants to tell me what it is or frame

11    the issue?

12                MR. MASSI:  I was starting to recommence the

13    deposition at approximately 1:35 when counsel advised that

14    on behalf of Dr. Kabins that it was her intention, on his

15    behalf to appeal your earlier decision, your decision this

16    morning, to Judge Navarro and/or further.  At which point I

17    represented to her that I felt that your decision was the --

18    presently the law, but I didn't say the law of the case in

19    my response but I -- your decision was appropriate.  That if

20    she wanted to object that I would go forward with the

21    deposition based on your decision with the understanding that

22    she could preserve her objection allowing her to take her

23    appeal to wherever she wants.  Segregating that part of the

24    deposition if necessary and having subject to being struck if

25    Judge Navarro or the Ninth Circuit agreed with her position.
```

1  She didn't feel, apparently, that that was an appropriate

2  tactic and so we're back before you for your determination.

3          THE COURT:  Okay.  That's fine.

4          Ms. Lowry, what's the -- what's the position here?

5          MS. LOWRY:  Your Honor, with all due respect we do

6  disagree with your ruling and --

7          THE COURT:  Certainly, that's okay.  That happens

8  from time to time.

9          MS. LOWRY:  But our position --

10         THE COURT:  There's -- and there's a procedure in

11  place to deal with that.

12         MS. LOWRY:  Indeed.  And our position is that --

13  and note that we're all here today in the courthouse.  I

14  don't have access to, for example, my computer where I can do

15  legal research here on the fly.  I think, at a minimum, this

16  is an issue that the parties should be afforded an

17  opportunity to brief out, just to go ahead and get that out

18  in front of you.  But my very strong concern with Mr. --

19         THE COURT:  Let me -- let me do this.  Let me do

20  this because I think the rules are very clear how to deal

21  with this.  I don't think there's a big decision that I have

22  to make here.  Really you and your client have to make the

23  decision.

24         From my understanding of what's been framed, we

25  have a situation where you disagree with my decision.

1   There's no automatic appeal of that.  Obviously that decision

2   never goes to the Ninth Circuit Court of Appeals until the

3   case is over.  You can take it to the District Court Judge

4   and there's a rule and a provision under 28, U.S.C., 636 to

5   appeal that and the local rule provides how to do that as

6   well.

7          So, all we need to do is go back to the rule and

8   we get the information that we need to advise us going

9   forward, and then you and your client have the decision to

10  make, okay?  You're familiar with Rule 30?

11         MS. LOWRY:  I am, Your Honor, but I --

12         THE COURT:  So that would put you, I assume, under

13  Rule 30 subsection (c)(2) which deals with objections.  It

14  reads as follows:

15         "An objection at the time of the examination

16      whether to evidence, to a party's conduct, to the

17      officer's qualifications, to the manner of taking

18      the deposition or to any other aspect of the

19      deposition must be noted on the record, but the

20      examination still proceeds.  The testimony is taken

21      subject to any objection.  An objection must be

22      stated concisely in a non-argumentative and non-

23      suggestive manner."

24         Here's where we get to the meat and potatoes.

25         "A person may instruct a deponent not to

1        answer, only when necessary to preserve a privilege

2        to enforce a limitation ordered by the court" --

3        there is none in this case -- "or to present a

4        motion under Rule 30(d)(3)."  End quote.

5             So it looks like the first thing that has to happen

6    is if there's an objection here, which I'm assuming we're

7    back to claim of privilege --

8             MS. LOWRY:  Yes, Your Honor.

9             THE COURT:  -- all you have to do is instruct your

10   client not to answer.  Have you done that?

11             MS. LOWRY:  Not yet, I -- because this is my

12   concern, Your Honor, and with all due respect, I believe --

13   and again, I'm not able to do legal research here but I

14   actually have looked at this relatively recently.  I believe

15   that there's a recent Ninth Circuit case that indicates that

16   specifically with respect to issues related to the

17   attorney/client privilege, if there's a potential that a

18   witness may be compelled to breach the attorney/client

19   privilege, that is something that is actually appealable and

20   [unintelligible] --

21             THE COURT:  Well, that's to the Ninth Circuit.

22             MS. LOWRY:  Okay.

23             THE COURT:  I just gave you my opinion on what I

24   thought the law was.  You can take it anywhere you want to.

25   That's okay.  All I'm saying is here's the procedure of how

1  we go forward today.

2          So I'm assuming your claim is privilege here on

3  behalf of your client.  You will instruct your client not to

4  answer and that will end it.

5          MS. LOWRY:  Okay.

6          THE COURT:  You'll take the appropriate then,

7  challenge to my decision to the District Court Judge.

8          Now, the other option that you have available is a

9  reference here to Rule 30(d)(3).  30(d)(3) deals with motion

10  to terminate or limit the taking of the deposition.

11  Subsection (a) grounds:

12          "At anytime during the deposition the deponent

13      or a party may move to terminate or limit it on the

14      ground that it is being conducted in bad faith or in

15      a manner that unreasonably annoys, embarrasses or

16      oppresses the deponent or party.  The motion may be

17      filed in the Court where the action is pending or

18      the deposition is being taken" -- same jurisdiction

19      in this case -- "if the objecting deponent or party

20      so demands the deposition must be suspended for the

21      time necessary to obtain an order."

22          I would assume we're not there, right?

23          MS. LOWRY:  Correct, Your Honor.

24          THE COURT:  This is only claim of privilege.  So

25  the only thing that's left is you do drop down and an award

 1   of expenses is a potential here under Rule 37(a)(5) in the

 2   end as -- as this thing moves forward.  And I just mentioned

 3   that because I think you may want to be aware of that as you

 4   go forward.

 5              MS. LOWRY:  Understood, Your Honor.

 6              THE COURT:  Okay.  All right.

 7              So do I need anything further on the record today?

 8              MR. MASSI:  Your Honor, if I might please --

 9              THE COURT:  Yes.

10              MR. MASSI:  -- on behalf of at least my clients.

11              It would then be my position that many of the

12   questions I was going to ask -- and I really didn't have a

13   whole lot more than this, but many --

14              THE COURT:  Yes.

15              MR. MASSI:  -- of the questions I had to ask there

16   was going -- there were going to be questions following

17   [unintelligible].  Obviously if you'll recall from this

18   morning one was about damages, one was what he knew that my

19   clients did wrong, and I have --

20              THE COURT:  Right.

21              MR. MASSI:  -- a short series of questions on each

22   after.  I don't want to ask -- I can't get to those without

23   knowing the answer to these.  So --

24              THE COURT:  Right.

25              MR. MASSI:  -- but we're here and it was difficult

 1  to arrange the schedule for everyone --

 2          THE COURT:  I can understand.

 3          MR. MASSI:  -- and we truly want to get through

 4  this deposition at least in my lifetime, which may or may

 5  not be long or short.

 6          THE COURT:  You look pretty good today, Mr. Massi,

 7  so.

 8          MR. MASSI:  Thank you, sir.  But -- so for that

 9  reason I would ask if -- I don't want to go forward with the

10  deposition and come back and have to redo what we've done.

11  Counsel wanted to suspend it.  I don't want to suspend it

12  but if I need to do that I would ask your permission, (a) to

13  have it reconvened if the Court -- regardless of whether the

14  Court -- Judge Navarro agrees or disagrees with you,

15  reconveying -- convene -- could not use my mouth in my work

16  -- in the same manner as we're doing it today here, so we

17  can bother you periodically if we need it, at a time

18  convenient to the Court and the parties.  And (2) if I might

19  not be available when it reconvenes, depending on the time

20  the order gets, allowing Mr. Bowers to continue the

21  deposition in my stead.

22          MS. LOWERY:  And we don't have any objection to any

23  of that, Your Honor.

24          THE COURT:  Okay.  That's fine.

25          MR. MASSI:  Thank you.  And again, I speak only for

1  myself, Judge.  I don't know what everybody else's intention

2  is today.

3          THE COURT:  Yeah.  I'm just a very practical

4  person, you know.  You know, my attitude would be everybody

5  is here, get everything done that you can.  You know, and

6  even -- even the objection in regard to damages, you know,

7  what the monetary damages are and the objection is that the

8  information that the deponent has is attorney/client

9  privilege.

10          See, I can't comprehend how that's ever going to

11  be attorney/client privilege and how it's not going to come

12  out.  In fact, you know, it's an initial disclosure

13  requirement.  There's a supplement requirement.  I've got to

14  believe there's -- if there's not an interrogatory or written

15  request there soon will be one.  It just, to me, this seems

16  like a frivolous objection but, you know, that's my opinion

17  and you'll be able to take that up from here.

18          Also, there's no reason to instruct the client not

19  to answer the question.  Let the question -- let the client

20  answer what he knows and get it done.  I mean he must know

21  something about what his damages are that did not come from

22  the attorney.  Either that -- well, I'm not going to cast

23  aspersions.  The doctor can say what he wants to say and you

24  can say what you want on behalf but that's just my

25  observations.

 1              Again, I may be much too practical for you, Ms.

 2   Lowry, and that's okay.

 3              MS. LOWRY:  No.

 4              THE COURT:  But you've -- you know what the rule

 5   is.  Please don't act like your praying again and bowing.

 6              MS. LOWRY:  Oh, I'm so sorry.  That -- just

 7   something --

 8              THE COURT:  It's just not appropriate.

 9              MS. LOWRY:  -- to do with my hands.  I'm so sorry.

10              THE COURT:  I understand but you put your hands

11   together and you -- in a praying motion and bow toward me.

12   It's very awkward.  I'm not deity and there's no divine

13   leadership up here today, just the Federal Rules of Civil

14   Procedure 30.

15              MS. LOWRY:  My apologies, Your Honor.

16              THE COURT:  Okay?  We'll be in recess.

17              MR. MASSI:  Thank you, Judge.

18              MS. JOHNSTON:  Your Honor, may I bring up an issue?

19              THE COURT:  Oh, excuse me.  Ms. Johnston, yes.

20              MS. JOHNSTON:  May I be heard?

21              THE COURT:  Yes.

22              MS. JOHNSTON:  I would like to proceed with my

23   questions today.  I haven't touch on any of those issues

24   that I believe would be attorney/client privilege in terms

25   of what Dr. Kabins may say and I would like to proceed with

 1  that -- the Court's already --

 2          THE COURT:  I'll leave that to you and Ms. Lowry.

 3          MS. JOHNSTON:  Okay.

 4          THE COURT:  I mean, you know, I've read the rule.

 5  I've indicated that sanctions under 37 could kick in.  I just

 6  add that as a caution.  Like I say, I'm just a practical

 7  person.

 8          MS. JOHNSTON:  Understood.  Thank you, Judge.  I

 9  appreciate it.

10          THE COURT:  You know, I've been doing this for,

11  you know, 23 years.  I was a litigator in Federal Court for

12  many years before that, and I just -- I take that approach

13  to things.  But we are guided by the rules and Ms. Lowry and

14  her client can make their decision as they feel is

15  appropriate.

16          MR. MASSI:  Thank you, Judge.

17          ALL:  Thank you.

18          THE COURT:  Okay.

19          MR. MASSI:  Thanks again for your time.

20          THE COURT:  We'll be in recess.

21              PROCEEDINGS CONCLUDED AT 2:03:25 P.M.

22                  * * * * * * * * *

23

24

25

## CERTIFICATION

I (WE) CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
ABOVE-ENTITLED MATTER.

**NW TRANSCRIPTS, LLC
NEVADA DIVISION
P.O. BOX 890
NAMPA, IDAHO 83653-0890
(208) 908-7998
gayle@nwtranscripts.com**

/s/ Gayle Martin-Lutz
FEDERALLY CERTIFIED MANAGER/OWNER

Kay McCrea                                    5/12/11
TRANSCRIBER                                   DATE