# EXHIBIT 1

```
                      DISTRICT COURT

                   CLARK COUNTY, NEVADA



KABINS FAMILY LIMITED PARTNERSHIP,    )
a Nevada Limited Partnership; LORI    )
C. KABINS, as Trustee for LORI C.     )
KABINS SEPARATE PROPERTY TRUST, a     )
Nevada Trust,                         )
                                      )
           Plaintiff,                 )
                                      )
vs.                                   )  CASE NO.
                                      )  2:09-CV-1125-GMN-RJJ
CHAIN CONSORTIUM, a Nevada General    )
Partnership; 3900, LLC, a Nevada      )
Limited-Liability Company; 99th &     )  AMENDED NOTICE OF TAKING
INDIAN SCHOOL, LLC, a Nevada          )  DEPOSITION UPON ORAL
Limited-Liability Company; 99th &     )  EXAMINATION
INDIAN SCHOOL MANAGEMENT, LLC, a      )
Nevada Limited-Liability Company;     )
BENESSERE, LLC, a Nevada Limited-     )       VOLUME II
Liability Company; BENESSERE          )
MANAGEMENT, LLC, a Nevada Limited-    )
Liability Company; TODD W. BERGMAN,   )
an individual; BUCKEYE CANAMEX 77     )
ONE, LLC, a Nevada Limited-Liability  )
Company; BUCKEYE 80 WEST THREE, LLC,  )
a Nevada Limited-Liability Company;   ) . . .



              DEPOSITION OF MARK KABINS, M.D.

        Taken at the United States District Court
   333 Las Vegas Boulevard, Third Floor, Attorneys' Lounge
                   Las Vegas, Nevada  89101

                 On Wednesday, May 4, 2011
                       9:00 a.m.




Reported by:  Renee Silvaggio, CCR No. 122
```

| | |
|---|---|
| 1 | ... |
|   | CAPRI I, LLC, a Nevada Limited- ) |
| 2 | Liability Company; CAPRI II, LLC, ) |
|   | a Nevada Limited-Liability ) |
| 3 | Company; JEFF CHAIN, an ) |
|   | individual; LINDA CHAIN, an ) |
| 4 | individual; JEFF AND LINDA CHAIN, ) |
|   | as Trustees for the JEFF & LINDA ) |
| 5 | CHAIN FAMILY TRUST, a Nevada ) |
|   | Trust; CIPRIANI, LLC, a Nevada ) |
| 6 | Limited-Liability Company; ) |
|   | CIPRIANI MANAGEMENT, LLC, a Nevada ) |
| 7 | Limited-Liability Company; ) |
|   | COTTONWOOD RETAIL, LLC, a Nevada ) |
| 8 | Limited-Liability Company; GEIII, ) |
|   | LLC, also known as GE, III, LLC, ) |
| 9 | a Nevada Limited-Liability ) |
|   | Company; GILA BEND 384, LLC, a ) |
| 10 | Nevada Limited-Liability Company; ) |
|   | EDWARD GUTZMAN III, an individual; ) |
| 11 | INNOVATIVE ASSETS, LLC, a Nevada ) |
|   | Limited-Liability Company; J. ) |
| 12 | MATTHEW KAMMEYER, an individual; ) |
|   | KAN INVESTMENTS, LLC, a Nevada ) |
| 13 | Limited-Liability Company; GABRIEL ) |
|   | MARTINEZ, ESQ., an individual; ) |
| 14 | MICHAEL'S PLAZA, LLC, a Nevada ) |
|   | Limited-Liability Company; ) |
| 15 | MILLENNIUM CONSTRUCTION, INC., ) |
|   | doing business as MCI, a Nevada ) |
| 16 | Corporation; MILLENNIUM COMMERCIAL ) |
|   | PROPERTIES, LLC, a Nevada ) |
| 17 | Limited-Liability Company; ) |
|   | MILLENNIUM PROPERTIES & ) |
| 18 | DEVELOPMENT, INC., a Nevada ) |
|   | Corporation; MODERN MANAGEMENT, ) |
| 19 | INC., a Nevada Corporation; ) |
|   | PHOENIX 83RD, LLC, a Nevada ) |
| 20 | Limited-Liability Company; ALLYN ) |
|   | F. POVILAITIS, also known as ) |
| 21 | ALLYN F. POVILATIS, an ) |
|   | individual; RCRE, LLC, a Nevada ) |
| 22 | Limited-Liability Company; and ) |
|   | T.W.B. ENTERPRISES, INC., a ) |
| 23 | Nevada Corporation, ) |
|   |   ) |
| 24 |             Defendants. ) |
|   |   ) |
| 25 |   |

```
 1  APPEARANCES:

 2  For the Plaintiffs Kabins Family Limited Partnership and
                      Lori C. Kabins, as trustee for
 3                    Lori C. Kabins Separate Property Trust:

 4                         J.D. LOWRY, ESQ.
                           Dickinson Wright, PLLC
 5                         City Center West
                           7201 West Lake Mead Boulevard
 6                         Suite 503
                           Las Vegas, NV  89128
 7                         (702) 541-7891

 8
    For the Plaintiff Mark Kabins, M.D.:
 9
                           JOHN SPILOTRO, ESQ.
10                         Spilotro & Kulla
                           626 South Third Street
11                         Las Vegas, Nevada 89101
                           (702) 385-4994
12

13  For the Defendants Benessere, LLC; Gila Bend, LLC; and
                       Cipriani, LLC:
14
                           ALBERT D. MASSI, ESQ.
15                         CHAD A. BOWERS, ESQ.
                           Albert D. Massi, LTD
16                         3202 West Charleston Boulevard
                           Las Vegas, NV  89102
17                         (702) 878-8778

18
    For the Defendants Edward Gutzman; Cipriani Management, LLC; and
19                     Benessere Management, LLC;
                       DBA Gutzman, GEIII, LLC; DBA GE, III, LLC.
20
                           BARBARA I. JOHNSTON, ESQ.
21                         Irsfeld & Associates, LLC
                           1700 West Horizon Ridge Parkway
22                         Suite 206
                           Henderson, NV  89012
23                         (702) 734-0400

24

25
```

```
 1  APPEARANCES:

 2  For the Defendants Todd W. Bergman and T.W.B. Enterprises:

 3                          MARIO P. LOVATO, ESQ.
                            Lovato Law Firm
 4                          619 South Sixth Street
                            Las Vegas, Nevada  89101
 5                          (702) 979-9047

 6
    For the Defendants Gabriel Martinez; 99th & Indian School, LLC;
 7  99th & Indian School Management, LLC; Capri I, LLC; Capri II, LLC;
    and Phoenix 83rd, LLC:
 8

 9                          WILLIAM KERRY SKAGGS, ESQ.
                            Law Office of William Kerry Skaggs
10                          808 South 7th Street
                            Las Vegas, Nevada  89101
11                          (702) 445-6700

12
    For Third Party Defendants Main and Main Amundson:
13
                            LISA J. ZASTROW, ESQ.
14                          Kaempfer Crowell Renshaw
                            Gronauer & Fiorentino
15                          8345 West Sunset Road
                            Suite 250
16                          Las Vegas, Nevada  89113-2092
                            (702) 693-4202
17

18  Also present:           TODD BERGMAN

19                          BRIDGET FOLEY, paralegal

20                          DAWN BECK, Videographer
                            Beck Video Productions
21

22                          *   *   *   *   *

23

24

25
```

```
         1  BY MR. MASSI:
         2      Q    I don't want to know any conversation, just did you
         3  review the Complaint?
         4      A    I looked at the Complaint.
10:35AM  5      Q    Did you read the whole thing?
         6      A    I don't recall if I read the whole thing.
         7      Q    You don't know what you're alleging as against
         8  Mr. Bergman though?
         9      A    That's not what you asked me.
10:35AM 10      Q    I know what I asked you, Doctor.  Don't correct me.
        11  I'll -- I'll correct myself when necessary, Doctor.  I'm not here
        12  to be instructed by you.
        13           What I asked you was:  Do you know the allegations you
        14  made against Mr. Bergman?  That's all I asked you.
10:36AM 15      A    Uh, as written in the Complaint?
        16      Q    Yes.
        17      A    I'd have to review the Complaint in order to tell you.
        18
        19              (The following question has been certified
10:36AM 20               and referenced as Certified Question 2.)
        21
        22  BY MR. MASSI:
        23      Q    Well, then without referencing the Complaint or reviewing
        24  it, I have it here, and I don't want to spend the time going
10:36AM 25  through 156 pages and waste another day, but tell me what you
```

```
 1  think Mr. Bergman did wrong that -- that precipitated your need to
 2  sue him?
 3       A    Okay.
 4            MS. LOWRY:  And I'll instruct the witness not to answer
 5  to the extent that the answer would disclose confidential
 6  attorney/client communications.
 7            MR. MASSI:  I agree, Counsel.
 8  BY MR. MASSI:
 9       Q    Tell me what you think he did wrong.  I don't care what
10  your attorney thinks.
11       A    So in part.
12       Q    Say it again.
13       A    I said:  So in part.
14       Q    In part?
15       A    He told me, one, he was not going to be paid anything
16  until these investments concluded, and he would be -- be paid in
17  arrears rather than up front.
18            He told me that on numerous occasions.
19       Q    Anything else?
20       A    He also stated that he trusted the investment entities,
21  that he recommended it strongly and continued to recommend the
22  investments and additional investments without having -- it was my
23  understanding that he had knowledge of the specific investments,
24  that he had an understanding, and he was functioning as an
25  individual where he makes money to encourage me to -- propose that
```

|          |    |                                                                      |
|----------|----|----------------------------------------------------------------------|
|          |  1 | I buy -- not I, but the entities purchase the -- the limited         |
|          |  2 | partners, in the various investments.                                |
|          |  3 | And he took a position of -- of knowledge in stating I'm             |
|          |  4 | familiar with this and the investments and -- and I'm familiar       |
| 10:38AM  |  5 | with the people and I know them, and I will -- am encouraging you    |
|          |  6 | and -- and telling you that you should -- I would advise that you    |
|          |  7 | buy these investments.                                               |
|          |  8 | Q    Anything else?                                                  |
|          |  9 | A    I've learned a number of things through                         |
| 10:38AM  | 10 | attorney/client afterwards.                                          |
|          | 11 | Q    Don't want to know that. Don't want to know.                    |
|          | 12 | MR. LOVATO: All right. We wouldn't want to know the                  |
|          | 13 | actual communication. Things that he knows, we don't have a          |
|          | 14 | problem knowing.                                                     |
| 10:38AM  | 15 | MR. BOWERS: Can -- can I just suggest something? I                   |
|          | 16 | don't -- I don't want to double-team Mr. Kabins, but I think we      |
|          | 17 | might agree on this, Miss Lowry.                                     |
|          | 18 | MS. LOWRY: Tell me what you're proposing.                            |
|          | 19 | MR. BOWERS: What I'm proposing is that if -- if                      |
| 10:38AM  | 20 | Mr. Kabins has an understanding that a certain act of                |
|          | 21 | Mr. Bergman's is actionable, I don't care where that came from, I    |
|          | 22 | think that's discoverable.                                           |
|          | 23 | If it would require him to say: My attorney told me                  |
|          | 24 | this -- that shouldn't be commented upon.                            |
| 10:38AM  | 25 | Do you agree or disagree with that?                                  |

```
 1            MS. LOWRY:  I'm not sure I understand the parameters of
 2   what you're setting out.
 3            I -- and I apologize if --
 4            MR. BOWERS:  Let me try again.
 5            MS. LOWRY:  Okay.
 6            MR. BOWERS:  Mr. Massi's question to Dr. Kabins is:  You
 7   are suing Mr. Bergman because?
 8            He's listed a few things.
 9            MS. LOWRY:  Uh-huh.
10            MR. BOWERS:  There's some other things.
11            MS. LOWRY:  Uh-huh.
12            MR. BOWERS:  They may or may not have come from a
13   discussion with your office.  Okay?
14            Certainly we would not want him to say:  My attorney told
15   me this.
16            MS. LOWRY:  Correct.
17            MR. BOWERS:  That's inappropriate.
18            MS. LOWRY:  Uh --
19            MR. BOWERS:  However, if he has knowledge that some other
20   action is actionable, he can comment on that.
21            What he -- what he should not say is -- if Mr. Massi says
22   why do you think that or how do you know that, at that point he
23   shouldn't answer.  He shouldn't say:  Oh, my attorney told me.
24            Does that make sense or not?
25            MR. SPILOTRO:  My -- my -- my response to that would on
```

```
 1   behalf of Dr. Kabins is, is it's the communication itself that is
 2   privileged.
 3          The fact that you're leaving out I learned it from my
 4   lawyer doesn't, I believe, help the situation any.
 5          Because if he just divulges those facts, he's now waived
 6   the communication.  And I don't want to go down a slippery slope
 7   and start waiving attorney/client privilege.  Okay.
 8          And just the fact that the communication is revealed is
 9   the issue.  Not whether or not he says he learned it from his
10   lawyer.
11          MS. LOWRY:  I agree.
12          And that was what I was not really clear on what -- what
13   you were going for, Mr. Bowers.
14          MR. MASSI:  Then why don't -- then why don't we agree to
15   note this area of questioning, as we did the first.
16          MS. LOWRY:  Okay.
17          MR. MASSI:  I don't think Mr. Spilotro was here.
18          MS. LOWRY:  Right.
19          MR. MASSI:  When we said this would happen was right at
20   the beginning there was a question, we almost recessed and decided
21   not to rather than delay, anything that comes up like this, what
22   we'll do is note them and ask the court reporter to note them.
23          And then, when necessary, we'll submit it to
24   Judge Johnston and -- and let him make the decision whether it's
25   right or wrong.
```

```
 1  BY MR. MASSI:
 2      Q    Okay.  You told me what you personally thought, and I'm
 3  going to ask this in the same context, not what your lawyers told
 4  you but what you personally thought Mr. Bergman did wrong.
 5           I want you to tell me in your opinion specifically what
 6  you think Benessere, LLC, Cipriani, LLC, and Gila Bend, LLC, only,
 7  did that caused you any damage?
 8           MS. LOWRY:  Objection, form.
 9           THE WITNESS:  That is 100 percent attorney/client
10  privilege.
11           I have no answer outside of the attorney/client
12  privilege.
13  BY MR. MASSI:
14      Q    In other words, your entire understanding of what they
15  did wrong is based on what your attorney told you?
16      A    Correct.
17      Q    Okay.  What monetary --
18           MR. BOWERS:  I'm sorry, let's mark that because it --
19           MR. MASSI:  That one too?
20           MR. BOWERS:  Sure.  Yeah.  I mean I think we need to
21  resolve this.  I have a disagreement about -- we have a
22  disagreement about how the privilege works as to facts.
23           MR. MASSI:  Okay.  Go ahead and mark that one, too,
24  please.  That will be the fourth one, I believe.
25
```

Timestamps: 10:59AM (line 5), 11:00AM (line 10), 11:00AM (line 15), 11:00AM (line 20)

```
 1  actions and activities -- or activities of the LLCs, Benessere,
 2  Cipriani, and Gila Bend?
 3              MS. LOWRY:  Objection, form and compound.
 4              THE WITNESS:  I don't --
 5              THE REPORTER:  Form and what?
 6              MS. LOWRY:  Compound.
 7              THE REPORTER:  Thank you.
 8              MR. MASSI:  I can do one at a time if you want.
 9              Do you want me to do one at a time?
10              MS. LOWRY:  Please do one at a time.
11  BY MR. MASSI:
12     Q    What -- what loss, if any, of the entities, the party
13  plaintiffs in this case, sustained as a result of the actions and
14  activities of Gila Bend LLC, the LLC?
15     A    I don't know.
16     Q    What losses, if any, have the entities that are party
17  plaintiffs in this case, sustained as a result of the actions and
18  activities of Benessere, LLC?
19     A    I don't know.
20     Q    What losses, if any, have the entities, the party
21  plaintiffs in this case, sustained as a result of the actions or
22  activities of Cipriani, LLC?
23     A    Same answer, I don't know.
24     Q    What, if anything, did any of the members of any of these
25  three entities do that caused your party plaintiffs or you
```

```
 1  personally, your party plaintiffs or you personally, any monetary
 2  loss?
 3          MS. LOWRY:  Objection, form.
 4          And I'm going to instruct the witness not to answer to
 5  the extent that answer would require the disclosure of
 6  communications between Dr. Kabins and his attorneys.
 7          MR. MASSI:  Note that one too.
 8  BY MR. MASSI:
 9      Q   But go ahead and answer the question if it doesn't
10  require you to tell me what your attorney told you.
11      A   No, it -- it -- it -- it's based on attorney/client
12  conversation, education.
13          MR. MASSI:  Note that one.
14  BY MR. MASSI:
15      Q   Also -- I'm going to go back and ask the question a
16  different way.
17          Do you have any personal knowledge that any member of
18  Benessere, Gila Bend, or Cipriani, caused you or the -- or the
19  party plaintiff entities in this case any damages, any monetary
20  damages?
21          MS. LOWRY:  Same objections, also calls for a legal
22  conclusion.
23          MR. BOWERS:  Oh -- I'm sorry.
24  BY MR. MASSI:
25      Q   Go ahead.  You can answer.
```

```
 1      A    Again, it -- I have to rely on my conversations with my
 2   attorneys as it relates to that.
 3           MR. SPILOTRO:  You asked a question, Al, if I may.
 4           You said:  Do you have any personal knowledge?
 5           MR. MASSI:  Yeah, personal knowledge.
 6           MR. SPILOTRO:  Well, his personal knowledge can be
 7   learned from an attorney.
 8           I think the question is:  Do you know of any facts or
 9   anything outside of an attorney/client context?
10           MR. MASSI:  Let me ask -- let me ask it again a different
11   way, another different way.
12   BY MR. MASSI:
13      Q    Do you have any personal knowledge, independently or
14   personally gathered by yourself, without input from your
15   attorneys, that Gila Bend members, Benessere members, or Cipriani
16   members caused you any personal damages, either you or the
17   entities, monetary or otherwise?
18           MS. LOWRY:  Objection; form, vague and ambiguous, and
19   calls for a legal conclusion.
20   BY MR. MASSI:
21      Q    Go ahead and answer.
22      A    As relates to monetary damages, once again, it goes back
23   to attorney/client privilege.
24           MR. MASSI:  Go ahead.
25
```

```
 1                    CERTIFICATE OF REPORTER
 2
 3    STATE OF NEVADA      )
                           )
 4    COUNTY OF CLARK      )
 5
 6            I, Renee Silvaggio, a duly commissioned notary public,
 7    Clark County, State of Nevada, do hereby certify:
 8            That I reported the deposition of MARK KABINS, M.D.,
 9    commencing on Wednesday, May 4, 2011, 9:00 a.m.
10            That prior to being deposed, the witness was duly sworn
11    by me to testify to the truth.
12            That I thereafter transcribed my said shorthand notes
13    into type writing, and that the typewritten transcript is a
14    complete, true, and accurate transcription of my said shorthand
15    notes.
16            I further certify that I am not a relative or employee of
17    counsel or any of the parties, nor relative or employee of the
18    parties involved in said action, nor a person financially
19    interested in the action.
20            IN WITNESS WHERE OF, I have set my hand and affixed my
21    official seal in my office in the County of Clark, State of
22    Nevada, on this 7th day of May 2011.
23
24                                         _____
25                                         RENEE SILVAGGIO, CCR NO. 122
```