# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, *a Nevada limited partnership*, et al., | Case No. 2:09-cv-01125-GMN-RJJ |
| Plaintiffs, | **ORDER** |
| vs. | |
| 3900, LLC, *a Nevada limited-liability company*, 99TH & INDIAN SCHOOL, LLC, *a Nevada limited-liability company*, et al., | |
| Defendants. | |

Before the Court is Plaintiffs Kabins Family, LLC and the Lori C. Kabins Separate Property Trust's Motion for Entry of Default Judgment Against Defendant Millennium Construction, Inc. (MCI) (Doc. No. 326).   A proposed Order did not accompany the Motion. Defendant MCI was properly served through its agent for service of process with the Summons and Complaint on July 21, 2009 (Doc. No. 74).  MCI's Answer to Plaintiff's Complaint was due on August 10, 2009; however, MCI failed to file its Answer.  The Clerk's Entry of Default Judgment against MCI was entered on August 24, 2009 (Doc. No. 123).  Plaintiffs served a copy of their Motion for Entry of Default Judgment on October 1, 2010, but MCI has nonetheless failed to file any opposition contesting the amount of damages.

Plaintiff's Motion is made pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.   Plaintiffs bear the burden of proving entitlement to the sum sought in its motion; whether to enter a judgment by default is a decision entrusted to the sound discretion of the district court. *See Bender Shipbuilding & Repair Co., Inc., v. Vessel DRIVE OCEAN V*, 123 F.Supp 2d 1201, 1208 (S.D. Cal. 1998), aff'd, 221 F.3d 1348 (9th Cir. 2000).

The Court has considered the following factors: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

It appearing that a proper factual basis exists for the court's award, the court will forego a hearing.  Despite the strong public policy favoring decisions on the merits, Defendant's default occurred because it failed to file an Answer, and has made no attempt to dispute Plaintiffs' substantive claims.  A review of Plaintiffs' Motion plainly demonstrates that Plaintiffs' Complaint is sufficient, the claims are likely meritorious and Plaintiffs will suffer further prejudice without a judgment because Defendant MCI will not pay the amount owed without a judgment.  The sum at stake directly corresponds to the amount contemplated in the parties' agreement and there is little possibility of a dispute concerning the material facts.

Accordingly, the Court exercises its discretion and hereby enters a default judgment in favor of Plaintiffs Kabins Family, LLC and the Lori C. Kabins Separate Property Trust and against Millennium Construction, Inc., as follows:

1) For **compensatory damages** in the amount of **$11,182,387.44, plus interest**;

2) For **exemplary and punitive damages** pursuant to NRS 42.005 in the amount of **$33,547,162.32**;

3) **For treble damages** under 18 U.S.C. § 1964 in the amount of **$33,547,162.32**; and

/ / /

/ / /

/ / /

4)   Attorney's fees and costs. **Counsel must submit a Bill of Costs and Motion for Attorney's Fees in compliance with Local Rule 54.**

DATED this 22nd day of June, 2011.

_____
Gloria M. Navarro
United States District Judge