ALBERT D. MASSI, LTD
ALBERT D. MASSI, ESQ.
Nevada State Bar No. 329
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
(702) 878-8778

Attorneys for Defendants/Counter-Claimants/Cross-Claimants/Third-Party Plaintiffs,
BENESSERE, LLC, CIPRIANI, LLC,
GILA BEND 384, LLC, BUCKEYE 80 WEST THREE, LLC and BUCKEYE CANAMEX 77 ONE, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, A Nevada Limited Partnership; LORI C. KABINS, As Trustee for LORI C. KABINS SEPARATE PROPERTY TRUST, A Nevada Trust,<br><br>Plaintiff,<br><br>vs.<br><br>CHAIN CONSORTIUM, A Nevada General Partnership; 3900, LLC, A Nevada Limited-Liability Company; 99TH & INDIAN SCHOOL, LLC, A Nevada Limited-Liability Company; 99TH & INDIAN SCHOOL MANAGEMENT, LLC, A Nevada Limited-Liability Company; BENESSERE, LLC, A Nevada Limited-Liability Company; BENESSERE MANAGEMENT, LLC, A Nevada Limited-Liability Company; TODD W. BERGMAN, an individual; BUCKEYE CANAMEX 77 ONE, LLC, A Nevada Limited-Liability Company; BUCKEYE 80 WEST THREE, LLC, a Nevada Limited-Liability Company; CAPRI I, LLC, a Nevada Limited Liability Company; CAPRI II, LLC, a Nevada Limited-Liability Company; JEFF CHAIN, An individual; LINDA CHAIN, an individual; JEFF AND LINDA CHAIN, as Trustees for the JEFF & LINDA CHAIN FAMILY TRUST, a Nevada trust; CIPRIANI, LLC, a Nevada Limited-Liability Company; CIPRIANI MANAGEMENT, LLC, a Nevada Limited-Liability Company; COTTONWOOD RETAIL, LLC, a Nevada Limited-Liability Company; GEIII, LLC, also known as GE, III, LLC, A Nevada Limited-Liability Company; | **CASE NO.: 2:09-CV-1125-GMN-RJJ**<br><br>**REPLY TO COUNTER-MOTION TO STRIKE THE DEPOSITION OF JEFFREY BENTON CHAIN AND ALL ARGUMENTS CONTAINED IN THE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |



ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

GILA BEND 384, LLC, A Nevada Limited-Liability Company; EDWARD GUTZMAN III, An Individual; INNOVATIVE ASSETS, LLC, A Nevada Limited-Liability Company; J. MATTHEW KAMMEYER, An Individual; KAN INVESTMENTS, LLC, A Nevada Limited-Liability Company; GABRIEL MARTINEZ, ESQ., An Individual; MICHAEL'S PLAZA, LLC, A Nevada Limited-Liability Company; MILLENNIUM CONSTRUCTION, INC. doing business as MCI, A Nevada Corporation; MILLENNIUM COMMERCIAL PROPERTIES, LLC, a Nevada Limited-Liability Company; MILLENNIUM PROPERTIES & DEVELOPMENT, INC., A Nevada Corporation; MODERN MANAGEMENT, INC., A Nevada Corporation; PHOENIX 83RD, LLC, A Nevada Limited-Liability Company; ALLYN F. POVILAITIS, also known as ALLYN F. POVILATIS, An Individual; RCRE, LLC, A Nevada Limited-Liability Company; and T.W.B. ENTERPRISES, INC., A Nevada Corporation,

Defendants.

ALBERT D. MASSI, LTD.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
(702) 878-8778

COMES NOW, Defendants/Counter-Claimants/Cross-Claimants/Third-Party Plaintiffs, BENESSERE, LLC, A Nevada Limited Liability Company ("Benessere"), CIPRIANI, LLC, A Nevada Limited Liability Company ("Cipriani"), GILA BEND 384, LLC, A Nevada Limited Liability Company ("Gila Bend"), BUCKEYE 80 WEST THREE, LLC, a Nevada Limited-Liability Company ("Buckeye 80") and BUCKEYE CANAMEX 77 ONE, LLC, A Nevada Limited Liability Company (**collectively "LLC Defendants"**), and hereby file this Reply Brief to the **Counter-Motion to Strike the Deposition of Jeffrey Benton Chain and All Arguments Contained in the Motion for Leave to File First Amended Complaint**. [See Docket Nos. 391 and 397].

\\\

\\\

\\\

\\\

This Reply is based upon the attached Memorandum of Points and Authorities, all pleadings, papers, records or other documents on file herein, and upon such oral and/or documentary evidence as may be presented at the time of the hearing on this Motion.

The LLC Defendants further incorporate by reference herein their Response to Kabins Entities' Motion for Leave to File First Amended Complaint and Counter-Motion to Strike Deposition of Defendant, JEFF CHAIN (hereinafter "Mr. Chain"), taken in Mr. Chain's pending bankruptcy proceedings. [*See* Docket No. 386].

Respectfully submitted,

DATED this 3rd day of November 2011.

ALBERT D. MASSI, LTD.

By /s/

ALBERT D. MASSI, ESQ.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
(702) 878-8778
Attorneys for BENESSERE, LLC, CIPRIANI, LLC, GILA BEND 384, LLC, BUCKEYE 80 WEST THREE, LLC and BUCKEYE CANAMEX 77 ONE, LLC

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs, KABINS FAMILY LIMITED PARTNERSHIP, A Nevada Limited Partnership; LORI C. KABINS, As Trustee for LORI C. KABINS SEPARATE PROPERTY TRUST, A Nevada Trust (hereinafter collectively "Kabins Entities") and Third-Party Defendant, MARK B. KABINS (hereinafter "Kabins") (hereinafter collectively "Kabins Parties"), are improperly seeking to utilize Mr. Chain's May 9, 2011 deposition in support of the Motion for Leave to File First Amended Complaint (hereinafter "Motion to Amend") [*See* Docket No. 383].

*Federal Rules of Civil Procedure, Rule* 32(a) which requires, among other matters, that in order to utilize a deposition against a party at a hearing or trial, that party must have been present or represented at the taking of the deposition or had reasonable notice of it. The LLC Defendants were not present at Mr. Chain's deposition, were not represented at Mr. Chain's deposition and further had no notice of Mr. Chain's deposition.

Further, *Federal Rules of Evidence, Rule* 804(b)(1) **prevents** the use of Mr. Chain's deposition **in furtherance of the Kabins Parties' instant Motion to Amend**:

> (b) *Hearsay Exceptions.* The following are not excluded by the hearsay rule if the declarant **is unavailable as a witness:**
>
> > (1) *Former Testimony.* Testimony given as a witness at another hearing of the same or a different proceedings, **or in a deposition taken in** compliance with law in the course of the same or **another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination**. (emphasis)

\\\

\\\

\\\

\\\

\\\

Mr. Chain is not unavailable and the provisions of *FRE* 804(b)(1) prevent the utilization of Mr. Chain's deposition in support of their Motion to Amend.

Kabins Parties clearly intended to utilize the May 9, 2011 deposition of Mr. Chain in this Action against the LLC Defendants, as Kabins Entities' pending Motion to Amend states:

> "The Kabins Entities have filed, in the United States Bankruptcy Court for the District of Nevada, a Complaint to Determine Non-Dischargeability against Jeffrey and Linda Chain ("Mr. and Mrs. Chain") with respect to any judgment that may ultimately be entered against Mr. And Mrs. Chain in the instant matter." [*See* Docket 383, Page 3, Lines 4-7].

Kabins Parties intentionally failed to notice any party to this Action of Mr. Chain's May 9, 2011 deposition. It was a secret deposition, one-on-one between counsel for Kabins Parties and Mr. Chain. Mr. Chain had no counsel at his deposition nor were any of the other parties to this Action given any notice or any opportunity to cross-examine Mr. Chain. His deposition was a sham.

The LLC Defendants respectfully submit that Kabins Parties **may not** use Mr. Chain's May 9, 2011 deposition in furtherance of the Kabins Parties' instant Motion to Amend and any such attempted use should be stricken by this Court.

In *Goodman v. Platinum Condominium Dev.*, 2011 U.S. Dist. LEXIS 99628, which was cited by Kabins Parties in their Reply to the instant Motion to Amend [*See* Docket No. 392, Page 7, Line 11], United States District Court Judge Kent J. Dawson stated:

> **Fed. R. Civ. P. 32(a) permits a party to use deposition testimony from an earlier action against another party at a trial or hearing only when, inter alia, the party was present at the deposition or had reasonable notice of it, and it is "between the same parties, or their representatives or successors in interest." On a motion for class certification, the court may consider evidence that may not be admissible at trial.** *See e.g. Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) (class certification process not accompanied by the traditional rules and procedures applicable to civil trials). For example, affidavits are appropriate for determining whether a class should be certified. *Dukes v. Wal-Mart*, 474 F.3d 1214, 1245 (9th Cir. 2007) (reversed on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541,

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

> 180 L. Ed. 2d 374 (2011)). **<u>Deposition testimony from a prior action that does not comply with Fed. R. Civ. P. 32 can be used in the determination of motions that require support by affidavits</u>**. *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966-67 (9th Cir. 1981) (summary judgment motion); *Microsoft Corp. v. Very Competitive Computer Products Corp.*, 671 F. Supp. 1250, 1254 n.2 (N.D. Cal. 1987) (allowed use of prior deposition in personal jurisdiction determination because "[t]here is no need to require the party presenting the deposition testimony to obtain an affidavit that reiterates the information given in the deposition."). (emphasis added)

It is undisputed that this instant Action does not involve any issues relating to "class certification" and the instant Motion to Amend does not "require" support by affidavits. Kabin Parties concede this point in their Reply, wherein they state: "Interestingly, a motion for leave to amend does not even require the same level of support as other motions that require affidavits."[1] [*See* Docket No. 392, Page 7, Lines 15-16]. Kabins Parties' admission fully supports the exclusion and striking of Mr. Chain's deposition.

\\\

\\\

\\\

[1] In *Microsoft v. Very Competitive Computer Products Corp.*, 671 F. Supp. 1250, 1254 n.2 (N.D. Cal. 1987), the District Court stated:

> Defendants object to the use of J. Liu's deposition on the grounds that it was taken in a separate action in which neither VCCP nor Evergood is a named defendant. They argue that since neither party had notice of the deposition, Fed.R. Civ. P. 32 bars its use in this motion. To successfully oppose a motion to dismiss for lack of personal jurisdiction plaintiff is obligated to present facts, by affidavit or otherwise, supporting personal jurisdiction. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). **Deposition testimony given on personal knowledge that is presented in lieu of affidavits may be considered by the court as substitute affidavits for purposes of motions <u>that require support by affidavits</u>, despite their inadmissibility under Fed.R. Civ. P. 32.** *Cf. Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966-967 (9th Cir. 1981). There is no need to require the party presenting the deposition testimony to obtain an affidavit that reiterates the information given in the deposition. Id. (emphasis added)

The deposition of Mr. Chain is inadmissible under *FRCP* 32, as neither the instant Motion to Amend "require" support by affidavits. Kabins Parties are improperly attempting to circumvent the rules through their improper submission of Mr. Chain's deposition and utilizing the same as improper foundation for their Motion to Amend.

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

The singular basis upon which Kabins Entities seek leave from this Court to file their proposed First Amended Complaint, **is entirely based, supported and premised upon the secret deposition of Mr. Chain**. Pursuant to *FRCP* 32(a) and *FRE* 804(b)(1), Mr. Chain's deposition is inadmissible for any such purpose, cannot be used to support any such purpose and must be stricken from the record in this Action.

The LLC Defendants respectfully request that this Court grant the instant Counter-Motion in its entirety and order the relief requested herein.

Respectfully submitted.

DATED this 3rd day of November, 2011

ALBERT D. MASSI, LTD.

By /s/

ALBERT D. MASSI, ESQ.
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
(702) 878-8778
Attorneys for BENESSERE, LLC, CIPRIANI, LLC, GILA BEND 384, LLC, BUCKEYE 80 WEST THREE, LLC and BUCKEYE CANAMEX 77 ONE, LLC

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

**CERTIFICATE OF MAILING**

I hereby certify that on the 3rd day of November, 2011, **REPLY TO COUNTER-MOTION TO STRIKE THE DEPOSITION OF JEFFREY BENTON CHAIN AND ALL ARGUMENTS CONTAINED IN THE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT,** was served electronically on ALL INTERESTED PARTIES by service through the Clerk of the Court, pursuant to U.S.D.C. Local Rule 5-4 (unless otherwise noted) to:

By /s/
An agent and/or employee of ALBERT D. MASSI, LTD.

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778