**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, et al., | ) ) ) |
| Plaintiffs, | ) Case No.: 2:09-cv-01125-GMN-RJJ |
| vs. | ) ) **ORDER** |
| CHAIN CONSORTIUM, et al., | ) ) |
| Defendants. | ) ) |

This case was initiated in June 2009, and was originally filed by two entity plaintiffs – Kabins Family Limited Partnership, a Nevada limited partnership, and Lori C. Kabins, as trustee for the Lori C. Kabins Separate Property Trust, a Nevada trust (collectively, "the Kabins Entities") – against thirty-two individual and entity defendants on forty-six causes of action related to alleged securities fraud in failed commercial real estate investments. (Complaint, ECF No. 1.) In the course of this litigation, multiple counterclaims, cross-claims, and third-party claims have been added, with the accompanying additions of counter-, cross-, and third-party-plaintiffs, defendants and claimants. (*See* Compl., ECF No. 1; Cross-cl./Countercl., ECF No. 173; Cross-cl./Countercl., ECF No. 175; First Am. Countercl., ECF No. 205; First Am. Countercl., ECF No. 265; Second Am. Countercl., ECF No. 342; First Am. Cross-cl., ECF No. 267; Second Am. Cross-cl., ECF No. 343; Third-Party Compl., ECF No. 177; First Am. Third-Party Compl., ECF No. 231; Second Am. Third-Party Compl., ECF No. 344.) Furthermore, Kabins Family Limited Partnership is now doing business as Kabins Family LLC.

Six (6) motions are currently before the Court. There are two Motions for District Judge to Reconsider Order of Magistrate Judge (ECF Nos. 338, 351), filed by Plaintiffs/Counter-Defendants Kabins Family LLC ("Kabins Family"), the Lori C. Kabins Separate Property Trust

("Lori Kabins Trust") and Third-Party Defendant Mark B. Kabins ("Mark Kabins") (collectively, "the Kabins Parties"). In the first Motion to Reconsider (ECF No. 338), the Kabins Parties request reconsideration of Magistrate Judge Johnston's denial of their Motion to Disqualify Albert Massi, Ltd. (ECF No. 280) in his March 31, 2011, Order (ECF No. 334). The Kabins Parties filed a Supplement (ECF No. 379), to which Defendants/Counterclaimants/ Cross-Claimants Benessere, LLC ("Benessere"), Cipriani, LLC ("Cipriani"), Gila Bend 384, LLC ("Gila Bend"), Buckeye 80 West Three, LLC ("Buckeye 80"), and Buckeye Canamex 77 One, LLC ("Buckeye 77") (collectively, "the Benessere Parties") filed a Countermotion to Strike (ECF No. 403).

In the second Motion to Reconsider (ECF No. 351), they request reconsideration of Judge Johnston's May 4, 2011, oral order (ECF No. 366) denying their oral motion asserting attorney-client privilege during the deposition of Mark Kabins. Third-Party Defendants James D. Main and Main Amundson & Associates, LLC ("the Main Parties") filed a timely opposition to both motions, but the Kabins Parties filed a Reply only to their first Motion to Reconsider (ECF No. 338).

Also pending is the Main Parties' Counter-Motion for Attorney Fees (ECF No. 359) in relation to the second Motion to Reconsider (ECF No. 351).

Also pending before the Court is Plaintiffs/Third-Party Defendants Kabins Entities' Motion to Dismiss (ECF No. 355) the Second Amended Counterclaim (ECF No. 342) brought by the Benessere Parties.

And finally, Third-Party Defendant Mark Kabins has filed a Motion to Dismiss (ECF No. 356) the Second Amended Third-Party Complaint (ECF No. 344) brought by the Benessere Parties.

I. **BACKGROUND**

On July 28, 2010, the Court addressed motions to dismiss parties' counterclaims, cross

1  claims and the third-party complaint. (*See* Order, ECF No. 314.) The Court granted leave to
2  amend, and the parties subsequently filed their amended pleadings. (*See id.*; Second Am.
3  Countercl., ECF No. 342; Second Am. Cross-cl., ECF No. 343; Second Am. Third-Party
4  Compl., ECF No. 344.) Of these three amended pleadings only two are before the Court,
5  subject to motions to dismiss – the Second Amended Counterclaim (ECF No. 342); and the
6  Second Amended Third-Party Complaint (ECF No. 344).

7  In the same Order, the Court also addressed a motion to vacate Judge Johnston's order
8  requiring Mark Kabins to attend a deposition, and affirmed Judge Johnston's order. (Order, ECF
9  No. 314.) The second Motion to Reconsider (ECF No. 351) currently before the Court relates to
10 the deposition that was subsequently conducted under the supervision of Judge Johnston.

11 **II.  LEGAL STANDARD**

12     **A.  Motion for District Judge to Reconsider Order of Magistrate Judge**

13 "A district judge may reconsider any pretrial matter referred to a magistrate judge . . .,
14 where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to
15 law." D. Nev. R. IB 3-1(a); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Pursuant to
16 Local Rule IB 3-1(b), a "district judge may affirm, reverse, or modify, in whole or in part, the
17 ruling made by the magistrate judge," and "may also remand the same to the magistrate judge
18 with instructions." *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

19     **B.  Sanctions Pursuant to Federal Rule of Civil Procedure 30(d)(2)**

20 Federal Rule of Civil Procedure 30 governs depositions by oral examination, and
21 provides that "[t]he court may impose an appropriate sanction – including the reasonable
22 expenses and attorney's fees incurred by any party – on a person who impedes, delays, or
23 frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

24     **C.  Motion to Dismiss**

25 Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

### III.   DISCUSSION

**A.   Motions to Reconsider Magistrate Judge Orders & Countermotion to Strike**

The Court has reviewed Judge Johnston's order (ECF No. 334) denying the Kabins Parties' Motion to Disqualify (ECF No. 280) Albert D. Massi Ltd. ("Massi"), and does not find that his ruling was clear error or contrary to law. Months after filing the Motion to Reconsider, the Kabins Parties filed a Supplemental Objection to Magistrate's Order Regarding Disqualification of Counsel (ECF No. 379) stating that they "[had] now become aware of additional evidence" supporting disqualification of Massi. This additional evidence was not before Judge Johnston when he ruled upon the motion, and therefore the Court does not find that this additional evidence supports granting the Objection or remanding the motion to Judge Johnston. Accordingly, the Court will affirm the ruling of Judge Johnston as to the Motion to

Disqualify Massi.  Furthermore, the Court notes that Federal Rule of Civil Procedure 60 provides for relief from a judgment or order upon a motion and just terms.  If the parties believe that new evidence or any other reason justifies reconsideration of the Motion by the Magistrate Judge, the parties may file such a motion.  Finally, because the Court did not rely on the Supplemental Objection in its ruling on the Motion to Reconsider, the Court will deny the Countermotion to Strike (ECF No. 403) as moot.

Likewise, the Court has reviewed Judge Johnston's ruling addressing the objections regarding attorney-client privilege and requiring Mark Kabins to answer questions during deposition, and finds that Judge Johnston's ruling was not clear error and was not contrary to law.  For a review and discussion of the rules, requirements and standards of professionalism that counsel are expected to observe during depositions, the Court refers the parties to *Luangisa v. Interface Operations*, No. 2:11-cv-00951-RCJ-CWH, 2011 WL 6029880, 2011 U.S. Dist. LEXIS 139700 (D. Nev. Dec. 5, 2011).

### B. Counter-Motion for Sanctions

The Main Parties request that the Court impose sanctions on the Kabins Parties in the form of reasonable attorney fees and costs pursuant to Rule 30(d)(2), arguing that the objections posed by Mark Kabins' counsel were inappropriate and unsupported in law, and only served to frustrate the fair examination of Mark Kabins at the deposition. (Counter-Motion for Fees Pursuant to FRCP 30(d)(2), ECF No. 358.)  Although the Court finds that the Counter-Motion is well taken, and that counsel for the Kabins Parties verges on impeding, delaying, or frustrating the fair examination of the deponent, the Court nevertheless declines to exercise its discretion to impose sanctions at this time.  Should this issue arise again, the parties may re-file the motion for Judge Johnston's consideration.

### C. Motion to Dismiss Second Amended Third-Party Complaint No. 344 (ECF 356)

The Benessere Parties originally filed a Third-Party Complaint (ECF No. 177) against the

Kabins Parties and the Main Parties, which is now in its third version, i.e., the Second Amended Third-Party Complaint ("SATPC") (ECF No. 344).  In the Court's July 2010 Order (ECF No. 314), the Benessere Parties were given leave to amend four causes of action as to the Kabins Parties: (1) civil conspiracy; (2) declaratory relief; (3) breach of contract/agreement; and (4) breach of implied covenant of good faith and fair dealing.

### *1.  Civil Conspiracy*

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983).

In the Court's July 2010 Order, the Court dismissed this cause of action, with leave to amend, because no facts were alleged indicating damages flowing from the alleged unlawful conspiracy.  The Court noted that "[i]t is entirely consistent with the [First Amended Third-Party Complaint] that any damage to [the Benessere Parties] (if any) occurred as a result of [Defendant Jeff Chain]'s alleged misappropriations before [Mark Kabins] was ever aware of Chain's activities." (Order, 10:6-8, ECF No. 314.)  In the instant Motion to Dismiss (ECF No. 356), Mark Kabins moves to dismiss this cause of action, arguing that the Benessere Parties have yet again failed to allege "non-speculative damages logically attributable to acts undertaken by the alleged conspiracy" and that the "[SATPC] reveals the utter absence of logical connection between any of the respective components of those allegations that would support a civil conspiracy cause of action against Counter-defendants." (Motion to Dismiss SATPC, 2:19-20, 5:21-23, ECF No. 356.)

However, the Court disagrees with this argument.  The SATPC alleges that as a result of a Secret Agreement between Mark Kabins and Chain, that Chain failed to "actively market the subject real properties that were owned by [the Benessere Parties]," which "resulted in monetary

losses to [the Benessere Parties], as the value of the subject real properties were declining in value during this time period due to market conditions." (SATPC, 14:4-7, ECF No. 344.)  The Benessere Parties allege that if Mark Kabins had not conspired with Chain, they would have learned of the unlawful conduct at an earlier date and would have been able to prevent Chain from further breaches and theft. (*Id*. at 14:12-16.)  Finally, the Benessere Parties allege that they "lost the opportunity to market the subject real properties at a then higher market price." (*Id*. at 14:10-11.)

The Court finds that these allegations are sufficient to show that damages are plausible, and the rest of the Benessere Parties' allegations relating to civil conspiracy are sufficient to state a claim as well.  Accordingly, the Court will deny the motion as to this cause of action.

### 2.  *Declaratory Relief*

In the Court's July 2010 Order, the Court dismissed this cause of action, with leave to amend with respect to contractual duties.  In the SATPC the Benessere Parties allege that "[a]s an alter ego of Kabins Entities, which entered into the respective Operation Agreements with [the Benessere Parties], [Mark Kabins], as well as Kabins Entities, and each of them, have contractual duties not to act in bad faith towards [the Benessere Parties]." (SATPC, 20:19-21.)  Mark Kabins argues that the alter ego allegations are insufficient, however the Court has already noted that "[t]here is a question of fact as to alter ego, and the Court will not dismiss on this basis." (Order, 9:21.)  The Court finds that the SATPC adequately amends the cause of action for declaratory relief as to contractual duties, and will accordingly deny the motion to dismiss as to this cause of action.

### 3.  *Breach of Contract/Agreement*

In the Court's July 2010 Order, the Court dismissed this cause of action, with leave to amend, directing the Benessere Parties that "[t]he contract(s) to which the Kabins entities are alleged to be parties should be identified, as should the signatories to any such contract(s)." (*Id*.

at 12:17-19.)  In the SATPC, the Benessere Parties allege that "[t]he respective Operating Agreements are contracts entered into between [Mark Kabins], as well as Kabins Entities, and each of them, one [sic] the one hand and [the Benessere Parties] on the other hand," and that the Kabins Entities and Mark Kabins, "by agreeing to membership in each [of the Benessere Parties] and entering into the respective Operating Agreements, owed each [of the Benessere Parties] a contractual duty to act in good faith and in the best interests of [the Benessere Parties]. . . ." (SATPC, 23:1-4.)  The Court finds that this is sufficient to state a cause of action for breach of contract/agreement as directed by the Court's Order, and will accordingly deny the motion to dismiss as to this cause of action.

### *4.  Breach of Implied Covenant of Good Faith and Fair Dealing*

As the Benessere Parties point out in their Response, Nevada law governing operating agreements for limited liability companies provides that "an operating agreement may not eliminate the implied contractual covenant of good faith and fair dealing." NRS 86.286(5).  By alleging the existence of a contract, (i.e., an operating agreement, between the Kabins Parties and the Benessere Parties), the Benessere Parties have sufficiently pleaded this cause of action. Accordingly, the motion to dismiss will be denied as to this cause of action.

**D.  Motion to Dismiss Second Amended Counterclaim No. 342 (ECF No. 355)**

The Benessere Parties originally filed a Counterclaim against the Kabins Entities along with their Answer (ECF No. 173) to the Kabins Entities' Complaint (ECF No. 1).  Their Counterclaim is now in its third version, i.e., the Second Amended Counterclaim ("SACC") (ECF No. 342).  In the Court's July 2010 Order (ECF No. 314), the Benessere Parties were given leave to amend three causes of action as to the Kabins Entities: (1) civil conspiracy; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing.

### *1.  Civil Conspiracy*

In the Court's July 2010 Order, the Court dismissed this cause of action, with leave to

amend, for the same reason as stated in the SATPC, for failure to adequately plead damages. (Order, 14:21-22.) As with the SATPC, in the SACC, the Benessere Parties allege that they "lost the opportunity to sell the subject real properties that were owned by [the Benessere Parties] at a then higher market price." (SACC, 10:25-26, ECF No. 342.) Accordingly, and as with the SATPC, this is sufficient to state a claim, and the motion to dismiss will be denied as to this cause of action.

### 2. *Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing*

As with the SATPC, in the Court's July 2010 Order, the Court dismissed these causes of action, with leave to amend, because "[t]he Benessere Defendants must identify which Plaintiffs are alleged to have breached which agreements with which Defendants." (Order, 15:16-17.) In the SACC, the Benessere Parties allege that "[t]he respective Operating Agreements are contracts entered into between [the Kabins Parties], one [sic] the one hand and [the Benessere Parties] on the other hand," and that "[p]ursuant to the laws of the State of Nevada, by statute, the Operating Agreements contractual [sic] include an implied covenant of good faith and fair dealing." (SACC, 12:6-9.) As described above, this is sufficient to state a claim under this cause of action and the motion to dismiss will accordingly be denied as to this cause of action.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for District Judge to Reconsider [334] Order (ECF No. 338) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Countermotion to Strike (ECF No. 403) is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion for District Judge to Reconsider Order by Magistrate Judge (ECF No. 351) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Third-Party Defendants James D. Main and Main

Amundson & Associates, LLC's Counter-Motion for Attorney Fees Pursuant to FRCP 30(d)(2) (ECF No. 359) is hereby **DENIED**.

  **IT IS FURTHER ORDERED** that Counterdefendants Kabins Family Limited Partnership's Motion to Dismiss Second Amended Counterclaim brought by Benessere, et al. (ECF No. 355) is hereby **DENIED**.

  **IT IS FURTHER ORDERED** that Third-Party Defendant Mark Kabins, M.D.'s Motion to Dismiss Second Amended Third-Party Complaint brought by Benessere, LLC, et al. (ECF No. 356) is hereby **DENIED**.

  DATED this 30th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge