UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KABINS FAMILY LIMITED PARTNERSHIP, et al., | ) ) ) |
| Plaintiffs, | ) Case No.: 2:09-cv-01125-GMN-RJJ |
| vs. | ) ) **ORDER** |
| CHAIN CONSORTIUM, et al., | ) ) |
| Defendants. | ) ) |

On April 28, 2011, Defendants/Cross-Claimants Benessere, LLC; Cipriani, LLC; Gila Bend 384, LLC; Buckeye 80 West Three, LLC; and Buckeye Canamex 77 One, LLC (collectively, "the Benessere Parties") filed their Second Amended Cross-Claim (ECF No. 343) against Defendants/Cross-Defendants Todd Bergman and T.W.B. Enterprises, Inc. (collectively, "Bergman"). The following day, the Benessere Parties filed their Errata (ECF No. 346).

Now pending before the Court is the Motion to Dismiss filed by Bergman. (ECF No. 444.) The Benessere Parties filed a Response (ECF No. 448) and Bergman filed a Reply (ECF No. 452).

**I.   BACKGROUND**

In December 2009, the Benessere Parties filed their original cross-claims (ECF No. 173) against Bergman, as part of their responsive pleading to the initiating Complaint (ECF No. 1) in this case. These were: (1) declaratory relief; (2) implied indemnity; and (3) contribution. (ECF No. 173.) In December 2010, Bergman filed a motion to dismiss the cross-claims. (ECF No. 191.) At a hearing on March 26, 2010, Judge Philip M. Pro, the then-presiding judge in this case, granted the motion without prejudice. (Mins. of Proceedings, March 26, 2010, ECF No. 255)

1 　　　　The Benessere Parties then filed their First Amended Cross-Claim (ECF No. 267) on
2 April 21, 2010, asserting the following causes of action: (1) civil conspiracy; (2) unjust
3 enrichment; (3) conversion; (4) implied/equitable indemnity; and (5) contribution.  Bergman
4 subsequently filed a Motion to Dismiss (ECF No. 291).  The Court granted Bergman's Motion
5 to Dismiss and gave the Benessere Parties leave to amend. (Order, July 28, 2010, ECF No. 314)
6 　　　　Nine months later, on April 28, 2011, the Benessere Parties filed their Second Amended
7 Cross-Claim (ECF No. 343), alleging: (1) civil conspiracy; (2) unjust enrichment; (3) conversion;
8 (4) implied/equitable indemnity; and (5) contribution.  The Benessere Parties' Errata (ECF No.
9 346) was filed the following day, clarifying that the Second Amended Cross-Claim was not
10 intended to "waive, dismiss and/or surrender" any of the claims relating to all other parties in
11 the instant action, particularly as alleged in their initial filing (ECF No. 173) on December 2,
12 2009.
13 　　　　Almost a year later, on March 26, 2012, Bergman filed the instant Motion to Dismiss
14 (ECF No. 444).  Bergman did not file an Answer to the Second Amended Cross-Claim.

15 **II.    LEGAL STANDARD**

16 　　　　Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
17 that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona*
18 *Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss
19 under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the
20 complaint does not give the defendant fair notice of a legally cognizable claim and the grounds
21 on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering
22 whether the complaint is sufficient to state a claim, the Court will take all material allegations
23 as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*
24 *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).
25 　　　　The Court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

## III. DISCUSSION

This action arises out of investments by Plaintiffs Kabins Family Limited Partnership and Lori C. Kabins, as trustee for Lori C. Kabins Separate Property Trust (collectively, "Kabins Plaintiffs"). The Benessere Parties allege that Mark B. Kabins also made investments as alter ego of Kabins Plaintiffs.

### 1. Unjust Enrichment, Conversion and Civil Conspiracy

The Benessere Parties allege that Jeff Chain, as Manager of the Benessere Parties, misappropriated the Kabins investment funds, and that "by giving monies not entitled to give and by receiving monies not entitled to receive, Chain and Bergman . . . knowingly converted monies rightfully belonging to [the Benessere Parties]." (Second Am. Cross-Cl., 8:¶37, ECF No. 343.) The Benessere Parties allege Chain "had certain contractual and fiduciary duties of good faith and loyalty, among others," and that Bergman and Chain "acted in concert and conspired between themselves to violate Chain's contractual and fiduciary duties of good faith and loyalty, among others." (Second Am. Cross-Cl., 4:¶11, 5:¶16, ECF No. 343.) The Benessere Parties allege that this conspiracy took the form of illegal and improper commissions and finder's fees which Chain gave Bergman from the investment funds, which were the property of the Benessere Parties. (Second Am. Cross-Cl., 5:¶16, 8:¶38, ECF No. 343.) The Benessere Parties further allege that Bergman's receipt of the monies to which Bergman was not entitled constitutes unjust enrichment.

In the Court's July 28, 2010, Order, the civil conspiracy and conversion claims were

dismissed with leave to amend.  The Court stated that the Benessere Defendants "must allege facts indicating the elements of a civil conspiracy and/or conversion, such as 'Bergman agreed with Chain to assist him in misappropriating funds. . . .'" (Order, July 28, 2010, 19:23-24–20:1-2, ECF No. 314.)  The Court also dismissed the unjust enrichment claim with leave to amend, stating that "[i]t is possible that the Benessere Defendants are attempting to allege that Bergman's payments were made out of funds misappropriated by Chain, but this is not clear." (*Id.* at 20:10-11.)

Here, the Court finds that the Benessere Parties have sufficiently amended their Cross-Claims for Unjust Enrichment, Conversion and Civil Conspiracy, that the Benessere Parties have given Bergman fair notice of legally cognizable claims and the grounds on which they rest, and that the facts pled by the Benessere Parties show that violations are plausible.  Accordingly, the motion to dismiss will be denied as to these claims.

### 2. Implied/Equitable Indemnity and Contribution

The Benessere Parties have alleged that Bergman caused at least a part of any harm that Plaintiffs attribute to the Benessere Parties.  In the Court's July 28, 2010 Order, the claims for indemnity and contribution were dismissed with leave to amend because the Benessere Parties had not pled enough facts to support the claims. (Order, July 28, 2010, 20:21-24–21:1, ECF No. 314.)

Here, the Benessere Parties appear to have added only two paragraphs in support of their claims for indemnity and contribution. (*See* Second Am. Cross-Cl., 9:¶45, 11:¶52, ECF No. 343.)  However, these paragraphs do not allege any facts, and instead describe the Kabins Plaintiffs' allegations and the Benessere Parties' denials of the allegations.  Despite the lack of factual support in these paragraphs, the Court finds that the Benessere Parties have nevertheless sufficiently alleged facts to support their claims for implied/equitable indemnity and contribution, because they have now sufficiently alleged the claims for unjust enrichment,

conversion and civil conspiracy, as discussed above.  Accordingly, the motion to dismiss will be denied as to these claims.

The Court has considered Bergman's remaining arguments for dismissal, and finds them unpersuasive.  The Benessere Parties' cross-claims have now been sufficiently pled, and this action should proceed to discovery.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants/Cross-Defendants Todd Bergman and T.W.B. Enterprises, Inc.'s Motion to Dismiss (ECF No. 444) is **DENIED**.

**DATED** this 14th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge