**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| **KABINS FAMILY LIMITED PARTNERSHIP,** a Nevada limited partnership, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**CHAIN CONSORTIUM,** a Nevada general partnership, *et al.*,<br><br>Defendants. | 2:09-cv-01125-GMN-RJJ<br><br>**ORDER**<br><br>Defendants' Counter Motion to Strike the Deposition of Jeffrey Benton Chain and all Arguments Contained in the Motion for Leave to File First Amended Complaint Relating Thereto (#391)<br><br>Defendants' Counter Motion to Strike the Deposition of Jeffrey Benton Chain and All Arguments Contained in the Reply to Motion for Leave to File First Amended Complaint (#399) |

This matter came before the Court for a hearing on Defendants' Motions to Strike (#391 and #399). The Court also considered the Responses and Replies to each of these motions.

**BACKGROUND**

Plaintiffs filed a Motion for Leave to File First Amended Complaint (#383). Defendants filed a Counter Motion to Strike the Deposition of Jeffrey Benton Chain and All Arguments Contained in the Motion for Leave to File First Amended Complaint Relating Thereto (#391).[1]

---

[1] The Motion to Strike pertaining to the Chain Deposition was entered on the docket as three separate motions: Counter Motion to Strike the Deposition of Jeffrey Benton Chain (#391); Counter Motion to Strike Doc. #389 Response to Motion for Protective Order Regarding Proposed Oral Deposition of Albert D. Massi, Esq. (#396); and Counter Motion to Strike Doc. (#390) Response to Motion to Stay Discovery (#398).

This Motion (#391) has to do with Plaintiffs' use of a May 9, 2011, deposition of Defendant Jeff Chain, taken in connection with Mr. Chain's bankruptcy. The Chain Deposition was not a part of this case and Defendants' counsel was not given notice of it and was not present during the deposition.

Plaintiffs rely on excerpts from the Chain Deposition to support their Motion for Leave to File First Amended Complaint (#383). Defendants assert that any use of the Chain Deposition violates Federal Rule of Civil Procedure 32(a). Defendants also argue that use of the Chain Deposition constitutes hearsay and should be prohibited under the Federal Rules of Evidence.

Defendants also filed a Counter-Motion to Strike the Deposition of Jeffrey Benton Chain and All Arguments Contained in the Reply to Motion for Leave to File First Amended Complaint (#399). The new Motion to Strike (#399) is essentially identical to the first Motion to Strike (#391) and the Reply (#410) thereto.

The Court conducted a hearing on these matters.

### DISCUSSION

I. **Counter Motion to Strike Chain Deposition (#391) & (#399)**

Federal Rule of Civil Procedure 32(a) outlines the parameters wherein a deposition may be used against a party at a "hearing or trial," and requires, among other things, that "the party was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1). It is undisputed that Defendants were not present or represented during the Chain Deposition, and it is also undisputed that Defendants did not receive notice of the deposition. Plaintiffs maintain that the Chain Deposition was appropriately and lawfully conducted and they had no duty to notify Defendants of the Chain Deposition because Defendants were not parties to the bankruptcy proceedings. However, Defendants argue that Plaintiffs' reliance on the Chain Deposition is impermissible under Rule 32 and should be stricken.

Defendants also argue that the use of the Chain Deposition is prohibited by the Federal

1  Rules of Evidence. Rule 804(b)(1) states that former testimony, including a lawful deposition
2  taken during a different proceedings, will not be excluded as hearsay if the declarant is
3  unavailable as a witness. Defendants argue that Mr. Chain is not unavailable as a witness, and,
4  therefore, the Chain Deposition must be excluded as hearsay. However, Defendants' reliance on
5  the Federal Rules of Evidence is misplaced. The Court is not bound by the rules of evidence at
6  this stage of litigation and questions of admissibility are premature. As of yet, Plaintiffs have not
7  attempted to admit the Chain Deposition as evidence at trial.
8      Plaintiffs argue that, even if their use of the Chain Deposition would seem to run afoul of
9  Rule 32, the deposition should be allowed as an "affidavit substitute." In *Goodman v. Platinum*
10 *Condominium Dev.*, 2011 WL 3893915 (D. Nev. 2011), the Court denied a motion to strike
11 excerpts from the depositions of a number of witnesses from another case where the moving
12 party had not been present at the depositions. The Court held that "[d]eposition testimony from a
13 prior action that does not comply with Fed. R. Civ. P. 32 can be used in the determination of
14 motions that require support by affidavits." *Goodman*, 2011 WL 3893915 at *2 (Motion to
15 Certify Class). Similarly, in *Microsoft Corp. v. Very Competitive Computer Products Corp.*, 671
16 F. Supp. 1250 (N.D. Cal. 1987), the Northern District of California held that a party trying to
17 oppose a motion to dismiss for lack of personal jurisdiction could appropriately rely on
18 deposition testimony from a separate action in which the opposing party had not been involved.

> Deposition testimony given on personal knowledge that is presented in lieu of affidavits may be considered by the court as substitute affidavits for purposes of motions that require support by affidavits, despite their inadmissibility under Fed.R.Civ.P. 32. There is no need to require the party presenting the deposition testimony to obtain an affidavit that reiterates the information given in the deposition.

22 *Microsoft*, 671 F. Supp at 1254 n.2. Like the deponent in *Microsoft*, Mr. Chain gave deposition
23 testimony on personal knowledge. Though the Chain Deposition would likely not be admissible
24 at trial, it may appropriately be considered in regards to some motions, which are not encumbered
25 by the same rules and procedures applicable to trial. Plaintiffs have cited other cases supporting
26 their assertion that depositions taken during the course of other proceedings may be used as

1  affidavit substitutes.[2]

2  However, a motion to amend the complaint does not require an affidavit. *Crago v. capital
3  Advantage Finance and Development*, 242 F.R.D. 341, 344 (D.S.C. 2007).

4  Motions to amend pursuant to Fed. R. Civ. P. 15(a) are addressed to the sound discretion
5  of the court and are freely granted when justice so requires. That discretion is guided by
6  consideration of delay, futility and prejudice. Support for the amendment is generally based on
7  information and belief. An affidavit is a burden this court will not impose on the moving party.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Counter Motion to Strike the Deposition of Jeffrey Benton Chain and all Arguments Contained in the Motion for Leave to File First Amended Complaint Relating Thereto (#391) is **GRANTED**.

IT IS FURTHER ORDERED that Defendants' Counter Motion to Strike the Deposition of Jeffrey Benton Chain and All Arguments Contained in the Reply to Motion for Leave to File First Amended Complaint (#399) is **GRANTED**.

DATED this 11TH day of September, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge

---

[2] Depositions, and other statements given under oath, which would not be admissible at trial may still be considered in regard to other motions. See *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966-967 (9th Cir. 1981) (deposition used in regards to a Motion to Certify Class); *SEC v. Am. Commodity Exch., Inc.*, 546 F.2d 1361, 1369 (10th Cir. 1976) (holding that transcripts from a SEC investigation may be considered in ruling on summary judgment as equivalent to a declaration); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323-324 (9th Cir. 1991) (Motion for Summary Judgment); *SEC v. Phan*, 500 F.3d 895, 913 (9th Cir. 2007) (Motion for Summary Judgment); *United States v. Fox*, 211 F. Supp. 25 (E.D. La. 1962) (Motion for Preliminary Injunction).