1  ALBERT D. MASSI, LTD
   ALBERT D. MASSI, ESQ.
2  Nevada State Bar No. 329
   3202 West Charleston Boulevard
3  Las Vegas, Nevada 89102
   (702) 878-8778
4

5  Attorneys for Defendants/Counter-Claimants/Cross-
   Claimants/Third-Party Plaintiffs, BENESSERE, LLC;
6  CIPRIANI, LLC; GILA BEND 384, LLC;
   BUCKEYE 80 WEST THREE, LLC; and BUCKEYE
7  CANAMEX 77 ONE, LLC

8                  **UNITED STATES DISTRICT COURT**

9                      **DISTRICT OF NEVADA**

10

11  KABINS FAMILY LIMITED PARTNERSHIP, )   Case No.: 2:09-CV-1125-GMN-RJJ
    a Nevada limited-liability company, *et al.,*  )
12                                     )
              Plaintiffs,              )   **STIPULATION AND ORDER FOR**
13                                     )   **DISMISSAL WITH PREJUDICE**
         vs.                           )
14                                     )
    CHAIN CONSORTIUM, a Nevada general )
15  partnership, *et al.,*             )
                                       )
16            Defendants.              )
                                       )
17  _____  )

18      **IT IS HEREBY STIPULATED** by and between all of the parties to these Actions,

19  including:

20      A.    Plaintiffs/Counter-Defendants: KABINS FAMILY LIMITED PARTNERSHIP;

21            LORI C. KABINS, AS TRUSTEE FOR LORI C. KABINS SEPARATE

22            PROPERTY TRUST; and Third-Party Defendant, MARK B. KABINS;

23      B.    Defendants/Counter-Claimants/Cross-Claimants/Third-Party Plaintiffs:

24            BENESSERE, LLC; CIPRIANI, LLC; GILA BEND 384, LLC; BUCKEYE 80

25            WEST THREE, LLC; and BUCKEYE CANAMEX 77 ONE, LLC

26      C.    Defendants/Cross-Defendants: GABRIEL MARTINEZ, ESQ.; 99th & INDIAN

27            SCHOOL, LLC; 99th & INDIAN SCHOOL MANAGEMENT, LLC; CAPRI I,

28            LLC; CAPRI II, LLC; and PHOENIX 83rd, LLC;

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

- 1 -

1       D.      Third-Party Defendants: JAMES D. MAIN; and MAIN AMUNDSON &

2               ASSOCIATES, LLC;

3       E.      Defendants/Cross-Defendants/Cross-Claimants/Counter-Claimants: BENESSERE

4               MANAGEMENT, LLC; CIPRIANI MANAGEMENT, LLC; GE III, LLC; and

5               EDWARD GUTZMAN III;

6       F.      Defendants/Cross-Defendants: TODD W. BERGMAN and T.W.B.

7               ENTERPRISES, INC.;

8       G.      Defendants/Cross-Defendants: JEFFREY CHAIN; LINDA CHAIN; and JEFF AND

9               LINDA CHAIN AS TRUSTEES FOR THE JEFF & LINDA CHAIN FAMILY

10              TRUST; MILLENNIUM CONSTRUCTION, INC.; MILLENNIUM

11              COMMERCIAL PROPERTIES, LLC; MILLENNIUM PROPERTIES &

12              DEVELOPMENT, INC; MODERN MANAGEMENT, INC; 3900, LLC;

13              COTTONWOOD RETAIL, LLC; INNOVATIVE ASSETS, LLC; MICHAEL'S

14              PLAZA, LLC; RCRE, LLC

15      H.      Defendant/Cross-Defendant: J. MATTHEW KAMMEYER; and

16      I.      Defendant/Cross-Defendants: ALLYN F. POVILATIS; KAN INVESTMENTS,

17              LLC

18  by and through their respective counsels of record (or as individuals by and through all parties'

19  Global Release and Settlement Agreement, which is attached hereto and marked as **Exhibit "1"**

20  and fully incorporated herein by this reference), with permission of this Court, that these entire

21  Actions, including all Complaint(s), Counter-Claim(s), Cross-Claim(s) and Third-Party

22  Complaint(s), be dismissed **with prejudice**, each party to bear their own attorney's fees and costs.

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

1    **IT IS FURTHER HEREBY STIPULATED** by and between all of the parties to these

2    Actions, by and through their respective counsels of record (or as individuals by and through all

3    parties' Global Release and Settlement Agreement), with permission of this Court, that this

4    Dismissal dismisses **with prejudice**, with each party to bear their own attorney's fees and costs,

5    each and every Plaintiff and Defendant; each and every Counter-Claimant and Counter-Defendant;

6    each and every Cross-Claimant and Cross-Defendant; and each and every Third-Party Plaintiff and

7    Third-Party Defendant.

8    **IT IS FURTHER HEREBY STIPULATED** by and between all of the parties to these

9    Actions, by and through their respective counsels of record (or as individuals by and through all

10   parties' Global Release and Settlement Agreement), with permission of this Court, that any and all

11   entry(ies) of default and/or default judgments (including, but not limited to, the Default Judgment

12   entered in this Action on or about June 22, 2001 against Millennium Construction, Inc.; *See*

13   Docket No. 370) be vacated and set aside and thereupon dismissed **with prejudice**, each party to

14   bear their own attorney's fees and costs.

15   **IT IS FURTHER HEREBY STIPULATED** by and between all of the parties to these

16   Actions, by and through their respective counsels of record (or as individuals by and through all

17   parties' Global Release and Settlement Agreement), with permission of this Court, that any and all

18   pending motion(s), application(s) for attorney's fees, objections to Orders of the Magistrate

19   Judge(s), as well as any and all proposed claims (either known or unknown), including, but not

20   limited to those contained (either directly and/or indirectly) in: (1) the Motion for Leave to File

21   First Amended Complaint and/or Proposed First Amended Complaint [*See* Docket No. 383]

22   (including, but not limited to, any and all claims against Gabriel Martinez, Esq. and Albert D.

23   Massi, Esq., either individually and/or in any representative capacity, and any and all individuals,

24   partnerships and/or entities); and (2) Objection to the Court's Order denying Motion for Leave to

25   File First Amended Complaint [*See* Docket No. 514] are hereby dismissed **with prejudice**, each

26   party to bear their own attorney's fees and costs.

27   \\\

28   \\\

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

1    **IT IS FURTHER HEREBY STIPULATED** by and between all of the parties to these

2    Actions, by and through their respective counsels of record (or as individuals by and through all

3    parties' Global Release and Settlement Agreement), with permission of this Court, that this

4    *Stipulation and Order for Dismissal with Prejudice* fully incorporates by reference herein all

5    parties' Global Release and Settlement Agreement, which is attached hereto and marked as

6    **Exhibit "1"** and fully incorporated herein by this reference.

7    DATED this 29th day of November, 2012.

8

9    By _____ /s/ _____
    
10   ALBERT D. MASSI, ESQ.
     3202 West Charleston Boulevard

11   Las Vegas, Nevada 89102
     (702) 878-8778

12   Attorneys for Defendants/Counter-
     Claimants/Cross-Claimants/Third-Party

13   Plaintiffs: BENESSERE, LLC; CIPRIANI,
     LLC; GILA BEND 384, LLC; BUCKEYE 80

14   WEST THREE, LLC; and BUCKEYE
     CANAMEX 77 ONE, LLC

15

16   By _____ /s/ Jonathan M.A. Salls _____
     STEVEN A. GIBSON

17   Nevada Bar No. 6656
     JODI DONETTA LOWRY

18   Nevada Bar No. 7798
     JONATHAN M.A. SALLS

19   Nevada Bar No. 12085
     Dickinson Wright PLLC

20   City Center West
     7201 W. Lake Mead Blvd., Ste. 503

21   Las Vegas, Nevada 89128
     (702) 541-8200

22   Attorneys for Plaintiffs/Counter-Defendants:
     KABINS FAMILY LIMITED

23   PARTNERSHIP; LORI C. KABINS, AS
     TRUSTEE FOR LORI C. KABINS

24   SEPARATE PROPERTY TRUST; and Third-
     Party Defendant DR. MARK B. KABINS

25

26   \\\

27   \\\

28   \\\

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

1

By _____/s/ William Kerry Skaggs_____
WILLIAM KERRY SKAGGS, ESQ.
Nevada Bar No. 5728
Law Office of William Kerry Skaggs
808 South Seventh Street
Las Vegas, Nevada 89101
(702) 445-6700
Attorneys for Defendants/Cross-Defendants:
GABRIEL MARTINEZ, ESQ.; 99th &
INDIAN SCHOOL, LLC; 99th & INDIAN
SCHOOL MANAGEMENT, LLC; CAPRI I,
LLC; CAPRI II, LLC; and PHOENIX 83rd,
LLC

By _____/s/ Lisa J. Zastrow_____
LISA J. ZASTROW
Nevada Bar No. 9727
Kaempfer Crowell Renshaw
Gronauer & Fiorentino
8345 W. Sunset Road, Ste. 250
Las Vegas, Nevada 89113
(702) 792-7000
Attorneys for Third-Party Defendants: JAMES
D. MAIN; and MAIN AMUNDSON &
ASSOCIATES, LLC

By _____/s/ Barbara Johnston_____
BARBARA I. JOHNSTON, ESQ.
Nevada Bar No. 3748
Johnston & Associates
8309 Shad Bush Avenue
Las Vegas, Nevada 89149
(702) 684-6163
Attorneys for Defendants/Cross-Claimants/
Counter-Claimants/Cross-Defendants:
BENESSERE MANAGEMENT, LLC;
CIPRIANI MANAGEMENT, LLC; GE III,
LLC; and EDWARD GUTZMAN III

By _____/s/ Mario Lovato_____
MARIO P. LOVATO, ESQ.
Nevada Bar No. 7427
Lovato Law Firm, P.C.
8670 W. Cheyenne Ave., Ste. 120
Las Vegas, Nevada 89129
(702) 979-9047
Attorneys for Defendants/Cross-Defendants:
TODD W. BERGMAN; and T.W.B.
ENTERPRISES, INC.

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

- 5 -

By _____/s/ Matthew Johnson_____
MATTHEW L. JOHNSON, ESQ.
Nevada Bar No. 6004
Matthew L. Johnson & Associates, P.C.
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117
(702) 471-0065
Attorneys for Defendants/Cross-Defendants:
JEFFREY CHAIN; LINDA CHAIN; JEFF
AND LINDA CHAIN AS TRUSTEES FOR
THE JEFF & LINDA CHAIN FAMILY
TRUST

**IT IS SO ORDERED** this 49th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge

ALBERT D. MASSI, LTD.
3202 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89102
(702) 878-8778

**EXHIBIT "1"**

## GLOBAL RELEASE AND SETTLEMENT AGREEMENT

**WHEREAS** the "Settling Parties" (or "Parties") to this Agreement include, but are not limited to:

1.      Kabins Family Limited Partnership, a Nevada Limited Partnership; Lori C. Kabins, as Trustee for Lori C. Kabins Separate Property Trust, a Nevada Trust (hereinafter "**Kabins Entities**"); Mark B. Kabins, M.D. (hereinafter "**Dr. Kabins**"); Lori C. Kabins ("hereinafter "**Lori**"); and The Kabins Family, LLC (hereinafter "**Family LLC**")(hereinafter all collectively referred to herein as "**Kabins Parties**"); and

2.      Benessere, LLC, A Nevada Limited Liability Company; Cipriani, LLC, a Nevada Limited Liability Company; Gila Bend 384, LLC, a Nevada Limited Liability Company; Buckeye 80 West Three, LLC, a Nevada Limited Liability Company; Buckeye Canamex 77 One, LLC, a Nevada Limited Liability Company, including any and all entity(ies) that were consolidated, merged and/or rolled-up into Benessere, LLC and Cipriani, LLC (hereinafter collectively "**LLC Defendants**"); and

3.      Benessere Land Holdings, LLC and Cipriani Land Holdings, LLC (hereinafter all collectively referred to herein as "**Holdings Entities**"); and

4.      Chain Consortium, a Nevada General Partnership; 3900, LLC, a Nevada Limited Liability Company; 99th & Indian School, LLC, a Nevada Limited Liability Company; 99th & Indian School Management, LLC, a Nevada Limited Liability Company; Benessere Management, LLC, a Nevada Limited Liability Company; Todd W. Bergman, an Individual; Capri I, LLC, a Nevada Limited Liability Company; Capri II, LLC, a Nevada Limited Liability Company; Jeff Chain, an Individual; Linda Chain, an Individual; Jeff and Linda Chain, as Trustees for the Jeff & Linda Chain Family Trust, a Nevada Trust; Cipriani Management, LLC, a Nevada Limited Liability Company; Cottonwood Retail, LLC, a Nevada Limited Liability Company; GEIII, LLC, also known as GE, III, LLC, a Nevada Limited Liability Company; Edward Gutzman III, an Individual; Innovative Assets, LLC, a Nevada Limited Liability Company; J. Matthew Kammeyer, an Individual; Kan Investments, LLC, a Nevada Limited Liability Company; Gabriel Martinez, Esq., an Individual; Michael's Plaza, LLC, a Nevada Limited Liability Company; Millennium Construction, Inc. doing business as MCI, a Nevada Corporation; Millennium Commercial Properties, LLC, a Nevada Limited Liability Company; Millennium Properties & Development, Inc., a Nevada Corporation; Modern Management, Inc., a Nevada Corporation; Phoenix 83rd, LLC, a Nevada Limited Liability Company; Allyn F. Povilaitis, also known as Allyn F. Povilatis, an Individual; RCRE, LLC, a Nevada Limited Liability Company; and T.W.B. Enterprises, Inc., a Nevada Corporation (hereinafter all collectively referred to as "**Additional Defendants**"); and

5.      James D. Main and Main Amundson & Associates, LLC, a Nevada Limited Liability Company (hereinafter all collectively referred to as "**Amundson Defendants**").

**6.** MBK, LLC, a Nevada Limited Liability Company and Darryl Kabins (hereinafter all collectively referred to as "**Additional Kabins Entities**").

**7.** It is intended that this Agreement, including the waivers and releases contained herein, shall also include all past, present and future Managers (either individual and/or through any type of legal entity) of any entity related to any factual and/or legal matter contained herein (whether direct, indirect and/or tenuous), including, but not limited to Cipriani Management, LLC, Cipriani Land Holdings, LLC, Canamex Retail, LLC, GE III, LLC a/k/a GEIII, LLC, GC, LLC, Innovative Assets, LLC, Jeff Chain, Edward Gutzman III, Dana Corbo, John Moehrle, Ram Janga, DAB Properties, Inc., Cipriani, LLC, Cipriani Investments, LLC, Jeff and Linda Chain Family Trust, Benessere, LLC, Benessere Land Holdings, LLC, Benessere Management, LLC, Kristi Albertini, Robert S. Richardson, Frank DeAngelo, Modern Management, Inc., and each and every Member-Manager of Gila Bend 384, LLC, as well as any Manager(s) not specifically named herein (hereinafter all collectively referred to as "**Managers**")

**8.** It is intended that this Agreement, including the waivers and releases contained herein, shall include all counsel (either individually and/or in their capacity as legal counsel) for all parties to this Agreement, including the Settling Parties, relating in any manner whatsoever to (as defined below): the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations (hereinafter all referred to as "**Counsel**").

**9.** With regard to the Kabins Entities, Dr. Kabins, Lori, Family LLC, Kabins Parties, LLC Defendants, Holdings Entities, Additional Defendants, Amundson Defendants, Additional Kabins Entities, Managers and Counsel, said reference to each includes all of their (past, present and/or future) officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators.

The Settling Parties, as well as all other parties and/or entities referenced herein, wish to buy their peace and settle all pending and potential claims (including the vacating of any and all prior judgments) for damages or equity, and therefore, the Settling Parties, as well as all other parties and/or entities referenced herein, hereby agree, as follows:

**NOW, THEREFORE,** for good and valuable consideration and in consideration of the covenants and recitals contained herein, all parties to this Agreement, including all Settling Parties, as well as all other parties and/or entities referenced herein, further agree as follows:

\\\

\\\

## A.     **THE AGREEMENT**

This Global Release and Settlement Agreement is sometimes referred to herein as the "Agreement."

## B.     **THE LAWSUITS/JUDGMENTS/PENDING MATTERS**

### 1.     **Kabins' Parties Lawsuit**

On June 23, 2009, Kabins Entities filed a lawsuit in the United States District Court for the District of Nevada against the LLC Defendants and the Additional Defendants, bearing Case No.: 2:09-CV-1125-GMN-RCJ (hereinafter "**Kabins' Lawsuit**").

### 2.     **LLC Defendants' Counter-Claims, Cross-Claims and Third-Party Complaint**

The LLC Defendants have filed a Counter-Claim against Kabins Entities and a Third-Party Complaint against Dr. Kabins and Amundson Defendants in the Kabins' Lawsuit and have also filed Cross-Claims against all Additional Defendants (hereinafter all actions collectively referred to as the "**LLC Defendants' Lawsuits**") in the Kabins' Lawsuit.

**3.**     Edward Gutzman, III, an Individual; GEIII, LLC a/k/a GE, III, LLC, a Nevada Limited Liability Company; Benessere Management, LLC, a Nevada Limited Liability Company; and Cipriani Management, LLC, a Nevada Limited Liability Company, filed a Counter-Claim against Kabins Entities in the Kabins' Lawsuit (hereinafter all collectively referred to as "**Gutzman Counter-Claims**").

Edward Gutzman, III, an Individual; GEIII, LLC a/k/a GE III, LLC, a Nevada Limited Liability Company; and Cipriani Management, LLC, a Nevada Limited Liability Company filed Cross-Claims against Cipriani, LLC, a Nevada Limited Liability Company; Jeff Chain, Individually; Jeff and Linda Chain, as Trustees for the Jeff and Linda Chain Trust (hereinafter all collectively referred to as "**Gutzman Cross-Claims**").

**4.**     Kabins Entities have filed an Adversary Proceeding against Jeffrey Benton Chain and Linda Diane Chain, bearing Adversary Case No.: 10-01162-LBR, in the Linda Diane Chain Bankruptcy Case, bearing Case No.: BK-S-09-28929-LBR, and the Jeffrey Benton Chain Bankruptcy Case, bearing Case No.: BK-S-09-29820 (hereinafter all collectively referred to as "**Chain Bankruptcy**").

**5.**     Kabins Entities obtained a Default Judgment on or about June 22, 2011 against Millennium Construction, Inc. [*See* Docket No. 370: Case No.: 09-1125-GMN-RJJ] in the Kabins Lawsuit (hereinafter referred to as "**Default Judgment**").

      **6.**     Kabins Entities have previously filed a Motion for Leave to File a First Amended Complaint in the Kabins' Lawsuit seeking to add non-party, ALBERT D. MASSI (hereinafter "**Massi**"), as a party-defendant in the Kabins' Lawsuit and further allegations regarding an "Investment Partnership" (hereinafter "**Investment Partnership**") relating to the allegations contained in the Proposed First Amended Complaint (hereinafter all collectively referred to as "**Amended Complaint Allegations**"). The Court denied the Motion for Leave to File a First Amended Complaint and Kabins Entities have filed an Objection to the same. [*See* Docket Nos. 383, 495 and 514: Case No.: 09-1125-GMN-RJJ].

      **7.**     On March 29, 2011, Magistrate Judge Robert J. Johnston issued an Order granting attorney's fees and costs relating to the LLC Defendants' Motion to Compel. [*See* Docket No. 333: Case No.: 09-1125-GMN-RJJ]. These attorney's fees have been previously paid by Kabins Entities. Nothing in this Agreement in any way vacates Kabins Parties', including their counsels', prior obligation and subsequent payment of these attorney's fees and any reference in this Agreement to each party bearing their own attorney's fees and costs specifically excludes the attorney's fees provided for in the March 29, 2011 Order entered in the Kabins' Lawsuit. To the extent that there are pending matters before the District Court in the Kabins' Lawsuit, by any party thereto, relating to any attorney's fees applications, said pending matters are hereby waived and included within the reference in this Agreement to each party bearing their own attorney's fees and costs.

     **NOW, THEREFORE,** for good and valuable consideration and in consideration of the covenants and recitals contained herein, all parties to this Agreement, including all Settling Parties, as well as all other parties and/or entities referenced herein, further agree as follows:

    1.      **MUTUAL RELEASES OF ALL CLAIMS**

     A.      **Kabins Parties; and Additional Kabins' Entities - Waiver and Release**

     In consideration for the obligations and conditions set forth herein, receipt of which is hereby acknowledged, including all of the covenants, recitals and promises stated, Kabins Parties and Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori), including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators, do fully and forever waives, releases and forever discharges any and all actual claims, potential claims and/or theoretical claims against: (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6) Counsel and (7) Massi, including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals,

agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators from any and all losses, claims, demands, actions, causes of action or liability, whether vicarious or other than vicarious, whether known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable) that Kabins Parties and Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori) may or might have against them by reason of any damages or injuries, whatever, sustained by Kabins Parties and Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori) and occasioned directly, or indirectly, by any act or omission of: (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (7) Counsel; and (7) Massi (whether vicarious or other than vicarious), which are directly or indirectly related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership, Amended Complaint Allegations and/or any and all other losses, claims, demands, actions, causes of action or liability, whether vicarious or other than vicarious, whether known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable) relating to any matter unrelated to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations.

The (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6) Counsel; and (7) Massi, including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators are hereby released and discharged fully and completely from and against any and all liability, rights, claims, demands, actions, judgments, and/or causes of action, in law or in equity, statutory or common law, contractual or extra-contractual, known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable) past present or future, claimed or unclaimed, direct or indirect, fixed or contingent, liquidated or uncertain, latent or patent, assigned or unassigned, of any kind whatsoever, arising out of, or in any way related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations; whether such claims seek:

A.   Compensatory, personal injury, professional liability, property, insurance, emotional, consequential, pecuniary, general, special, economic, hedonic, estate, punitive, or exemplary damages;

B.   Attorneys' fees, expert fees, investigation fees, costs, or prejudgment or post-judgment interest insofar whether undertaken or not; and

C.  Any other measure or theory of damages actually or allegedly recoverable under law, contract, or equity, whether or not actually alleged in Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations and/or any of the subject issues referenced therein.

## B.  LLC Defendants; Additional Defendants; and Amundson Defendants - Waiver and Release

In consideration for the obligations and conditions set forth herein, receipt of which is hereby acknowledged, including all of the covenants, recitals and promises stated, (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6) Counsel; (6) Massi, including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators, do fully and forever waives, releases and forever discharges any and all actual claims, potential claims and/or theoretical claims against: Kabins Parties and Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori), including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators from any and all losses, claims, demands, actions, causes of action or liability, whether vicarious or other than vicarious, whether known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable), that (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6); Counsel; and (6) Massi may or might have against them by reason of any damages or injuries, whatever, sustained by (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6) Counsel; (7) and Massi and occasioned directly, or indirectly, by any act or omission of Kabins Parties and Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori) (whether vicarious or other than vicarious), which are directly or indirectly related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership, Amended Complaint Allegations and/or any and all other losses, claims, demands, actions, causes of action or liability, whether vicarious or other than vicarious, whether known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable), relating to any matter unrelated to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership

and Amended Complaint Allegations.

The Kabins Parties and Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori), including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators are hereby released and discharged fully and completely from and against any and all liability, rights, claims, demands, actions, judgments, and/or causes of action, in law or in equity, statutory or common law, contractual or extra-contractual, known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable), past present or future, claimed or unclaimed, direct or indirect, fixed or contingent, liquidated or uncertain, latent or patent, assigned or unassigned, of any kind whatsoever, arising out of, or in any way related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations; whether such claims seek:

      A.    Compensatory, personal injury, professional liability, property, insurance, emotional, consequential, pecuniary, general, special, economic, hedonic, estate, punitive, or exemplary damages;

      B.    Attorneys' fees, expert fees, investigation fees, costs, or prejudgment or post-judgment interest insofar whether undertaken or not; and

      C.    Any other measure or theory of damages actually or allegedly recoverable under law, contract, or equity, whether or not actually alleged in Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations and/or any of the subject issues referenced therein.

**C.**    **Additional Waivers and Releases**

In consideration for the obligations and conditions set forth herein, receipt of which is hereby acknowledged, including all of the covenants, recitals and promises stated, (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6) Counsel; (7) and Massi, including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal

representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators, do fully and forever waives, releases and forever discharges any and all actual claims, potential claims and/or theoretical claims against each other from any and all losses, claims, demands, actions, causes of action or liability, whether vicarious or other than vicarious, whether known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable), that each other may or might have against them by reason of any damages or injuries, whatever, sustained by each other and occasioned directly, or indirectly, by any act or omission of each other (whether vicarious or other than vicarious), which are directly or indirectly related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership, Amended Complaint Allegations and/or any and all other losses, claims, demands, actions, causes of action or liability, whether vicarious or other than vicarious, whether known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable), relating to any matter unrelated to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations.

The (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6) Counsel; and (7) Massi, including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators are hereby released and discharged fully and completely from and against any and all liability, rights, claims, demands, actions, judgments, and/or causes of action, in law or in equity, statutory or common law, contractual or extra-contractual, known or unknown, contribution and/or indemnity (whether contractual, implied and/or equitable), past present or future, claimed or unclaimed, direct or indirect, fixed or contingent, liquidated or uncertain, latent or patent, assigned or unassigned, of any kind whatsoever, arising out of, or in any way related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations; whether such claims seek:

A. Compensatory, personal injury, professional liability, property, insurance, emotional, consequential, pecuniary, general, special, economic, hedonic, estate, punitive, or exemplary damages;

B. Attorneys' fees, expert fees, investigation fees, costs, or prejudgment or post-judgment interest insofar whether undertaken or not; and

\\\

C.     Any other measure or theory of damages actually or allegedly recoverable under law, contract, or equity, whether or not actually alleged in Kabins' Lawsuit, the LLC Defendants' Lawsuit, the Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations and/or any of the subject issues referenced therein.

## 2.    DISMISSAL OF LAWSUITS AND PROCEEDINGS WITH PREJUDICE; VACATING PRIOR JUDGMENTS

As provided for herein, any and all lawsuits, proceedings, claims and/or causes of action pending between the parties to this Agreement and/or parties referenced in this Agreement, or included within this Agreement, including the Settling Parties, including all parties to any lawsuit, shall be dismissed with prejudice, with each party to bear their own attorney's fees and costs, which lawsuits, proceedings, claims and/or causes of action include, but are not limited to the following:

A.    Kabins' Lawsuit;

B.    LLC Defendants' Lawsuit;

C.    Gutzman Counter-Claims;

D.    Gutzman Cross-Claims;

E.    Chain Bankruptcy (Adversary Proceedings);

F.    Default Judgment; and

G.    Amended Complaint Allegations, including withdrawing both the Motion for Leave to File First Amended Complaint with prejudice and the Objection to the Denial to the Motion for Leave to File a First Amended Complaint with prejudice. [*See* Docket Nos. 383, 495 and 514].

H.    The withdrawing with prejudice of all pending Objections filed by Kabins' Entities and/or Dr. Kabins in the Kabins' Lawsuit.

With regard to the Chain Bankruptcy, Kabins Parties (including as applicable Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori), mutually agree to withdraw any and all objections to dischargeability relating to the Chain Bankruptcy, i.e. the dismissal with prejudice of the Adversary Proceeding(s) filed in the Chain Bankruptcy, including the execution of any and all documents necessary to effectuate the complete dismissal

(including vacating) any and all of the hearings, motions, prior orders relating to any and all such Adversary Proceeding(s), relating to the bankruptcies filed by Jeffrey Benton Chain and Linda Diane Chain.

With regard to the Default Judgment, Kabins Parties (including as applicable Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori), mutually agree to vacate and set aside the Default Judgment, as well as dismiss with prejudice Millennium Construction, Inc. from Kabins' Lawsuit as provided for herein.

All parties to this Agreement, including Settling Parties, including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators, agree to execute any and all paperwork, pleadings and/or documents in order to effectuate all releases and dismissals contained herein at their sole cost and expense.

### 3. **DENIAL OF LIABILITY**

All parties, including the Settling Parties, to this Agreement understand and agree that all claims and defenses asserted in connection with the factual basis of these matters are disputed, and each party hereto agrees that this Agreement shall never be treated or characterized as an admission of liability or responsibility at any time or in any manner whatsoever.

### 4. **FUTURE AND UNKNOWN CLAIMS RELEASED**.

All parties, including the Settling Parties, to this Agreement, including all of their officers, agents, employees and representatives, together with all of their past, present and future affiliates, subsidiaries, corporations, companies, trusts, predecessors, successors, related entities, assigns, spouses, children, officers, directors, members, managers, principals, agents, servants, attorneys, legal representatives, employees, insurers and their claims administrators, guarantors, indemnitors, heirs, executors, and administrators acknowledges that there may arise in the future, injuries or damages of which he, she or it is not presently aware, and intends this Agreement to release all parties, including Settling Parties, to this Agreement as to all rights in any way connected with any such injuries or damages which may become known in the future arising out of, or in any way related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations.

\\\

\\\

## 5.   NO REPRESENTATIONS MADE

No representation of any kind concerning any subject has been made by or on behalf of the (1) LLC Defendants; (2) Holding Entities; (3) Additional Defendants; (4) Amundson Defendants; (5) Managers; (6) Counsel; and (7) Massi which has in any way influenced either Kabins Parties and Additional Kabins Entities (which includes Kabins Entities, Family LLC, Dr. Kabins and Lori) to enter into this Agreement.

## 6.   RELIANCE ON OWN COUNSEL

In entering into this Agreement, all parties, including Settling Parties, each represent that she/he/it is represented by his/her/its own attorney(s) (or has declined such legal representation) and that each has knowingly and voluntarily entered into this Agreement by his/her/its own choice, that the terms of the Agreement have been completely read, and that each understands and voluntarily accepts those terms.

## 7.   UNDERSTANDING OF SETTLEMENT AGREEMENT

In entering into the Agreement, all parties, including Settling Parties, each affirm and acknowledge that they have read this Agreement and have been given the opportunity to have it fully explained by counsel of choice, that they fully understand and appreciate the words and terms used in this Agreement, as well as the effect of those words and terms, and further understand that this is a final compromise, release, and settlement of the matters released herein.

Each party, including the Settling Parties, or its, his or her attorney, has carefully and fully reviewed this Agreement and has revised, or has had the opportunity to revise, this Agreement. Accordingly, the normal rules of construction, to the effect that any ambiguities are to be resolved against the drafting party, shall not be utilized in the interpretation of this Agreement.

## 8.   ENTIRE AGREEMENT

This Agreement constitutes the entire agreement between the parties with reference to the subject matters hereof, and all previous negotiations and understandings between the parties are merged into this Agreement. In entering into this Agreement, no party has relied upon any statement, representation or agreement made by any other party to this Agreement or made by anyone else, other than the statements, representations, and agreements expressly set forth herein.

## 9.   ATTORNEY'S FEES AND COSTS

Except as provided for herein, all parties, including the Settling Parties, to this Agreement, shall be solely responsible for any and all of its own legal fees, expert fees and other costs and expenses incurred in these matters, including but not limited to any and all attorney's

fees and expenses incurred in connection with Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations and the settlement and the drafting and execution of this Agreement.

If any litigation or other action is commenced to enforce the terms of this Agreement, the prevailing party (in addition to any other award) is entitled to an award of all of the prevailing party's expenses related to such action, including but not limited to its reasonable attorney fees and costs, whether or not such litigation or other action proceeds to any court order, judgment or other finding by a tribunal.

## 10.   WARRANTY

All parties, including Settling Parties, to this Agreement each hereby warrants and covenants that he/she is over the legal age of majority in the State of Nevada, and in the State where the Agreement is executed if other than Nevada, that he/she/it (or his/her trust) is the only person or entity entitled to execute this Agreement. All parties, including the Settling Parties, declares and represents that s/he/it is competent to execute this Agreement.

## 11.   AUTHORITY TO EXECUTE

All parties, including the Settling Parties, to this Agreement represent and warrant that they have the sole right and exclusive authority to execute this Agreement and receive the consideration therefor, and that no party has sold, assigned, transferred, conveyed or purported to sell, assign, transfer or convey, or otherwise disposed of, any claim or demand relating to any matter covered by this Agreement. Further, each party hereto acknowledges that the individual(s) who execute this Agreement on behalf of said party have the authority and power to do so.

## 12.   BINDING OTHERS

All parties, including the Settling Parties, to this Agreement each hereby binds him/herself/itself, his/her guardian(s), attorney(s), legal representative(s), successor(s), principal(s), heir(s), administrator(s), executor(s), assignee(s) and personal representative(s) to this Agreement and to each of its terms and conditions all things necessary to fully effectuate the terms of this Agreement.

## 13.   POST-EXECUTION SURVIVAL

All representations, warranties, agreements, and promises made in this Agreement which are contained herein shall survive the execution of this Agreement.

\\\

All parties to this Agreement agree to execute any and all documents necessary to effectuate the terms, conditions, purposes, and aims of this Agreement.

## 14.  EXECUTION IN PARTS/COUNTERPARTS

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one and the same instrument. A facsimile signature shall be valid for all purposes as an original.

## 15.  AMENDMENTS, MODIFICATIONS, ADDENDUMS AND REVISIONS

No amendment, modification, addendum, or revision of this Agreement shall be valid, unless it is in writing and signed by all of the parties to this Agreement, in which event there need be no separate consideration therefor.

## 16.  WAIVER

No waiver or indulgence of any breach or series of breaches of this Agreement shall be deemed or construed as a waiver of any other breach of the same or any other provision hereof or affect the enforceability of any part or all of this Agreement, and no waiver shall be valid, unless executed in writing by the waiving party.

## 17.  NO ASSIGNMENT OF CLAIMS

All parties to this Agreement, including the Settling Parties, each represents, warrants, and agrees that he/she/it is the lawful owner of the right, title, and interest in and to every claim, cause of action and/or matter released herein and he/she/it has not assigned or transferred, nor purported to or attempted to assign or transfer, to any person or entity any claim, cause of action and/or other matter released herein. Each also warrants that he/she/it will not in the future assign or transfer any claim or other matter released herein and will defend, indemnify, and hold each other harmless from any and all claims arising out of or relating to any assignment or transfer, and/or any purported or attempted assignment or transfer contrary to the terms of this paragraph.

## 18.  PARTIAL INVALIDITY

In the event that any provision of this Agreement shall in any respect be declared invalid, illegal, or unenforceable, such invalidity, illegality or unenforceability shall not effect any other term or condition of the Agreement, and the Agreement shall be interpreted as though such invalid, illegal or unenforceable term or condition was not a part hereof.

\\\

\\\

19.     **OTHER ACTIONS, SUITS, PROCEEDINGS OR CLAIMS**

All parties to the Agreement, including the Settling Parties, each agree he/she/it has not and will not commence, maintain, initiate or prosecute, or cause, encourage, assist, advise, or cooperate with any other person or entity to commence, maintain, initiate or prosecute, any action, suit, proceeding, or claim before any court, administrative, or quasi-legal body or agency (whether state, federal, private, or otherwise), against any party(ies) to this Agreement, including the Settling Parties, or any of them, from, concerned with, or otherwise related to the Kabins' Lawsuit, the LLC Defendants' Lawsuit, Gutzman Counter-Claims, Gutzman Cross-Claims, Chain Bankruptcy, Default Judgment, Investment Partnership and Amended Complaint Allegations, except as to enforce the terms of this Agreement.

20.     **LAWS OF NEVADA APPLY**

The laws of the State of Nevada govern the terms and enforceability of this Agreement. Any and all actions to enforce this Agreement shall be brought solely in the County of Clark, Nevada.

*EACH OF THE UNDERSIGNED HAS READ THIS AGREEMENT IN ITS ENTIRETY, AND UNDERSTANDS IT. EACH SIGNS IT VOLUNTARILY, BEING FULLY ADVISED IN THE PREMISES BY HIS/HER/IT'S OWN ATTORNEYS.*

_____         11/21/12
MARK B. KABINS, M.D.                     Date

_____         11/21/12
MARK B. KABINS, M.D., as Member of       Date
GILA BEND 384, LLC

_____         11-21-12
LORI C. KABINS                           Date

_____         11/21/12
KABINS FAMILY LIMITED PARTNERSHIP        Date
By: _Mark B Kabins_
    Print Name/Title    Partner

\\\

Page 14 of 22

_____     _11-21-12_____
LORI C. KABINS SEPARATE PROPERTY TRUST     Date
By: _LORI KABINS_ Trustee
Print Name/Title

_____     _11/21/12_____
THE KABINS FAMILY, LLC     Date
By: _Mark B Kabins_
Print Name/Title   Member

_____     _11/21/12_____
MBK, LLC   Mark B Kabins   Member     Date
By: _Mark B Kabins_
Print Name/Title

_____     _11/27/12_____
BENESSERE, LLC     Date
By: _John Moehrle / Manager_
Print Name/Title

_____     _11/23/12_____
CIPRIANI, LLC     Date
By: _Dana Corbo / Manager_
Print Name/Title

_____     _11/23/12_____
GILA BEND 384, LLC     Date
By: _Betty Corbo, Trustee_
Print Name/Title

_____     _11-27-12_____
GILA BEND 384, LLC     Date
By: _Janine Gutzman (managing member)_
Print Name/Title

_____     _1/28/12_____
GILA BEND 384, LLC     Date
By: _Robert Anzjek (managing member)_
Print Name/Title

_____            _____
GILA BEND 384, LLC                          Date  11/28/12
By: _Albert D. MASSI_ _managing member_
    Print Name/Title


_____            _____
GILA BEND 384, LLC                          Date
By: _____
    Print Name/Title


_____            _____
GILA BEND 384, LLC                          Date  11/28/2012
By: _James D. Massi_ _managing member_
    Print Name/Title


_____            _____
GILA BEND 384, LLC                          Date  11-28-12
By: _ALLEN A. CAP_
    Print Name/Title  _Managing member_


_____            _____
BUCKEYE 80 WEST THREE, LLC                  Date  11/27/2012
By: _RAM JANGA, Manager_
    Print Name/Title


_____            _____
BUCKEYE CANAMEX 77 ONE, LLC                 Date  11/27/12
By: _John Moehrle/MANAGER_
    Print Name/Title


_____            _____
BENESSERE LAND HOLDINGS, LLC                Date  11/27/12
By: _John Moehrle/MANAGER_
    Print Name/Title


\\\

\\\

_____     11/27/2012
CIPRIANI LAND HOLDINGS, LLC          Date
By: RAM JANDA, Manager
       Print Name/Title

_____     11/27/12
BENESSERE MANAGEMENT, LLC            Date
By: John MOEHRLE/MANAGER
       Print Name/Title

_____     11/23/12
CIPRIANI MANAGEMENT, LLC             Date
By: DANA CORSO/ MANAGER
       Print Name/Title

_____     11/26/12
3900, LLC                            Date
By: JEFF CHAIN, '63
       Print Name/Title

_____     11/27/12
99th & INDIAN SCHOOL, LLC            Date
By: Gabriel Martinez /mngr
       Print Name/Title

_____     11/27/12
99th & INDIAN SCHOOL MANAGEMENT, LLC   Date
By: Gabriel Martinez /mngr
       Print Name/Title

_____     11-28-12
TODD W. BERGMAN                      Date

_____     11-28-12
T.W.B. ENTERPRISES, INC.             Date
By: TODD W. Bergman president
       Print Name/Title

CAPRI I, LLC                                          11/27/12
By: Gabriel Martinez / mngr                          Date
Print Name/Title

CAPRI II, LLC                                         11/27/12
By: Gabriel Martinez / mngr                          Date
Print Name/Title

JEFF CHAIN                                            11/26/12
                                                     Date

LINDA CHAIN                                           11-27-12
                                                     Date

JEFF AND LINDA CHAIN, AS TRUSTEES                    11/26/12
OF THE JEFF & LINDA CHAIN FAMILY TRUST               Date
By: JEFF CHAIN, TRUSTEE
Print Name/Title

THE JEFF & LINDA CHAIN FAMILY TRUST                  11/26/12
By: JEFF CHAIN, TRUSTEE                              Date
Print Name/Title

COTTONWOOD RETAIL, LLC                               11/26/12
J. Matthew Kamins By: JEFF CHAIN, MANAGER            Date
Manager          Print Name/Title

GEIII, LLC a/k/a/ GE III, LLC  MANAGER               11/27/12
By: EDWARD GUTZMAN                                   Date
Print Name/Title

Page 18 of 22

_____     _____
EDWARD GUTZMAN III                          Date   11/27/12

_____     _____
INNOVATIVE ASSETS, LLC                      Date   11-26-12
By: JEFF CHREN as MANAGER
    Print Name/Title

_____     _____
J. MATTHEW KAMMEYER                         Date   11-28-12

_____     _____
KAN INVESTMENTS, LLC                        Date
By:_____
    Print Name/Title

X _____   _____
GABRIEL MARTINEZ, ESQ.                       Date   11/27/12

_____     _____
MICHAEL'S PLAZA, LLC                        Date   11-26-12
By: JEFF CHREN, as MANAGER
    Print Name/Title

_____     _____
MILLENNIUM CONSTRUCTION, INC. d/b/a MCI     Date   11-26-12
By: JEFF CHREN, as MANAGER
    Print Name/Title

_____     _____
MILLENNIUM COMMERCIAL PROPERTIES, LLC       Date   11-26-12
By: JEFF CHREN, as MANAGER
    Print Name/Title

\\\

_____        _____
MILLENNIUM PROPERTIES &                 Date
DEVELOPMENT, INC.
By: _JEFF CHAIN  (V0)_
    Print Name/Title

_____        _____
MODERN MANAGEMENT, INC.                 Date
By: _JEFF CHAIN as authorized_
    Print Name/Title

_____        _____
PHOENIX 83rd, LLC                       Date
By: _Gabriel Martinez /mgr_
    Print Name/Title

_____        _____
ALLYN F. POVILAITIS a/k/a ALLYN F.      Date
POVILATIS

_____        _____
RCRE, LLC                               Date
By: _JEFF CH.AIN  as m.Aurige_
    Print Name/Title

_____        _____
JAMES D. MAIN                           Date

_____        _____
MAIN AMUNDSON & ASSOCIATES, LLC         Date
By: _James Main, Manager_
    Print Name/Title

_____        _____
CANAMEX RETAIL, LLC                     Date
By: _JEFF CHAIN, as manager_
    Print Name/Title

_____

CO, LLC

By: _JEFF CHAIN, as Manager_

      Print Name/Title

_11-20-12_
Date

_____

DANA CORBO, Individually

_11/23/12_
Date

_____

JOHN MOEHRLE, Individually

_11/27/12_
Date

_____

RAM JANGA, Individually

_11/27/2012_
Date

_____

DAB PROPERTIES, INC.

By: _DANA CORBO   PRESIDENT_

      Print Name/Title

_11/23/12_
Date

_____

ALBERT MASSI, Individually

_11/28/12_
Date

_____

CIPRIANI INVESTMENTS, LLC

By: _RAM JANGA/ Manager_

      Print Name/Title

_11/27/2012_
Date

     This GLOBAL RELEASE AND SETTLEMENT AGREEMENT is approved as to form and content by the following counsel:

_____

STEVEN GIBSON, ESQ.

_11/21/2012_
Date

_____

WILLIAM K. SKAGGS, ESQ.

_11/27/2012_
Date

_____          __11/27/12__
BARBARA JOHNSTON, ESQ.                    Date

_____          __11-27-12__
LISA ZASTROW, ESQ.                        Date

_____          __11/28/12__
MARIO LOVATO, ESQ.                        Date

_____          __11/28/12__
MATTHEW JOHNSON, ESQ.                     Date

_____          __11/28/12__
ALBERT D. MASSI, ESQ.                     Date

CAPRI I, LLC          Date
By:_____ . _____
     Print Name/Title


CAPRI II, LLC         Date
By:_____ _____
     Print Name/Title


JEFF CHAIN         Date


LINDA CHAIN         Date


JEFF AND LINDA CHAIN, AS TRUSTEES    Date
OF THE JEFF & LINDA CHAIN FAMILY TRUST
By:
     Print Name/Title


THE JEFF & LINDA CHAIN FAMILY TRUST    Date
By:_____ _____
     Print Name/Title


COTTONWOOD RETAIL, LLC     11/26/12
By: ALLYN POVILAITIS /MANAGER  Date
     Print Name/Title


GEIII, LLC a/k/a/ GE, III, LLC     Date
By:_____ _____
     Print Name/Title

EDWARD GUTZMAN III                                      Date

INNOVATIVE ASSETS, LLC                                  Date
By: _____
        Print Name/Title

J. MATTHEW KAMMEYER                                     Date

KAN INVESTMENTS, LLC                                    11/26/12
By: _ALLYN POVILAITIS / MANAGER_                        Date
        Print Name/Title

GABRIEL MARTINEZ, ESQ.                                  Date

MICHAEL'S PLAZA, LLC                                    Date
By: _____
        Print Name/Title

MILLENNIUM CONSTRUCTION, INC. d/b/a MCI                 Date
By: _____
        Print Name/Title

MILLENNIUM COMMERCIAL PROPERTIES, LLC                  Date
By: _____
        Print Name/Title

MILLENNIUM PROPERTIES &
DEVELOPMENT, INC.
By:
     Print Name/Title

Date

MODERN MANAGEMENT, INC.
By:
     Print Name/Title

Date

PHOENIX 83rd, LLC
By:
     Print Name/Title

Date

ALLYN F. POVILATIS a/k/a ALLYN F.
POVILATIS

11/26/12
Date

ACRE, LLC
By:
     Print Name/Title

Date

JAMES D. MAIN

Date

MAIN AMUNDSON & ASSOCIATES, LLC
By:
     Print Name/Title

Date

CANAMEX RETAIL, LLC
By:
     Print Name/Title

Date

Page 20 of 22



7201 WEST LAKE MEAD BOULEVARD, SUITE 503
LAS VEGAS, NV 89128-8350
TELEPHONE: (702) 541-7888
FACSIMILE: (702) 541-7899
http://www.dickinsonwright.com

STEVEN A. GIBSON
SGIBSON@DICKINSONWRIGHT.COM
(702) 541-8200

November 21, 2012

**VIA HAND DELIVERY**

Jonathan M. A. Salls, Esq.
Dickinson Wright PLLC
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada  89128

>    *Re:*    *Kabins Family Limited Partnership et al. v. Chain Consortium et al.*
>             *USDC-District of Nevada Case No. 2:09-CV-1125-GMN-RJJ*

Dear Mr. Salls:

This correspondence confirms that I authorize you to sign on my behalf the Global Release and Settlement Agreement with respect to the above-mentioned case.  I further authorize you to show this letter to anyone requesting to view same.

Sincerely,

Steven A. Gibson, Esq.

SAG:JMS